Kevin T. Snider, CA State Bar No. 170988
*Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
mmcreynolds@pji.org;
mmatchak@pji.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERAMIAH COOPER, RONALD FREEMAN II, ADRIAN GILBERT, SILVERIO GONZALEZ, SERGII GRINCHENKO, LARON JOHNSON, JIM LASOVICH, RAYMOND LOCKETT, MICHAEL MANZANO, TERESA OWENS, ROSALIND PARKER, RYAN RIVERA, ALBERT ROTH, JIM SCULLION, SC SUN, NICK TAYLOR and DAROLYN TURNER<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is a complaint for employment discrimination brought by employees holding religious convictions against the SARS-CoV-2 (COVID-19) vaccine. Two hundred and four (204) employees requested medical or religious exemptions from their employer, San Francisco Bay Area Rapid Transit District (BART), from COVID-19 vaccination. One in three employees requesting medical exemptions were granted an accommodation. Of the 179 religious objector employees, not one received an accommodation. Exclusion of religious people from the enjoyment of a right stands in violation of the First Amendment's religion clauses and federal and state anti-discrimination in employment laws.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the U.S. Constitution and laws of the United States. This action presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4). The Court also has jurisdiction under 42 U.S.C. § 2000-e5(f)(3). Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threated to occur in this jurisdictional district and division. The Defendant's principal place of business is in this district.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-02, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

## PARTIES

### Plaintiffs

4. Plaintiff, JERAMIAH COOPER, was employed by BART as a Quality Team Leader. COOPER has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. COOPER submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA). COOPER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. COOPER declined to be vaccinated and was thus fired. COOPER has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the EEOC

notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

5. Plaintiff, RONALD FREEMAN II, was employed by BART as an Operations Supervisor Liaison. FREEMAN has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. FREEMAN submitted a written request for a religious accommodation under Title VII and FEHA. FREEMAN utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. FREEMAN declined to be vaccinated and was thus fired. FREEMAN has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

6. Plaintiff, ADRIAN GILBERT, was employed by BART as a Train Operator. GILBERT has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. GILBERT submitted a written request for a

religious accommodation under Title VII and FEHA. GILBERT utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. GILBERT declined to be vaccinated and was thus fired. GILBERT has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

7. Plaintiff, SILVERIO GONZALEZ, was employed by BART as a Transportation Supervisor. GONZALEZ has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. GONZALEZ submitted a written request for a religious accommodation under Title VII and FEHA. GONZALEZ utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are

sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. GONZALEZ declined to be vaccinated and was thus fired. GONZALEZ has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

8. Plaintiff, SERGII GRINCHENKO, was employed by BART as an Elevator/Escalator Worker. GRINCHENKO, has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. GRINCHENKO, submitted a written request for a religious accommodation under Title VII and FEHA. GRINCHENKO, utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated November 23, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. GRINCHENKO

declined to be vaccinated and was forced to resign. GRINCHENKO, has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

9. Plaintiff, LARON JOHNSON, was employed by BART as a Train Control Electronic Technician. JOHNSON has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. JOHNSON submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA). JOHNSON utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 15, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. JOHNSON, declined to be vaccinated and was thus fired. JOHNSON has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the EEOC notice, along with those of the other Plaintiffs,

accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3. JOHNSON sues on behalf of himself and is the sixth Plaintiff to this action.

10. Plaintiff, JIM LASOVICH, was employed by BART as an Operations Supervisor Liaison. LASOVICH has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. LASOVICH submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA). LASOVICH utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated November 23, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. LASOVICH declined to be vaccinated and was thus fired. LASOVICH has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

11. Plaintiff, RAYMOND LOCKETT, was employed by BART as an Operation Liaison Supervisor. LOCKETT has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. LOCKETT submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA). LOCKETT utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. LOCKETT declined to be vaccinated and was thus fired. LOCKETT has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

12. Plaintiff, MICHAEL MANZANO, was employed by BART as a Police Officer. MANZANO has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating her faith. MANZANO submitted a written

request for a religious accommodation under Title VII and FEHA. MANZANO utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. MANZANO declined to be vaccinated and was thus fired. MANZANO has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

