GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG LLP
JAMES M. HANLON, JR., Bar No. 214096
VICTORIA R. NUETZEL, Bar No. 115124
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
OFFICE OF THE GENERAL COUNSEL
SAM N. DAWOOD, Bar No. 178862
2150 Webster Street, 10th Floor
Oakland, CA 94612
Telephone: (510) 464-6023
Facsimile: (510) 464-6049

Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERAMIAH COOPER, RONALD FREEMEN II, ADRIAN GILBERT, SILVERIO GONZALEZ, SERGII GRINCHENKO, LARON JOHNSON, JIM LASOVICH, RAYMOND LOCKETT, MICHAEL MANZANO, TERESA OWENS, ROSALIND PARKER, RYAN RIVERA, ALBERT ROTH, JIM SCULLEN, SC SUN, NICK TAYLOR, and DAROLYN TURNER,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-100<br><br>Defendants. | **Case No.** 3:22-cv-09193-JD<br><br>**DEFENDANT SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT'S ANSWER TO COMPLAINT**<br><br>Date Action Filed: December 30, 2022 |

Defendant San Francisco Bay Area Rapid Transit District ("BART"), responds to the Complaint for Damages, Declaratory and Injunctive Relief as follows:

/ / /

## INTRODUCTION

1. Responding to paragraph 1, the allegations of this paragraph consist of conclusory allegations with no specific allegations of wrongdoing by BART. BART specifically denies any wrongdoing.

## JURISDICTION AND VENUE

2. Responding to the allegations of paragraph 2, BART does not contest jurisdiction and venue and denies that the allegations of the complaint give rise to any viable cause of action.

3. Responding to the allegations of paragraph 3, BART does not contest the Court's ability to grant the relief requested but denies Plaintiffs are entitled to any such relief.

## PARTIES

### Plaintiffs

4. Responding to the allegations of paragraph 4, BART admits that Jeremiah Cooper was employed by BART as a Quality Team Leader, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Cooper's request for an exemption and avers that it was unable to reasonably accommodate Cooper. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 4 and on that basis denies them.

5. Responding to the allegations of paragraph 5, BART admits that Ronald Freeman II was employed by BART as an Operations Supervisor Liaison, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Freeman's request for an exemption and avers that it was unable to reasonably accommodate Freeman. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 5 and on that basis denies them.

6. Responding to the allegations of paragraph 6, BART admits that Adrian Gilbert was employed by BART as a Train Operator, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits

that it granted Gilbert's request for an exemption and avers that it was unable to reasonably accommodate Gilbert. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 6 and on that basis denies them.

7. Responding to the allegations of paragraph 7, BART admits that Silverio Gonzalez was employed by BART as a Transportation Supervisor, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Gonzalez's request for an exemption and avers that it was unable to reasonably accommodate Gonzalez. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 7 and on that basis denies them.

8. Responding to the allegations of paragraph 8, BART admits that Sergii Grinchenko was employed by BART as an Elevator/Escalator Worker, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Grinchenko's request for an exemption and avers that it was unable to reasonably accommodate Grinchenko. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8 and on that basis denies them.

9. Responding to the allegations of paragraph 9, BART admits that Laron Johnson was employed by BART as a Train Control Electronic Technician, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Johnson's request for an exemption and avers that it was unable to reasonably accommodate Johnson. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9 and on that basis denies them.

10. Responding to the allegations of paragraph 10, BART admits that Jim Lasovich was employed by BART as an Operations Supervisor Liaison, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART

further admits that it granted Lasovich's request for an exemption and avers that it was unable to reasonably accommodate Lasovich. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10 and on that basis denies them.

11. Responding to the allegations of paragraph 11, BART admits that Raymond Lockett was employed by BART as an Operation Liaison Supervisor, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Lockett's request for an exemption and avers that it was unable to reasonably accommodate Lockett. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 11and on that basis denies them.

12. Responding to the allegations of paragraph 12, BART admits that Michael Manzano was employed by BART as a Police Officer, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Manzano's request for an exemption and avers that it was unable to reasonably accommodate Manzano. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 12 and on that basis denies them.