13. Plaintiff, TERESA OWENS, was employed by BART as a Station Agent. OWENS has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. OWENS submitted a written request for a religious accommodation under Title VII and FEHA. OWENS utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. Her beliefs are sincerely held. BART

granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. OWENS declined to be vaccinated and was thus fired. OWENS has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

14. Plaintiff, ROSALIND PARKER, was employed by BART as a Customer Service Clerk IV. PARKER has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. PARKER submitted a written request for a religious accommodation under Title VII and FEHA. PARKER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. Her beliefs are sincerely held. BART granted the exemption, but in a letter dated December 20, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. PARKER declined to be vaccinated and was thus fired. PARKER

has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

15. Plaintiff, RYAN RIVERA, was employed by BART as a Storekeeper-Procurement. RIVERA has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. RIVERA submitted a written request for a religious accommodation under Title VII and FEHA. RIVERA utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. RIVERA declined to be vaccinated and was thus fired. RIVERA has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

16. Plaintiff, ALBERT ROTH, was employed by BART as an Automatic Fare Collection Foreman. ROTH has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. ROTH submitted a written request for a religious accommodation under Title VII and FEHA. ROTH utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated November 24, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. ROTH declined to be vaccinated and was thus fired. ROTH has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

17. Plaintiff, JIM SCULLION, was employed by BART as a Train Control Electronic Technician and Instructor. SCULLION has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. SCULLION submitted a written request for a religious accommodation under Title VII and FEHA. SCULLION utilized

BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. SCULLION declined to be vaccinated and was thus fired. SCULLION has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

18. Plaintiff, SC SUN, was employed by BART as a Computer Electronic Technician. SUN has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. SUN submitted a written request for a religious accommodation under Title VII and FEHA. SUN utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated December 20,

2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. SUN declined to be vaccinated and was thus fired. SUN has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

19. Plaintiff, NICK TAYLOR, was employed by BART as a Tool Room Attendant. TAYLOR has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. TAYLOR submitted a written request for a religious accommodation under Title VII and FEHA. TAYLOR utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. His beliefs are sincerely held. BART granted the exemption, but in a letter dated November 24, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. TAYLOR declined to be vaccinated and was thus fired. TAYLOR has exhausted administrative remedies and has received a notice

of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

20. Plaintiff, DAROLYN TURNER was employed by BART as a Train Operator. TURNER has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith. TURNER submitted a written request for a religious accommodation under Title VII and FEHA. TURNER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1. Her beliefs are sincerely held. BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2. TURNER declined to be vaccinated and was thus fired. TURNER has exhausted administrative remedies and has received a notice of right to sue from the EEOC. A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

**Defendant**

21. Defendant, SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, was established as a special district in 1957

and is a heavy-rail public transit system that connects the San Francisco Peninsula with communities in the East Bay and South Bay. BART began service in 1972.

22. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendant by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendant is in some way responsible for, or participated in or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## FACTS

23. On October 14, 2021, BART issued a COVID-19 Vaccination Policy requiring all employees to be fully vaccinated as a condition of employment.

24. Per the requirements of state and federal anti-discrimination in employment laws, BART employees were given an opportunity to request either a medical or religious exemption to COVID-19 vaccination. If an exemption was granted, then BART determined whether to provide a reasonable accommodation.

25. Between October 14, 2021, and February 16, 2022, 204 BART employees requested either religious or medical exemptions to COVID-19 vaccination. A true and correct copy of

the table showing the number of employees seeking exemptions and the results of said requests accompanies this Complaint, is incorporated in full, and is marked as Exhibit 4.

26. Of those, 25 employees requested medical exemptions to COVID-19 vaccination. One in three employees requesting a medical exemption were given an accommodation by BART. *See* Exhibit 4.

27. Approximately 179 employees submitted requests to be exempted from COVID-19 vaccination due to their sincerely held religious beliefs. Seventy of these employees were granted a religious **exemption**. However, 109 employees' requests for religious exemption were denied. *Id*.

28. Of the 70 remaining employees granted a religious exemption, not one employee with faith-based convictions against COVID-19 vaccination was given a religious **accommodation**. No matter what any religious employee suggested as an accommodation, it was never good enough.