13. Responding to the allegations of paragraph 13, BART admits that Teresa Owens was employed by BART as a Station Agent, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Owen's request for an exemption and avers that it was unable to reasonably accommodate Owens. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 13 and on that basis denies them.

14. Responding to the allegations of paragraph 14, BART admits that Rosalind Parker was employed by BART as a Customer Service Clerk IV, that she submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART

further admits that it granted Parker's request for an exemption and avers that it was unable to reasonably accommodate Parker. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14 and on that basis denies them.

15. Responding to the allegations of paragraph 15, BART admits that Ryan Rivera was employed by BART as a Storekeeper, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Rivera's request for an exemption and avers that it was unable to reasonably accommodate Rivera. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 15 and on that basis denies them.

16. Responding to the allegations of paragraph 16, BART admits that Albert Roth was employed by BART as an Automatic Fare Collection Foreworker, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Roth's request for an exemption and avers that it was unable to reasonably accommodate Roth. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 and on that basis denies them.

17. Responding to the allegations of paragraph 17, BART admits that Jim Scullion was employed by BART as a Train Control Electronic Technician, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Scullion's request for an exemption and avers that it was unable to reasonably accommodate Scullion. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 17 and on that basis denies them.

18. Responding to the allegations of paragraph 18, BART admits that Sc Sun was employed by BART as a Computer Electronic Technician, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART

further admits that it granted Sun's request for an exemption and avers that it was unable to reasonably accommodate Sun. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 18 and on that basis denies them.

19. Responding to the allegations of paragraph 19, BART admits that Nick Taylor was employed by BART as a Tool Room Attendant, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Taylor's request for an exemption and avers that it was unable to reasonably accommodate Taylor. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 12 and on that basis denies them.

20. Responding to the allegations of paragraph 20, BART admits that Darolyn Turner was employed by BART as a Train Operator, that he submitted a written request for religious accommodation, and that Exhibit 1 appears to include that written request. BART further admits that it granted Turner's request for an exemption and avers that it was unable to reasonably accommodate Turner. Except as herein admitted BART lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 12 and on that basis denies them.

**Defendants**

21. Responding to the allegations of paragraph 21, BART admits that it is a special district and began service in 1972.

22. BART lacks sufficient information to admit or deny the allegations of paragraph 21 and on that basis denies them.

**FACTS**

23. Responding to the allegations of paragraph 23, BART admits that it issued a Coronavirus Pandemic (COVID-19) Policy on or before December 13, 2021 which policy requires all BART employees and Board members to be fully vaccinated against Covid 19.

24. Responding to the allegations of paragraph 24, BART admits that its employees

had the right to seek a medical or religious exemption to the COVID 19 vaccination mandate specified in the Coronavirus Pandemic Policy ("COVID 19 vaccination mandate") and avers that if the exemption were granted BART determined on a case-by-case bases whether a reasonable accommodation could be provided.

25. Responding to the allegations of paragraph 25, BART admits that its employees were provided the opportunity to request a medical or religious exemption to the COVID 19 vaccination mandate. BART admits that Exhibit 4 appears to be a chart indicting the number of requests, exemptions, and accommodations granted.

26. Responding to the allegations of paragraph 26, BART admits that it was able to provide a reasonable accommodation to 8 of its employees who requested a medical exemption from the COVID 19 vaccination mandate. BART denies the remaining allegations of paragraph 26.

27. Responding to the allegations of paragraph 27, BART admits that 179 employees requested religious exemptions and that 70 employees were granted a religious exemption. BART denies the remaining allegations of paragraph 27.

28. Responding to the allegations of paragraph 28, BART admits that it was unable to determine a reasonable accommodation for any employee who was granted a religious exemption to the COVID 19 vaccination mandate. BART denies the remaining allegations of paragraph 28.