29. The named Plaintiffs have each submitted a written request for a religious accommodation in order to be exempted from COVID-19 vaccination. They affirmatively assert that their religious convictions against taking the COVID-19 vaccination are sincerely held.

30. Generally, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances. BART has turned this standard on its head. Instead, BART

instituted a detailed probe into the sincerity of the faith of its employees in which 61 percent received a failing grade.

31. BART utilized an interviewer question template entitled *Religious Exemption Interviews* (*Question Template*). A true and correct copy of the *Question Template* accompanies this Complaint and is incorporated in full and marked as Exhibit 5.

32. The *Question Template* began with four boxes for the interviewer which appeared as follows:

> EEOC factors:
> ☐ The reasons cited in support of the request were primarily for secular/non-religious reasons.
> ☐ A clear nexus between the request and the stated religious beliefs was not established.
> ☐ Evidence of behaviors inconsistent with adherence to the stated beliefs exists.
> ☐ The timing of your request as it relates to adoption of the stated beliefs. *Id.*

33. The interviewer then asks the employee five questions:

> 1. Can you just tell us briefly about your sincerely held belief?
> 2. Can you tell us in your own words why taking COVID-19 vaccine is contrary to your religious belief?
> 3. What do you think will happen to you if you take the COVID-19 vaccine?
> 4. Can you provide us other examples of how this religious belief is demonstrated in other aspects of your life?
> 5. You refuse to take the COVID-19 vaccine because of the alleged use of aborted fetal cells in the creation of the vaccine. Research on this topic has revealed some cosmetic and over-the-counter medicines may use the same process as the COVID-19 vaccine. Are you aware of this?

> Tell me how else you demonstrate the same pre-cautions in your life. *Id.*

34. The third question, which asks, "What do you think will happen to you if you take the COVID-19 vaccine," is, charitably, ambiguous at best and possibly calculated to mislead the employee. Does this interrogatory seek to elicit an answer based in doctrine or theology? By way of examples, "I will have a guilty conscience." "I will be committing a sin." "I will deny my faith." "I will spend eternity in hell." On the other hand, is the question seeking a social, emotional, or physical response? Consider these examples. "My wife will divorce me as a coward without principle." "I'll lose my bodily autonomy." "I'll get sick or die." The employee has little or no idea which direction will lead to a denial or approval.

35. The protocol and standardized forms used by HR evaluators comprise a detailed, individualized assessment, giving broad discretion to an evaluator.

36. The evaluators use a document entitled RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination). A true and correct copy of the RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination) accompanies this Complaint and is incorporated in full and marked as Exhibit 6. The form has evaluators engage in an individualized assessment in which they ask the following questions:

- "Is there evidence that the employee has acted in a way that is inconsistent with the claimed belief."

- "Is there evidence the employee is seeking a benefit or an exception that is likely to be sought for nonreligious reasons?"
- "Is the timing of the request considered questionable?"
- "Is there evidence the employee may be seeking the benefit for secular reasons?"

37. After denying every request for an accommodation coming from a religious objector to the vaccination, BART gave these employees an ultimatum:

- Comply with the vaccination mandate;
- Retire if qualified;
- Resign;
- Do nothing and be terminated. *See* Exhibit 2.

38. The ultimatum required the Plaintiffs to choose between their employment and their faith. Unless an employee was vaccinated, the employee was either forced into early retirement, constructively discharged by forced resignation, or simply terminated.

*Centers for Disease Control Statements*

39. In a published statement, the federal Centers for Disease Control and Prevention (CDC) stated that the Delta variant resulted in similarly high COVID-19 viral loads in vaccinated and unvaccinated people.[1] CDC Director Rochelle Walensky has confirmed that COVID-19-positive individuals carry

[1] Statement from CDC Director Rochelle P. Walensky issued on July 30, 2021, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html.

the same "viral load" (equivalent to the risk of spreading infection) whether they are vaccinated or unvaccinated.[2]

40. The CDC Director's statement was based on a study in the summer of 2021 which tested vaccinated and unvaccinated persons and found that "[c]ycle threshold values [COVID-19 viral loads] were similar among specimens from patients who were fully vaccinated and those who were not."[3]

41. Later studies have found that the viral load associated with COVID-19 variants such as Omicron also does not vary based upon vaccination status: "[F]ully vaccinated individuals with breakthrough infections have peak viral load similar to unvaccinated cases and can efficiently transmit infection in household settings, including to fully vaccinated contacts."[4]

---

[2] *Id.*

[3] "Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings — Barnstable County, Massachusetts, July 2021," *Morbidity and Mortality Weekly Report, CDC* (July 30, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7031e2.htm?s_cid=mm7031e2_w.