29. Responding to the allegations of paragraph 29, BART admits that the named plaintiffs submitted written requests for a religious exemption from the COVID 19 vaccination mandate. BART lacks sufficient information to admit or deny the remaining allegations of paragraph 29 and on that ground denies them.

30. Responding to the allegation of paragraph 30, BART responds that to the extent that this paragraph asserts legal conclusions, no response is required. BART denies the remaining allegations of paragraph 30.

31. Responding to the allegations of paragraph 31, BART avers that Exhibit 5, includes a form entitled "Religious Exemption Interviews".

32. Responding to the allegations of paragraph 32, BART avers that the form, attached as Exhibit 5, speaks for itself, and no further response is required.

33. Responding to the allegations of paragraph 33, BART admits that the form attached as Exhibit 5 includes the questions as set forth in paragraph 33. BART denies the remaining allegations of paragraph 33.

34. Responding to the allegations of paragraph 34 BART admits that the form, attached as Exhibit 5, includes the question set forth in paragraph 34. BART denies the remaining allegations of paragraph 34.

35. The allegations of paragraph 35 assert legal conclusions to which no response is required.

36. Responding to the allegations of paragraph 36, BART admits that exhibit 6 is a copy of the Religious Exemption Request Review Form. BART denies the remaining allegations of paragraph 36.

37. BART denies the allegations of paragraph 37.

38. BART denies the allegations of paragraph 38.

*Centers for Disease Control*

39. BART lacks sufficient information to respond to the allegations of paragraph 39 and on that ground denies them.

40. BART lacks sufficient information to respond to the allegations of paragraph 40 and on that ground denies them,

41. BART lacks sufficient information to respond to the allegations of paragraph 41 and on that ground denies them.

42. BART lacks sufficient information to respond to the allegations of paragraph 42 and on that ground denies them.

43. BART denies the allegations of paragraph 43.

44. BART lacks sufficient information to respond to the allegations of paragraph 44 and on that ground denies them.

/ / /

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

All Plaintiffs Against All Government Defendants

(42 U.S. C. § 2000e)

45. BART realleges its responses to paragraph 1-44, above.

46. The allegations of paragraph 46 assert legal conclusions to which no response if required.

47. BART denies the allegations of paragraph 47.

48. BART denies the allegations of paragraph 48.

49. The allegations of paragraph 49 assert legal conclusions to which no response is required.

50. BART denies the allegation of paragraph 50.

51. BART denies the allegation of paragraph 51.

52. Responding to the allegations of paragraph 52, BART avers that employee requests for accommodation must be evaluated on a case-by-case basis and each employee must be considered individually. BART denies the remaining allegations of paragraph 52.

53. Responding to the allegations of paragraph 53, BART admits that there is a dispute between the parties and avers that it did nothing improper or unlawful. The remaining allegations of paragraph 53 contain legal conclusions to which no response is required.

**SECOND CAUSE OF ACTION**

**RELIGION CLAUSES**

**First Amendment to the U.S. Constitution**

All Plaintiffs Against All Government Defendants

(42 U.S.C. §1983)

54. BART realleges its responses to paragraph 1-53, above.

55. The allegations of paragraph 55 assert legal conclusions to which no response is required.

56. The allegations of paragraph 56 assert legal conclusions to which no response is required.

57. BART lacks sufficient information to enable it to respond to the allegations of paragraph 57 and on that ground denies them.

58. The allegations of paragraph 58 assert legal conclusions to which no response is required.

*Total Exclusion of Religious Employees*

59. Responding to the allegations of paragraph 59, BART avers that it granted exemptions to certain employees who sought exemption from the COVID 19 vaccine mandate and that it evaluated all exemptions on a case-by-case basis and provided accommodations to certain exempted employees.

60. BART denies that allegations of paragraph 60.

61. Responding to the allegations of paragraph 61, BART admits that was able to accommodate some employees who were granted an exemption from the COVID 19 vaccine mandate.