[4] Anika Singanayagam, et al., *Community transmission and viral load kinetics of the SARS-CoV-2 delta (B.1.617.2) variant in vaccinated and unvaccinated individuals in the UK: a prospective, longitudinal, cohort study*, p. 183 The Lancet Infectious Diseases (October 28, 2021) https://www.thelancet.com/action/showPdf?pii=S1473-3099%2821%2900648-4 See, also, David W. Eyre, B.M., B.Ch., D.Phil. et al., *Effect of Covid-19 Vaccination on Transmission of Alpha and Delta Variants*, New England J. Med 386:744-756 (Feb. 24, 2022), https://www.nejm.org/doi/full/10.1056/NEJMoa2116597.

42. In another official statement, the CDC has confirmed those studies and stated that it expects that anyone with an Omicron infection, regardless of vaccination status or whether or not they have symptoms, can spread the virus to others.[5]

43. Because the viral loads are no different for the vaccinated and the unvaccinated, BART's position that the unvaccinated pose a danger to themselves, coworkers, and the public, but that the vaccinated do not pose this danger, is not consistent with the above-cited statements from the CDC.

44. The CDC spokesperson, Greta Massetti, stated that immunity for the population is now around 95 percent when combining those who have contracted and recovered from COVID-19 with those that have been vaccinated. As such, "it makes the most sense not to differentiate" between the vaccinated and unvaccinated.[6]

## FIRST CAUSE OF ACTION

**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**

**Violation of Title VII of the Civil Rights Act of 1964**

All Plaintiffs Against All Government Defendants

(42 U.S.C. § 2000e)

---

[5] "Omicron Variant: What You Need to Know," *CDC* (March 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.

[6] "With new guidance, CDC ends test-to-stay for schools and relaxes COVID rules" NPR (Aug. 11, 2022), https://www.npr.org/sections/health-shots/2022/08/11/1116991600/with-new-guidance-cdc-ends-test-to-stay-for-schools-and-relaxes-covid-rules.

45. Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

46. At all times relevant hereto, Title VII was in full force and effect and was binding on BART.

47. At all times relevant hereto, the Plaintiffs were performing competently in the positions they held as employees of BART.

48. Plaintiffs have bona fide religious beliefs that conflict with receiving the COVID-19 vaccination; they have informed their employer of such beliefs. The Plaintiffs were disciplined for failure to comply with the conflicting employment requirement.

49. Title VII makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee.

50. BART failed to provide reasonable alternative means of accommodating the religious belief or observance that was in conflict with the COVID-19 vaccination work requirement.

51. BART granted medical accommodations to vaccination but not a single religious accommodation. Stated otherwise, religious persons as a class were excluded from accommodation.

52. An unvaccinated employee exempted for medical reasons poses precisely the same threat as an unvaccinated employee exempted for religious reasons.

53. There is a dispute between the Plaintiffs and Defendant. BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiffs to provide an objective

basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree. Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul. Belief in what one may demonstrate to the senses is not faith. Plaintiffs assert that Title VII presumes sincerity of belief by an employee, and therefore BART's standardized practice of a rigorous inquisition is an unlawful standard. The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

## SECOND CAUSE OF ACTION

**RELIGION CLAUSES**

**First Amendment to the U.S. Constitution**

All Plaintiffs Against All Government Defendants

(42 U.S.C. § 1983)

54. The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

55. The right to free exercise of religion is a right protected and guaranteed by the First Amendment of the U.S. Constitution. The liberties under the First Amendment apply to the states and their political subdivisions through the Fourteenth Amendment.

56. The actions of BART have been, and continue to be, done under color of law.

57. The Plaintiffs have sincerely held religious beliefs that compel them to refuse the COVID-19 vaccine.

58. There are two ways that BART has violated the religious clauses. These are through the evaluation process which looks for heretics or hypocrites. The second is by totally excluding religious people from a statutory accommodation to a condition required for employment.