*Heretics and Hypocrites*

62. BART denies the allegations of paragraph 62.

63. BART denies the allegations of paragraph 63.

64. The allegations of paragraph 64 assert legal conclusions to which no response is required.

65. Responding to the allegations of paragraph 65, BART admits that there is a dispute between the parties and avers that it did nothing wrong or unlawful. The remaining allegations of paragraph 65 assert legal conclusions for which no response it required.

66. Responding to the allegations of paragraph 66, BART avers that it granted exemptions to certain employees who sought exemptions from the COVID 19 vaccine mandate and that it evaluated all exemptions on a case-by-case basis.

67. Responding to the allegations of paragraph 67, BART avers that it granted exemptions to certain employees who sought exemptions from the COVID 19 vaccine mandate

and that it evaluated all exemptions on a case-by-case basis to determine if there was a reasonable accommodation and provided accommodation to certain exempted employees. BART denies the remaining allegations of paragraph 67.

68. BART denies the allegations of paragraph 68.

69. BART denies the allegations of paragraph 69.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE RELIGIOUS ACCOMODATION**

**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

All Plaintiffs Against all Government Defendants

(Gov. Code §12900 et. seq.)

70. BART realleges its response to paragraphs 1-69, above.

71. The allegations of paragraph 71assert legal conclusions to which no response is required.

72. Responding to the allegations of paragraph 72, BART avers that it fully and fairly evaluated whether an accommodation could be provided to those employees granted exemptions to the COVID 19 vaccine mandate; except as herein averred BART denies the remaining allegations of paragraph 72.

73. BART denies the allegations of paragraph 73.

74. The allegations of paragraph 74 assert legal conclusions to which no response is required.

**PRAYER FOR RELIEF**

BART denies that Plaintiffs have been injured or suffered damages and denies that plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to the Complaint and each cause of action asserted therein, BART avers as follows.

**FIRST AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges the Complaint and each

purported claim for relief therein fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies, including timely filing a charge of discrimination with California's Department of Fair Employment and Housing or the EEOC, the allegations fall outside the scope of any administrative charges plaintiffs filed and/or plaintiffs otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to the FEHA, California Government Code section 12900 *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that the Complaint and each cause of action therein is barred by applicable statutes of limitations including but not limited to those set forth in 42 U.S.C. §2000-e-5, 42 U.S.C. §12117, and California Government Code §§12960 and 12965.

**FOURTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that it is immune from liability under, but not limited to, California Civil Code Section 47, and California Government Code Sections 815, 818.8, and 821.6.

**FIFTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that any employment decisions related to plaintiffs were made in good faith and based on nondiscriminatory, non-retaliatory good faith employment standards.

**SIXTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that any and all employment actions taken with respect to plaintiffs were for a reasonable business necessity.

**SEVENTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense BART is informed and believes and thereon avers that plaintiffs' claims are barred by the doctrine of equitable estoppel.

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART is informed and believes and thereupon avers that Plaintiffs' claims are barred by laches.

**NINTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that plaintiffs have failed to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that any and all employment actions taken with respect to plaintiffs were not based on any discriminatory motive or in retaliation for any activity engaged in by plaintiffs or based on any other improper of illegal consideration but were based upon one of more legitimate sufficient non-discriminatory and non -retaliatory reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

As for a separate and distinct affirmative defense, BART alleges that all employment decisions related to plaintiffs were based on bona fide job requirements and job related.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Clear Channel reserves the right to assert and rely on any additional affirmative defenses that may become apparent during discovery proceedings and/or trial.

**PRAYER FOR RELIEF**

WHEREFORE, BART prays for judgment as follows:

1. That Plaintiffs be awarded nothing in this action, and the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of BART on the Complaint;

3. That BART be awarded reasonable attorneys' fees and costs of suit, as allowed by law; and

/ / /

/ / /

/ / /

4. For such other and further relief as the court may deem just and proper.

Dated: February 8, 2023

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
JAMES M. HANLON, JR.
VICTORIA R. NUETZEL

By /s/ Victoria R. Nuetzel
Attorneys for Defendant San Francisco Bay Area Rapid Transit District