*Total Exclusion of Religious Employees*

59. BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons. In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

60. The exclusion of employees from a statutory accommodation deprives them of a right because of their status as people of faith.

61. One third of employees requesting a medical exemption from vaccination received an accommodation, though such an unvaccinated employee poses the same health risk as an unvaccinated religious employee.

*Heretics and Hypocrites*

62. The protocol that BART evaluators use imposes requirements that stand as hostile to the religious beliefs of the Plaintiffs and acts in a manner that passes judgment upon, or presupposes the illegitimacy of, religious beliefs and practices. Therefore, the protocol used is not neutral.

63. BART's detailed probe into the beliefs of the Plaintiffs exceeds sincerity by determining orthodoxy, verity of beliefs, and hypocrisy.

64. BART's evaluators are taking on the role that the First Amendment reserves to ecclesiastical courts, not government officials.

65. There is a dispute between the Plaintiffs and Defendant. BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiff s to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree. Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul. Belief in what one may demonstrate to the senses is not faith. The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

66. BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons. In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

67. The protocol that evaluators of employees seeking a religious exemption constitutes individualized assessments,

giving broad discretion to an evaluator, and thus are not neutral and generally applicable.

68. The vaccination requirement forces the Plaintiffs to choose between receiving the COVID-19 vaccine in violation of their sincerely held religious beliefs or being fired, forced into retirement, or constructively discharged by pressuring them to resign.

69. The conduct of BART thus imposes a substantial burden on the Plaintiffs and interferes with, and deprives them of, the enjoyment of the religious liberties guaranteed by the First Amendment to the U.S. Constitution, as made applicable to the states through the Fourteenth Amendment.

///

///

///

## THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**

**Violation of the California Fair Employment and Housing Act**

All Plaintiffs Against All Government Defendants

(Gov. Code § 12900 et seq.)

70. The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

71. At all times relevant hereto, FEHA was in full force and effect and was binding on BART.

72. BART failed to provide reasonable alternative means of accommodating the religious belief or observance that conflicted with the work requirement, i.e., COVID-19 vaccination.

73. Accommodating the Plaintiffs does not pose a *significant difficulty or expense* on BART per Gov. Code § 12926(u).

74. Plaintiffs are entitled to further relief as more fully set forth below in their Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor, and against the Defendant, for full relief, including the following:

a. Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of Title VII;

b. Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of FEHA;

c. Declaratory judgment that BART's protocol for determining sincerity of faith is in whole, or in part, on its face, and as applied, is violative of the religion clauses of the First Amendment;

d. Declaratory judgment that BART's protocol individualized assessment for both religious exemptions and accommodation is in whole, or in part, on its face, and as applied, violative of the religion clauses of the First Amendment;

e. Declaratory judgment that BART's decision not to grant any religious accommodations is violative of the religion clauses of the First Amendment;

f. Declaratory judgment that providing a religious accommodation does not impose an undue hardship on BART under Title VII;

g. Declaratory judgment that providing a religious accommodation does not impose a significant difficulty or expense on BART under FEHA;

h. A preliminary and permanent injunction prohibiting BART's protocol for determining sincerity of faith;

i. Equitable relief in the form of an order setting aside the denials for accommodation and that the Plaintiffs receive *de novo* consideration of their accommodation requests;

j. An award for actual, consequential, and incidental financial losses, including, but not limited to lost back pay, front pay, benefits, lost overtime, and other compensation plus interest;

k. An award of compensatory damages;

l. Restoration of employee benefits, including, but not limited to, medical benefits, pensions, and insurance;

m. Restore vacation days, comp hours, and lost time hours;

n. Attorneys' fees and costs; and

o. Any and all other appropriate relief to which the Plaintiffs may be entitled

///

including all "appropriate relief" within the scope of FRCP 54(c).

Dated: December 22, 2022

/s/ Kevin T. Snider
Kevin T. Snider
*Counsel of Record*

Matthew B. McReynolds
Milton E. Matchak
**PACIFIC JUSTICE INSTITUTE**
NORTHERN CALIFORNIA OFFICE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax (916) 857-6902
Email: ksnider@pji.org
mmcreynolds@pji.org
mmatchak@pji.org

*Attorneys for Plaintiffs*