Kevin T. Snider, CA State Bar No. 170988
*Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
mmcreynolds@pji.org;
mmatchak@pji.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERAMIAH COOPER, RONALD
FREEMAN II, ADRIAN GILBERT,
SILVERIO GONZALEZ, SERGII
GRINCHENKO, LARON JOHNSON,
JIM LASOVICH, RAYMOND
LOCKETT, MICHAEL MANZANO,
TERESA OWENS, ROSALIND
PARKER, RYAN RIVERA, ALBERT
ROTH, JIM SCULLION,
SZU CHEN SUN, NICK TAYLOR,
DAROLYN TURNER, ANTONIO
GONZALEZ, PERRY GRIFFIS,
FRANK KITZMILLER, TONYA T.
LEWIS- WILLIAMS

        Plaintiffs,

v.

SAN FRANCISCO BAY AREA RAPID
TRANSIT DISTRICT, and DOES 1-100,

        Defendants.

Case No.:   3:22-cv-09193-JD

**AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      This is a complaint for employment discrimination brought by employees holding religious convictions against the SARS-CoV-2 (COVID-19) vaccine.  Two hundred and four (204) employees requested medical or religious exemptions from their employer, San Francisco Bay Area Rapid Transit District (BART), from COVID-19 vaccination.  One in three employees requesting medical exemptions were granted an accommodation.  Of the 179 religious objector employees, not one received an accommodation.  Exclusion of religious people from the enjoyment of a right stands in violation of the First Amendment's religion clauses and federal and state anti-discrimination in employment laws.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the U.S. Constitution and laws of the United States. This action presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4).  The Court also has jurisdiction under 42 U.S.C. § 2000-e5(f)(3).  Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threated to occur in this jurisdictional district and division.  The Defendant's principal place of business is in this district.

3.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-02, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

**PARTIES**

**Plaintiffs**

4.      Plaintiff, JERAMIAH COOPER, was employed by BART as a Quality Team Leader.  COOPER has sincerely held religious beliefs that prevent him from

receiving the COVID-19 vaccine without violating his faith.  COOPER submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA).  COOPER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  COOPER declined to be vaccinated and was thus fired.  COOPER has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

5.      Plaintiff, RONALD FREEMAN II, was employed by BART as an Operations Supervisor Liaison.  FREEMAN has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. FREEMAN submitted a written request for a religious accommodation under Title VII and FEHA.  FREEMAN utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  FREEMAN declined to be

vaccinated and was thus fired.  FREEMAN has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

6.     Plaintiff, ADRIAN GILBERT, was employed by BART as a Train Operator.  GILBERT has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  GILBERT submitted a written request for a religious accommodation under Title VII and FEHA.  GILBERT utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  GILBERT declined to be vaccinated and was thus fired.  GILBERT has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

7.     Plaintiff, SILVERIO GONZALEZ, was employed by BART as a Transportation Supervisor.  GONZALEZ has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  GONZALEZ submitted a written request for a religious accommodation under Title VII and FEHA.  GONZALEZ utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint,

is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.

BART granted the exemption, but in a letter dated December 22, 2021, BART denied

the request for a religious accommodation.  A true and correct copy of the denial

letter, along with the combined denials of the other Plaintiffs, accompanies this

Complaint, is incorporated in full, and is marked as Exhibit 2.  GONZALEZ declined

to be vaccinated and was thus fired.  GONZALEZ has exhausted administrative

remedies and has received a notice of right to sue from the EEOC.  A true and

correct copy of the EEOC notice, along with those of the other Plaintiffs,

accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

8.      Plaintiff, SERGII GRINCHENKO, was employed by BART as an

Elevator/Escalator Worker.  GRINCHENKO, has sincerely held religious beliefs

that prevent him from receiving the COVID-19 vaccine without violating his faith.

GRINCHENKO, submitted a written request for a religious accommodation under

Title VII and FEHA.  GRINCHENKO, utilized BART's form entitled *Employee

Request for Religious Exemption (COVID-19 Vaccination).*  A true and correct copy of his

request, along with the combined requests of the other Plaintiffs, accompanies this

Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are

sincerely held.  BART granted the exemption, but in a letter dated November 23,

2021, BART denied the request for a religious accommodation.  A true and correct

copy of the denial letter, along with the combined denials of the other Plaintiffs,

accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.

GRINCHENKO declined to be vaccinated and was forced to resign.

GRINCHENKO, has exhausted administrative remedies and has received a notice of

right to sue from the EEOC.  A true and correct copy of the EEOC notice, along

with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full,

and is marked as Exhibit 3.

9.     Plaintiff, LARON JOHNSON, was employed by BART as a Train Control Electronic Technician.  JOHNSON has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. JOHNSON submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA).  JOHNSON utilized BART'S form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 15, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  JOHNSON, declined to be vaccinated and was thus fired.  JOHNSON has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.  JOHNSON sues on behalf of himself and is the sixth Plaintiff to this action.

10.     Plaintiff, JIM LASOVICH, was employed by BART as an Operations Supervisor Liaison.  LASOVICH has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  LASOVICH submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA).  LASOVICH utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated November 23, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  LASOVICH declined to be vaccinated and was thus fired.  LASOVICH has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

11.     Plaintiff, RAYMOND LOCKETT, was employed by BART as an Operation Liaison Supervisor.  LOCKETT has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. LOCKETT submitted a written request for a religious accommodation under Title VII and the California Fair Employment and Housing Act (FEHA).  LOCKETT utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  LOCKETT declined to be vaccinated and was thus fired.  LOCKETT has exhausted administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission (EEOC).  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

12.     Plaintiff, MICHAEL MANZANO, was employed by BART as a Police Officer.  MANZANO has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating her faith.  MANZANO submitted a written request for a religious accommodation under Title VII and FEHA.  MANZANO utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  MANZANO declined to be vaccinated and was thus fired.  MANZANO has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

13.     Plaintiff, TERESA OWENS, was employed by BART as a Station Agent.  OWENS has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith.  OWENS submitted a written request for a religious accommodation under Title VII and FEHA.  OWENS utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  Her beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

Exhibit 2.  OWENS declined to be vaccinated and was thus fired.  OWENS has

exhausted administrative remedies and has received a notice of right to sue from the

EEOC.  A true and correct copy of the EEOC notice, along with those of the other

Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

Exhibit 3.

14.     Plaintiff, ROSALIND PARKER, was employed by BART as a Customer

Service Clerk IV.  PARKER has sincerely held religious beliefs that prevent her from

receiving the COVID-19 vaccine without violating her faith.  PARKER submitted a

written request for a religious accommodation under Title VII and FEHA.  PARKER

utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19*

*Vaccination)*.  A true and correct copy of her request, along with the combined requests

of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is

marked as Exhibit 1.  Her beliefs are sincerely held.  BART granted the exemption,

but in a letter dated December 20, 2021, BART denied the request for a religious

accommodation.  A true and correct copy of the denial letter, along with the

combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated

in full, and is marked as Exhibit 2.  PARKER declined to be vaccinated and was thus

fired.  PARKER has exhausted administrative remedies and has received a notice of

right to sue from the EEOC.  A true and correct copy of the EEOC notice, along

with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full,

and is marked as Exhibit 3.

15.     Plaintiff, RYAN RIVERA, was employed by BART as a Storekeeper-

Procurement.  RIVERA has sincerely held religious beliefs that prevent him from

receiving the COVID-19 vaccine without violating his faith.  RIVERA submitted a

written request for a religious accommodation under Title VII and FEHA.  RIVERA

utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19*

*Vaccination)*.  A true and correct copy of his request, along with the combined requests

of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  RIVERA declined to be vaccinated and was thus fired.  RIVERA has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

16.     Plaintiff, ALBERT ROTH, was employed by BART as an Automatic Fare Collection Foreman.  ROTH has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  ROTH submitted a written request for a religious accommodation under Title VII and FEHA.  ROTH utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated November 24, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  ROTH declined to be vaccinated and was thus fired.  ROTH has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

17.     Plaintiff, JIM SCULLION, was employed by BART as a Train Control Electronic Technician and Instructor.  SCULLION has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. SCULLION submitted a written request for a religious accommodation under Title VII and FEHA.  SCULLION utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held. BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  SCULLION declined to be vaccinated and was thus fired.  SCULLION has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

18.     Plaintiff, SZU CHEN SUN, was employed by BART as a Computer Electronic Technician.  SUN has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  SUN submitted a written request for a religious accommodation under Title VII and FEHA.  SUN utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 20, 2021, BART denied the request for a religious accommodation. A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as

Exhibit 2.  SUN declined to be vaccinated and was thus fired.  SUN has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

19.    Plaintiff, NICK TAYLOR, was employed by BART as a Tool Room Attendant.  TAYLOR has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith. TAYLOR submitted a written request for a religious accommodation under Title VII and FEHA.  TAYLOR utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated November 24, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  TAYLOR declined to be vaccinated and was thus fired.  TAYLOR has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

20.    Plaintiff, DAROLYN TURNER was employed by BART as a Train Operator. TURNER has sincerely held religious beliefs that prevent her from receiving the COVID-19 vaccine without violating her faith.  TURNER submitted a written request for a religious accommodation under Title VII and FEHA.  TURNER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of her request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is

marked as Exhibit 1.  Her beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  TURNER declined to be vaccinated and was thus fired.  TURNER has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

21.     Plaintiff, ANTONIO GONZALEZ, was employed by BART as a Quality Team Leader.  GONZALEZ has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  GONZALEZ submitted a written request for a religious accommodation under Title VII and FEHA.  GONZALEZ utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*.  A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 15, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  GONZALEZ declined to be vaccinated and was thus fired.  GONZALEZ has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

22.     Plaintiff, PERRY GRIFFIS, was employed by BART as an RSS Shop Scheduler.  GRIFFIS has sincerely held religious beliefs that prevent him from

receiving the COVID-19 vaccine without violating his faith.  GRIFFIS submitted a written request for a religious accommodation under Title VII and FEHA.  GRIFFIS utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated January 5, 2022, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  GRIFFIS declined to be vaccinated and was thus fired.  GRIFFIS has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

23.     Plaintiff, FRANK KITZMILLER, was employed by BART as an RSS Shop Scheduler.  KITZMILLER has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  KITZMILLER submitted a written request for a religious accommodation under Title VII and FEHA.  KITZMILLER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  KITZMILLER declined to be vaccinated and was thus fired.  KITZMILLER has exhausted administrative remedies

and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

24.    Plaintiff, FRANK KITZMILLER, was employed by BART as a Train Operator.  KITZMILLER has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  KITZMILLER submitted a written request for a religious accommodation under Title VII and FEHA.  KITZMILLER utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.  BART granted the exemption, but in a letter dated December 22, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  KITZMILLER declined to be vaccinated and was thus fired.  KITZMILLER has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

25.    Plaintiff, TONYA T. LEWIS-WILLIAMS, was employed by BART as a Utility Worker.  LEWIS-WILLIAMS has sincerely held religious beliefs that prevent him from receiving the COVID-19 vaccine without violating his faith.  LEWIS-WILLIAMS submitted a written request for a religious accommodation under Title VII and FEHA.  LEWIS-WILLIAMS utilized BART's form entitled *Employee Request for Religious Exemption (COVID-19 Vaccination)*. A true and correct copy of his request, along with the combined requests of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 1.  His beliefs are sincerely held.

BART granted the exemption, but in a letter dated December 20, 2021, BART denied the request for a religious accommodation.  A true and correct copy of the denial letter, along with the combined denials of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 2.  LEWIS-WILLIAMS declined to be vaccinated and was thus fired.  LEWIS-WILLIAMS has exhausted administrative remedies and has received a notice of right to sue from the EEOC.  A true and correct copy of the EEOC notice, along with those of the other Plaintiffs, accompanies this Complaint, is incorporated in full, and is marked as Exhibit 3.

## Defendant

26.     Defendant, SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, was established as a special district in 1957 and is a heavy-rail public transit system that connects the San Francisco Peninsula with communities in the East Bay and South Bay.  BART began service in 1972.

27.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, are unknown to Plaintiffs at this time, who therefore sues said Defendant by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendant is in some way responsible for, or participated in or contributed to, the matters and things complained of herein, and is legally responsible in some manner.  Plaintiffs will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## **FACTS**

28.     On October 14, 2021, BART issued a COVID-19 Vaccination Policy requiring all employees to be fully vaccinated as a condition of employment.

29.     Per the requirements of state and federal anti-discrimination in employment laws, BART employees were given an opportunity to request either a

medical or religious exemption to COVID-19 vaccination.  If an exemption was granted, then BART determined whether to provide a reasonable accommodation.

30.     Between October 14, 2021, and February 16, 2022, 204 BART employees requested either religious or medical exemptions to COVID-19 vaccination.  A true and correct copy of the table showing the number of employees seeking exemptions and the results of said requests accompanies this Complaint, is incorporated in full, and is marked as Exhibit 4.

31.     Of those, 25 employees requested medical exemptions to COVID-19 vaccination.  One in three employees requesting a medical exemption were given an accommodation by BART. *See* Exhibit 4.

32.     Approximately 179 employees submitted requests to be exempted from COVID-19 vaccination due to their sincerely held religious beliefs.  Seventy of these employees were granted a religious **exemption**.  However, 109 employees' requests for religious exemption were denied.  *Id.*

33.     Of the 70 remaining employees granted a religious exemption, not one employee with faith-based convictions against COVID-19 vaccination was given a religious **accommodation**.  No matter what any religious employee suggested as an accommodation, it was never good enough.

34.     The named Plaintiffs have each submitted a written request for a religious accommodation in order to be exempted from COVID-19 vaccination.  They affirmatively assert that their religious convictions against taking the COVID-19 vaccination are sincerely held.

35.     Generally, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances.  BART has turned this standard on its head.  Instead, BART instituted a detailed probe into the sincerity of the faith of its employees in which 61 percent received a failing grade.

36.     BART utilized an interviewer question template entitled *Religious Exemption Interviews* (*Question Template*).  A true and correct copy of the *Question Template* accompanies this Complaint and is incorporated in full and marked as Exhibit 5.

37.     The *Question Template* began with four boxes for the interviewer which appeared as follows:

> EEOC factors:
>
> ☐ The reasons cited in support of the request were primarily for secular/non-religious reasons.
>
> ☐ A clear nexus between the request and the stated religious beliefs was not established.
>
> ☐ Evidence of behaviors inconsistent with adherence to the stated beliefs exists.
>
> ☐ The timing of your request as it relates to adoption of the stated beliefs.  *Id.*

38.     The interviewer then asks the employee five questions:

> 1. Can you just tell us briefly about your sincerely held belief?
> 2. Can you tell us in your own words why taking COVID-19 vaccine is contrary to your religious belief?
> 3. What do you think will happen to you if you take the COVID-19 vaccine?
> 4. Can you provide us other examples of how this religious belief is demonstrated in other aspects of your life?
> 5. You refuse to take the COVID-19 vaccine because of the alleged use of aborted fetal cells in the creation of the vaccine. Research on this topic has revealed some cosmetic and over-the-counter medicines may use the same process as the COVID-19 vaccine. Are you aware of this? Tell me how else you demonstrate the same pre-cautions in your life.  *Id.*

39.     The third question, which asks, "What do you think will happen to you if you take the COVID-19 vaccine," is, charitably, ambiguous at best and possibly calculated to mislead the employee.  Does this interrogatory seek to elicit an answer based in doctrine or theology?  By way of examples, "I will have a guilty conscience." "I will be committing a sin."  "I will deny my faith."  "I will spend eternity in hell."

On the other hand, is the question seeking a social, emotional, or physical response? Consider these examples. "My wife will divorce me as a coward without principle." "I'll lose my bodily autonomy." "I'll get sick or die." The employee has little or no idea which direction will lead to a denial or approval.

40.     The protocol and standardized forms used by HR evaluators comprise a detailed, individualized assessment, giving broad discretion to an evaluator.

41.     The evaluators use a document entitled RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination). A true and correct copy of the RELIGIOUS REQUEST REVIEW FORM (COVID-19 Vaccination) accompanies this Complaint and is incorporated in full and marked as Exhibit 6. The form has evaluators engage in an individualized assessment in which they ask the following questions:

- "Is there evidence that the employee has acted in a way that is inconsistent with the claimed belief."
- "Is there evidence the employee is seeking a benefit or an exception that is likely to be sought for nonreligious reasons?"
- "Is the timing of the request considered questionable?"
- "Is there evidence the employee may be seeking the benefit for secular reasons?"

42.     After denying every request for an accommodation coming from a religious objector to the vaccination, BART gave these employees an ultimatum:

- Comply with the vaccination mandate;
- Retire if qualified;
- Resign;
- Do nothing and be terminated. *See* Exhibit 2.

43.     The ultimatum required the Plaintiffs to choose between their employment and their faith. Unless an employee was vaccinated, the employee was

either forced into early retirement, constructively discharged by forced resignation, or simply terminated.

*Centers for Disease Control Statements*

44.   In a published statement, the federal Centers for Disease Control and Prevention (CDC) stated that the Delta variant resulted in similarly high COVID-19 viral loads in vaccinated and unvaccinated people.[1]  CDC Director Rochelle Walensky has confirmed that COVID-19-positive individuals carry the same "viral load" (equivalent to the risk of spreading infection) whether they are vaccinated or unvaccinated.[2]

45.   The CDC Director's statement was based on a study in the summer of 2021 which tested vaccinated and unvaccinated persons and found that "[c]ycle threshold values [COVID-19 viral loads] were similar among specimens from patients who were fully vaccinated and those who were not."[3]

46.   Later studies have found that the viral load associated with COVID-19 variants such as Omicron also does not vary based upon vaccination status: "[F]ully vaccinated individuals with breakthrough infections have peak viral load similar to unvaccinated cases and can efficiently transmit infection in household settings, including to fully vaccinated contacts."[4]

---

[1] Statement from CDC Director Rochelle P. Walensky issued on July 30, 2021, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html.
[2] *Id.*
[3] "Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings — Barnstable County, Massachusetts, July 2021," *Morbidity and Mortality Weekly Report, CDC* (July 30, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7031e2.htm?s_cid=mm7031e2_w.
[4] Anika Singanayagam, et al., *Community transmission and viral load kinetics of the SARS-CoV-2 delta (B.1.617.2) variant in vaccinated and unvaccinated individuals in the UK: a prospective, longitudinal, cohort study*, p. 183 The Lancet Infectious Diseases (October

47.     In another official statement, the CDC has confirmed those studies and stated that it expects that anyone with an Omicron infection, regardless of vaccination status or whether or not they have symptoms, can spread the virus to others.[5]

48.     Because the viral loads are no different for the vaccinated and the unvaccinated, BART's position that the unvaccinated pose a danger to themselves, coworkers, and the public, but that the vaccinated do not pose this danger, is not consistent with the above-cited statements from the CDC.

49.     The CDC spokesperson, Greta Massetti, stated that immunity for the population is now around 95 percent when combining those who have contracted and recovered from COVID-19 with those that have been vaccinated.  As such, "it makes the most sense not to differentiate" between the vaccinated and unvaccinated.[6]

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION
### Violation of Title VII of the Civil Rights Act of 1964
All Plaintiffs Against All Government Defendants
(42 U.S.C. § 2000e)

50.     Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

51.     At all times relevant hereto, Title VII was in full force and effect and was binding on BART.

---

28, 2021) https://www.thelancet.com/action/showPdf?pii=S1473-3099%2821%2900648-4 See, also, David W. Eyre, B.M., B.Ch., D.Phil. et al., *Effect of Covid-19 Vaccination on Transmission of Alpha and Delta Variants*, New England J. Med 386:744-756 (Feb. 24, 2022), https://www.nejm.org/doi/full/10.1056/NEJMoa2116597.
[5] "Omicron Variant: What You Need to Know," *CDC* (March 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.
[6] "With new guidance, CDC ends test-to-stay for schools and relaxes COVID rules" NPR (Aug. 11, 2022), https://www.npr.org/sections/health-shots/2022/08/11/1116991600/with-new-guidance-cdc-ends-test-to-stay-for-schools-and-relaxes-covid-rules.

52.     At all times relevant hereto, the Plaintiffs were performing competently in the positions they held as employees of BART.

53.     Plaintiffs have bona fide religious beliefs that conflict with receiving the COVID-19 vaccination; they have informed their employer of such beliefs.  The Plaintiffs were disciplined for failure to comply with the conflicting employment requirement.

54.     Title VII makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee.

55.     BART failed to provide reasonable alternative means of accommodating the religious belief or observance that was in conflict with the COVID-19 vaccination work requirement.

56.     BART granted medical accommodations to vaccination but not a single religious accommodation.  Stated otherwise, religious persons as a class were excluded from accommodation.

57.     An unvaccinated employee exempted for medical reasons poses precisely the same threat as an unvaccinated employee exempted for religious reasons.

58.     There is a dispute between the Plaintiffs and Defendant.  BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiffs to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree.  Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul.  Belief in what one may demonstrate to the senses is not faith. Plaintiffs assert that Title VII presumes sincerity of belief by an employee, and therefore BART's standardized practice of a rigorous inquisition is an unlawful standard.  The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require

orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

## SECOND CAUSE OF ACTION
### RELIGION CLAUSES
### First Amendment to the U.S. Constitution
All Plaintiffs Against All Government Defendants
(42 U.S.C. § 1983)

59.     The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

60.     The right to free exercise of religion is a right protected and guaranteed by the First Amendment of the U.S. Constitution. The liberties under the First Amendment apply to the states and their political subdivisions through the Fourteenth Amendment.

61.     The actions of BART have been, and continue to be, done under color of law.

62.     The Plaintiffs have sincerely held religious beliefs that compel them to refuse the COVID-19 vaccine.

63.     There are two ways that BART has violated the religious clauses.  These are through the evaluation process which looks for heretics or hypocrites.  The second is by totally excluding religious people from a statutory accommodation to a condition required for employment.

*Total Exclusion of Religious Employees*

64.     BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons.  In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

65.     The exclusion of employees from a statutory accommodation deprives them of a right because of their status as people of faith.

66.     One third of employees requesting a medical exemption from vaccination received an accommodation, though such an unvaccinated employee poses the same health risk as an unvaccinated religious employee.

*Heretics and Hypocrites*

67.     The protocol that BART evaluators use imposes requirements that stand as hostile to the religious beliefs of the Plaintiffs and acts in a manner that passes judgment upon, or presupposes the illegitimacy of, religious beliefs and practices. Therefore, the protocol used is not neutral.

68.     BART's detailed probe into the beliefs of the Plaintiffs exceeds sincerity by determining orthodoxy, verity of beliefs, and hypocrisy.

69.     BART's evaluators are taking on the role that the First Amendment reserves to ecclesiastical courts, not government officials.

70.     There is a dispute between the Plaintiffs and Defendant.  BART asserts that it can undertake a detailed probe of the sincerity of the religious beliefs of its employees; this includes placing a burden on the Plaintiff s to provide an objective basis for religious convictions regarding the refusal to take the COVID-19 vaccination. Plaintiffs disagree.  Because faith is intrinsically subjective, a religious objector cannot be held to an objective measure of proof regarding what lay within his or her heart, mind, and soul.  Belief in what one may demonstrate to the senses is not faith.  The Plaintiffs' legal position is that, although an employee's faith may be deemed as heresy to some and incomprehensible to others, employers cannot require orthodoxy of employees according to a recognized religion or demand that employees be put to the proof of their religious beliefs.

71.     BART provided accommodations for approximately 33 percent of its employees who sought an exemption to vaccination due to medical reasons.  In contrast, BART provided accommodations for 0 percent of its employees who sought an exemption to vaccination due to religious beliefs.

72.    The protocol that evaluators of employees seeking a religious exemption constitutes individualized assessments, giving broad discretion to an evaluator, and thus are not neutral and generally applicable.

73.    The vaccination requirement forces the Plaintiffs to choose between receiving the COVID-19 vaccine in violation of their sincerely held religious beliefs or being fired, forced into retirement, or constructively discharged by pressuring them to resign.

74.    The conduct of BART thus imposes a substantial burden on the Plaintiffs and interferes with, and deprives them of, the enjoyment of the religious liberties guaranteed by the First Amendment to the U.S. Constitution, as made applicable to the states through the Fourteenth Amendment.

### THIRD CAUSE OF ACTION
**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**
**Violation of the California Fair Employment and Housing Act**
All Plaintiffs Against All Government Defendants
(Gov. Code § 12900 et seq.)

75.    The Plaintiffs repeat and reallege the allegations above and incorporate those allegations herein by reference.

76.    At all times relevant hereto, FEHA was in full force and effect and was binding on BART.

77.    BART failed to provide reasonable alternative means of accommodating the religious belief or observance that conflicted with the work requirement, i.e., COVID-19 vaccination.

78.    Accommodating the Plaintiffs does not pose a *significant difficulty or expense* on BART per Gov. Code § 12926(u).

79.    Plaintiffs are entitled to further relief as more fully set forth below in their Prayer for Relief.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor, and against the Defendant, for full relief, including the following:

a.      Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of Title VII;

b.      Declaratory judgment that BART's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of FEHA;

c.      Declaratory judgment that BART's protocol for determining sincerity of faith is in whole, or in part, on its face, and as applied, is violative of the religion clauses of the First Amendment;

d.      Declaratory judgment that BART's protocol individualized assessment for both religious exemptions and accommodation is in whole, or in part, on its face, and as applied, violative of the religion clauses of the First Amendment;

e.      Declaratory judgment that BART's decision not to grant any religious accommodations is violative of the religion clauses of the First Amendment;

f.      Declaratory judgment that providing a religious accommodation does not impose an undue hardship on BART under Title VII;

g.      Declaratory judgment that providing a religious accommodation does not impose a significant difficulty or expense on BART under FEHA;

h.      A preliminary and permanent injunction prohibiting BART's protocol for determining sincerity of faith;

i.      Equitable relief in the form of an order setting aside the denials for accommodation and that the Plaintiffs receive *de novo* consideration of their accommodation requests;

j.      An award for actual, consequential, and incidental financial losses, including, but not limited to lost back pay, front pay, benefits, lost overtime, and other compensation plus interest;

k.      An award of compensatory damages;

l.      Restoration of employee benefits, including, but not limited to, medical benefits, pensions, and insurance;

m.      Restore vacation days, comp hours, and lost time hours;

n.      Attorneys' fees and costs; and

o.      Any and all other appropriate relief to which the Plaintiffs may be entitled including all "appropriate relief" within the scope of FRCP 54(c).

Dated: March 1, 2023

/s/ Kevin T. Snider
Kevin T. Snider
*Counsel of Record*
Matthew B. McReynolds
Milton E. Matchak
**PACIFIC JUSTICE INSTITUTE**
NORTHERN CALIFORNIA OFFICE
P.O. Box 276600
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax  (916) 857-6902
Email:  ksnider@pji.org
            mmcreynolds@pji.org
            mmatchak@pji.org

*Attorneys for Plaintiffs*

# Exhibit 1

# Jeremiah Cooper
# (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | |
|---|---|
| **Date of Request** | |

| **Employee Name** | **Employee ID Number** |
|---|---|
| | |
| **Job Title** | **Email Address** |
| | |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| | |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.  My religion or belief system is (enter description): |
| 2.  I have held this belief(s) system, or practiced and observed this religion since (enter date or year): |
| 3.  My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): |



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | |
|---|---|
| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). |
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. |
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____          _____
Employee Signature                                                                           Date

---

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

---

FOR LEAVE MANAGEMENT USE ONLY

| |
|---|
| Date Received: ___/___/_____          Documentation Included? ☐**YES** ☐**NO** |
| Date Documentation Received: ___/___/_____ |

I, Jeramiah Logan Cooper, am and have been a practicing Evangelical for approximately 30 years. My beliefs began during my educational experiences while attending Tabernacle Baptist Church and School as a child. Since then I have followed the principles of Christianity throughout my life. While I may only practice in private since adulthood, my beliefs, represented below, are both sincere, meaningful, and qualifying.

COVID-19 vaccines use fetal cell lines in development, confirmation, and production.[1] In my religion life begins at conception and an immortal soul is created. The presence of and use of immortalized human cell lines taken against the will of the person(s) aborted were used in the development of vaccinations. Because of this, it is my firm belief that participation in the vaccination program is an indirect engagement and participation in abortion. According to scripture, this is morally compromising.[2] This belief is concretely held and poses a direct threat to my religious and moral obligations and adherence as an Evangelical Christian.[3]

Furthermore, God created man in his image. And it is my belief that I should honor God with my body and treat it as if it is his own. My faith rests on the power of God, not human wisdom. Therefor is against my morals to take part in genetic modification medical procedures.[4]

In the past I may have received vaccines or medications without understanding their connection to aborted fetal cells. Most of these experiences were done when I was a child and unable to make these determinations for myself. Since I have reviewed the scientific research and become aware of such things, I can no longer in good faith subject myself to these procedures. Until other ethically acceptable vaccines are made available, I must follow my conscience and refuse taking the currently available COVID vaccines.

I verify that this information and any other information I am submitting in support of my request for an accommodation is complete and accurate to the best of my knowledge.

1 https://www.historyofvaccines.org/content/articles/human-cell-strains-vaccine-development
2 Exodus 21:22-25, Exodus 20:13, Jeremiah 1:5, Psalm 139:12-16, Judges 16:17
3 https://ag.org/Beliefs/Position-Papers/Abortion-Sanctity-of-Human-Life
4 Genesis 1:27, Corinthians 6:19, Corinthians 6:20, Corinthians 2:5

Name and Signature:  _____

Date of Certification: _____

# Ronald Freeman, II (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| Date of Request | 10/23/2021 | |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Ronald Freeman, II | | 066755 |
| **Job Title** | | **Email Address** |
| Operations Supervisor Liaison | | rfreem2@bart.gov |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| AFSCME | | Kimberly Alameda |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable,  the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| | |
|---|---|
| 1.  My religion or belief system is (enter description): | Evangelical Christian |
| 2.  I have held this belief(s) system, or practiced and observed this religion since (enter date or year): July 2003 | |
| 3.  My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): Please see my attached and signed supporting document. | |



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

N/A - see attached supporting document.

5. If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. ■YES □NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

Employee Signature

10/23/2021

Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____        Documentation Included? □YES □NO

Date Documentation Received: ___/___/_____

I, **Ronald Avery Freeman, II**, am a practicing evangelical Christian. I assert that I have a sincerely held religious belief that prevents me from receiving the COVID-19 vaccine(s).

Vaccine viruses, including COVID-19 vaccines, are grown by use of fetal cells[1]. The presence and use of human fetal cells taken from aborted person(s) is in direct conflict with my religious scripture (Holy Bible) and my beliefs[2]. My participation in vaccination programs would represent an indirect engagement and participation in abortion, and would pose a direct threat to my religious and moral obligations as an evangelical Christian[3].

The information I provided is in support of my request for a religious exemption and accommodation.

Ronald Avery Freeman, II

October 23, 2021

References:

[1] https://www.historyofvaccines.org/content/articles/human-cell-strains-vaccine-development;
https://www.chop.edu/centers-programs/vaccine-education-center/vaccine-ingredients/fetal-tissues

[2] Holy Bible – New King James Version - Exodus 21:22-25, Exodus 20:13, Jeremiah 1:5, Psalm 139:12-16, Judges 16:17; Proverbs 6:16-17; Deuteronomy 19:10; 1 Samuel 19:5

[3] https://ag.org/Beliefs/Position-Papers/Abortion-Sanctity-of-Human-Life

# Adrian Gilbert
# (Exhibit 1)



**BART**

**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | Date of Request | |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Adrian Gilbert | | 065937 |
| **Job Title** | | **Email Address** |
| Train Operator (Full-Time) | | mradbme@yahoo.com |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| Union ATU | | Dewanna Dunn |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): Moslem/Muslim

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year):
1998

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):
My sincere religious belief prevents me from receiving the vaccine which contains ingredients that are strictly forbidden by my religion. (Please see attached affidvavit from my Grand Sheik).



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

N/A - my religion abstains from all vaccinations.

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

No accomodation necessary. I will continue to practice social distancing and wearing a face mask.

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

11/10/2021

_____
Employee Signature

_____
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____     Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____



## MOORISH SCIENCE TEMPLE OF AMERICA-CALIFORNIA INC.

10/22/21

MOORISH SCIENCE TEMPLE
OF AMERICA-CALIFORNIA INC
5859 MacArthur Blvd
Oakland Ca. 94605

To Whom it May Concern:

_Adrian Gilbert_ is a full member and or official of a religious society and Moorish Science Temple of America California No. 1.

He/She is therefore entitled to all religious rights as a Moorish American Moslem (Mohammedan) under the laws of the Holy Quran of Mecca and The Constitution of USA Republic **"Free Exercise,"** of religious beliefs and practices, including religious exemption from any and all medical treatments and vaccines deemed, according to our religious laws as forbidden.

He/She **holds sincere religious beliefs** (see. Title 7 Civil Rights Act ) which prevent from receiving, in any way, the recently manufactured Covid 19 Vaccines which contain ingredients ruled as strictly forbidden by MSTACA doctrine, religious leaders and scholars.

**GRAND SHEIK/DIRECTOR**
**NATHANIEL BOOTHE EL**
323-247-2090

For any further information regarding MSTACA faith , religion, hopes, aims and objectives, please contact: moorishsciencetempleca@gmail.com or theministerofculture@gmail.com

# Antonio Gonzalez
# Exhibit 1

0216



## EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)

| Date of Request | 11/2/2021 |
|---|---|
| **Employee Name** | **Employee ID Number** |
| Antonio Gonzalez III | 062638 |
| **Job Title** | **Email Address** |
| QTL | Tonio8072@gmail.com |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| SEIU | Bradford Mitchell |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): Christian, Catholic

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 2005

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):

My religious belief is to not have any unwanted intrusions in my body that God has given to me. I have been given a choice to use other vaccines and have declined. I have been offered a Hepatitis vaccine through SFBart and I have declined. I have been offered a Flu vaccine through SFBart and before working with SFBart and I have declined. With this new vaccine, it is no different. My religious belief is to not have any unwanted intrusion in my body, a body that has been given to me by God to keep safe and protect.



**B A R T**

**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4.  If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

I have held my religious belief That prohibits me from participating in covid19 vaccination because God gave me the body I live in, through my parents. We were created in the image of God, so we must respect and honor whats been given. A Life. We are allowed only one and must cherish it as a Temple of the Holy Spirit. I will not defile my body with unwanted intrusions that were intended to tamper or modify my body and immune system given to me by God. I have declined other vaccines for the same religious beliefs and will continue to not defile my body with unwanted intrusions in the name of God.

5.  If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

My request for reasonable accommodation would consist of how I have been working since the beginning of covid19. I have followed the requirements of wearing a mask, distancing, cleanliness and self symptom monitoring. I have been performing My job efficiently and effectively over this past year just as you asked me to do so and it has not caused an undo hardship. There has been no threat to the health and safety of others in performing my daily work duties from the beginning of covid19 to this present time. I am able to perform all essential functions of my position without posing any threat to others health or safety.

6.  Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____        _____11/2/2021_____

Employee Signature                                                          Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

# Silverio Gonzalez (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4.  If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).
Please see attachment.

5.  If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. ■YES ☐NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____
Employee Signature

10/26/2021
_____
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

October 26, 2021

To Whom It May Concern:

My name is Silverio Gonzalez, and I am a Transportation Supervisor for BART. I have been working in this capacity for 11 years and a total of 18 years with BART. I am requesting a Religious Exemption from the mandatory vaccine directive that is being implemented at this time.

I was born into the Roman Catholic Faith and have been a practicing Catholic to the present day. I am a member of All Souls Catholic Church located in South San Francisco and have been an active parishioner at this same Parish for over 50 years. I have attached a statement from my Pastor acknowledging my religious affiliation and current involvement in my Parish. There have been a variety of differing ministries in which I have participated. They consist of but are not limited to the following: Catechist instructing Holy Communicants, Youth Minister for Junior High and High School students; assist in hosting a yearly Vacation Bible School at the Parish, assisting with All Saints Day festivities for the Religious Education students, acting as Lector, Commentator, and Eucharistic Minister during Masses. I have attended All Souls Catholic School in my primary years and then graduated from Serra High School in San Mateo, a Catholic high school for young men.

I am requesting a religious exemption on the basis of contradictions with the tenets of my faith. The Catholic Church teaches that abortion in any capacity is against the faith and is considered a grave evil. In the Catechism of the Catholic Church it states, "Human life must be respected and protected absolutely from the moment of conception. From the first moment of his existence, a human being must be recognized as having the rights of a person – among which is the inviolable right of every innocent being to life" (CCC 2270). The Catechism further clarifies this teaching as such, "Since the first century the Church has affirmed the moral evil of every procured abortion. This teaching has not changed and remains unchangeable . . . abortion willed either as an end or a means, is gravely contrary to the moral law . . . "(CCC 2271).

In 1972, there was a baby girl who was aborted and delivered alive in the Netherlands. Her cell line was taken from her kidney cells, this process being referred to as HEK 293. Scientists have stated that the aborted baby had to be living in order for the fetal cell lines to be viable. They could not have been used otherwise. To think that this fetus suffered immensely while tissues and cell lines were being extracted from her body is unimaginable. In both the Pfizer and the Moderna vaccines, it was this same aborted fetal cell line, HEK 293, that was used in the research and development of both vaccines. AstraZeneca and Johnson & Johnson both use fetal cells in the actual production of their vaccines.

Being a pro-life individual and following all aspects of my Catholic faith, I am absolutely prohibited from taking these vaccines in any capacity per the reasons as stated above. As an

adult, I have not taken part in any vaccine usage which includes the Chicken Pox, Shingles, Pneumonia, or even the Flu shot. I have chosen to partake in healthy living by taking care of my body, both inside and out. Scripture states that God has given us our one body and we are to take care of it because it is the place in which He dwells. This is our bodily temple. "God will destroy anyone who destroys God's temple. For God's temple is holy, and you yourselves are his temple" (1 Corinthians 3:17).

Also, there are two clauses under the First Amendment of the Constitution of the United States that guarantee my right to my beliefs and practices of my faith under the law. First, the Establishment Clause prohibits the government from establishing an official religion or favoring one over another. The second clause, and the one that I am emphasizing with more tenacity here, is the Free Exercise Clause. This clause, "protects not just religious beliefs but actions made on behalf of those beliefs." It goes on to align with my premise that, "free exercise envisions religiously compelled exemptions from at least some generally applicable laws. The Free Exercise Clause not only protects religious belief and expression; it also seems to allow for violation of laws, as long as that violation is made for religious reasons" (Cornell Law School, Legal Information Institute).

I appreciate your taking the time to consider my religious exemption request under the rights available to me in the practicing of my Catholic faith.

Sincerely,

Silverio R. Gonzalez



# ALL SOULS CATHOLIC PARISH

## Family Religious Education & Faith Formation

November 6, 2021

To Whom It May Concern:

It gives me much joy to write this letter for Silverio Gonzalez--a long time parochial school colleague, family friend, and fellow parishioner since childhood. It can be difficult to describe the impeccable quality of a person, or the character of someone like Silverio. Silverio Gonzalez comes from a highly respected South San Francisco Catholic family of five. He has always been very united, very close to his parents and sisters. He was brought up in the Catholic faith from birth and, since childhood, he has been an integral part of All Souls Parish community of believers. I met Silverio through our families and All Souls Parochial School. He was in a class ahead of me along with his sisters. Our (Silverio's) religious life, our faith life, was interwoven through family life, parochial school life, and parish life. Silverio grew up serving the parish in a variety of ways which gave testimony to his faithfulness to the Catholic faith. After High School, he served the parish community through much involvement in the Youth Ministry of All Souls Parish. He and his devout wife, Laura, met here in Youth Ministry and together were married in the Church. They have three wonderful, faith filled children that they have raised in the Catholic faith through much hard work and dedication. The children are also involved as Lector, Altar Servers, and Cantor at Holy Mass. The Gonzalez family, with Silverio as the head, has also put together the Summer Vacation Bible School, in which each member of his family--himself, his wife Laura, and his children--are involved, for many years now. The family also holds monthly Youth activity days for our parish youth at the present moment. Recently, Silverio and his family have also held a Rosary Rally in front of the South San Francisco Police Department to pray for and in appreciation of others who serve the greater South San Francisco community. Presently, I see both his family (himself, wife, children) and his parents at our Sunday Holy Masses. The whole family is very engaged and Silverio gets involved by helping with the collection, helping as an Extraordinary Eucharistic Minister, and helping with changing the slides on the laptop whose image is on the big screens in the church.

I would like to add that his parents have been very involved in the community, which is a testimony of the faith life of his family. I consider his mother a very holy woman whom I hold in great esteem and consider my good friend. Silverio is very close to his mother and I like to think I know him better because of her. I believe you can't understand Silverio if you don't understand the faith because it is not just an integral part of him, it IS him--the whole person that he is.

Yours in Christ,

Lourdes Yñiguez Gallo

Lourdes Yñiguez Gallo
Director of Religious Education and Faith Formation

315 Walnut Avenue, South San Francisco, CA 94080 • T 650-873-5356
Website: www.allsoulsparishssf.org
Email: ReligiousEducation@AllSoulsParishSSF.org

# Perry Griffis

# (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| Date of Request | 11/05/2021 |
|---|---|

| Employee Name | Employee ID Number |
|---|---|
| Perry Griffis | 060516 |
| **Job Title** | **Email Address** |
| RSS Shop Scheduler | pgriffi@bart.org |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| SEIU Professional Chapter | Dan Silva/Martin Atkins |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1. My religion or belief system is (enter description): Born again Christian |
| 2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): I was baptized 10/02/1996 and was a practicing Christian before that. |
| 3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): See Word Document. |

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**B A R T**

**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | |
|---|---|
| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).<br><br>I haven't taken any vaccinations in decades. |
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.<br><br>I am willing to wear a mask, social distance, test frequently, and or work from home as I did during the first year and a half of the pandemic. |
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____     11/05/2021
Employee Signature                                    Date

> Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

135325.1                    Employee Request for Religious Exemption (COVID-19 vaccine) | Page 2

# Sergii Grinchenko (Exhibit 1)



**BART**

**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | |
|---|---|
| **Date of Request** | 11 / 04 / 2021 |
| **Employee Name** | **Employee ID Number** |
| Sergii Grinchenko | 064930 |
| **Job Title** | **Email Address** |
| Elevator/Escalator Worker | sergiibrd@yahoo.com |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| SEIU 1021 | Eric Stockton |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): Christian

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1991

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):
Please see attached.



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

I am practicing my right to use Health Information Portability and Accountability Act (HIPAA) and willing not to disclose my private medical history, medical information, or records. Any violation of this laws by any company or person will bring to further escalation and immediate legal action.

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.
Wearing a face mask and social distancing.

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____
Employee Signature

_11/04/2021_
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

**My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):**

I understand the position of the United States Government to protect its citizens from potential danger from infectious diseases. I'm thankful for a government who makes efforts to protect its citizens.

But under Title VII of the Civil Rights Act, an employer must not discriminate against an employee on the basis of that employee's sincerely held religious beliefs. Religious discrimination involves treating a person (an applicant or employee) unfavorably because of his or her religious beliefs.

I am respectfully request that you honor my sincere religious abjection to vaccination and grant me an exemption. "...for whatsoever is not of faith is sin. "Romans 14:23.

I came to the United States from Ukraine where Christians were prosecuted, and they didn't have freedom of speech and religion. Some of our family members were imprisoned because of their faith. The main purpose of our immigration was to practice our religion freely in the United States.

I believe that Jesus Christ came to earth and lived a sinless life, was crucified on the cross, was resurrected from death on the third day, and ascended to heaven. I believe that God, through the Holy Spirit dwells in me and guides me towards His will. Because God lives in me as the Holy Spirit, my body is a living Temple of God. "Do you not know that your body is a temple of the Holy Spirit, who is in you, whom you have received from God? You are not your own. That God is in you. That He is our healer." Corinthians 6:19. My religious beliefs serve as my blueprint as I navigate life with the numerous roles I play such as a husband, father, Christian, co-worker, etc. I strongly feel these beliefs keep me on the correct path God intended for me. Staying true to such beliefs allow me to maintain a standard of integrity in the many roles I play out throughout my life.

"CV-19 vaccine products are genetic coding instructions that purport to instruct human body to produce a spike protein" that is not natural to our own human genetic system. The possibility of genetically changing the human body, the body created by God in His image goes against my religious beliefs. I believe God is my protection and healer of my body, and He created immune system that helps me to fight with diseases. I am believe that injecting myself with vaccination goes against God's commandment to take care of my body. According to the FDA website,"Serious and unexpected side effects may occur. The possible side effects of the vaccine are still being studied in clinical trials." As a result, this vaccine is not safe and may harm my body.

Because this request for exemption is deeply personal to me and contains personal thoughts and beliefs, I asked to keep it 100% confidential.

# Clifton Harrison
# (Exhibit 1)



**B A R T**

**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| Date of Request | 11/14/21 |
|---|---|

| Employee Name | Employee ID Number |
|---|---|
| Clifton Harrison | 063189 |
| **Job Title** | **Email Address** |
| Station Agent | clifton.harrison@yahoo.com |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| ATU 1555 | Bryan Clay |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description):

   Islamism

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 6/25/14

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): I've Attached supporting documentation with some of the laws, tenets, & scripture that I follow. I follow the laws/tenets of my religion in All Aspects of my life to the best of my ability. This Covid19 vaccine mandate violates my rights & goes against my religious beliefs.

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). **N/A**

5. If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. ☑YES ☐NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____
Employee Signature

_11 / 14 / 21_
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

# BART COVID-19 RELIGIOUS EXEMPTION:

## Clifton Harrison Employee Id. 063189
## Supporting information

Here is a collection of some of the Laws, Tenets, Religious scriptures, etc. that support my right to be exempt from the "BART Covid-19 vaccine mandate". Please note that this document highlights some of the laws, tenets, etc., but I adhere and believe in all of the laws, tenets, beliefs of my religion.

## _Religious scripture, tenets, etc._

_Holy Koran Circle 7:_

Chapter 2, Line 15; A mighty work is theirs, for carnal men want not the light; they love the dark, and when the light shines in the dark they comprehend it not.

Chapter 3, line 2: "No man lives unto himself, for every living thing is bound by cords to every other living thing.

Chapter 7, Line 25-26:  Lamaas asked: "Pray, what is faith?" And Jesus said: "Faith is the surety of the omnipotence of Allah and man; the certainty that man will reach the deific life.

Chapter 8, line 7: Allah's meeting place with man is in the heart, and in a still small voice he speaks; and he who hears is still.

Chapter 8, line 14: Assist the poor, and help the weak; do harm to none, and covet not what is not yours.

Chapter 10, line 9-10: Now, men and birds and beasts and creeping things are deities, made flesh; and how dare men kill anything? It is cruelty that makes the world awry, when men have learned that when they harm a living thing, they harm themselves, they surely will not kill, nor cause a thing that Allah has made to suffer pain.

Chapter 11, line 12-13: And Jesus said: "Enlightened Arabo, are you a master mind and do not know that man knows naught by being told? Man may believe what others say, but thus he never knows. If man would know, he must, himself be what he knows".

Chapter 14, line 24-25: Your lawyers, doctors, scribes are useless cumberers of the ground; they are but tumors on the body of the state. They toil not, neither do they spin, yet they consume the profits of your marts of trade

Chapter 23, line 10: Teach him temperance, and he shall have health; teach him prudence, and fortune shall attend him.

Chapter 26, line 3: True wisdom is less presuming than folly. The wise man doubteth often, and changeth his mind; the fool is obstinate, and doubteth not; he knoweth all things, but his own ignorance.

Chapter 28, line 2: The honor of a servant is his fidelity; his highest virtues are submission and obedience.

Chapter 33, line 6: But receive not a favor from the hand of the proud; to the selfish and avaricious have no obligation; the vanity of pride shall expose thee to shame; the greediness of avarice shall never be satisfied.

Chapter 34, line 2: The tongue of the sincere is rooted in heart; hypocrisy and deceit have no place in his words.

Chapter 35, line 14-15: Wonderful is He in all His ways; His counsels are inscrutable; the manner of His knowledge transcendeth thy conception. Pay therefore to His wisdom, all honor and veneration; and bow down thyself in humble and submissive obedience to His supreme discretion. 16. The Father is gracious and beneficent; He hath created the world in mercy and love.

Chapter 38, line 1: The blessing, O man, of thy external part is health, vigor and proportion. The greatest of these is health. What health is to the body even that is honesty to the soul.

Chapter 38, line 27: General opinion is no proof of truth, for the generality of men are ignorant.

Chapter 39, line 11: A good death is better than an evil life; strive therefore, to live as long as thou oughtest, not as long as thou canst. While thy life is to others worth more than thy death, it is thy duty to preserve it.

2

Chapter 41, line 9: Establish unto thyself principles of action, and see that thou ever act according to them.

Chapter 41, line 13: How should his actions be right, who hath no rule of his life? Nothing can be just which proceedeth not from reason.
'
Chapter 43, line 6: If the objects of thy desire demanding the lives of a thousand sayeth thou not: "I will have it." Surely thou forgetteth that He who created thee, created also these; and that their blood is as rich as thine?

Chapter 47, line 9: According to all true and divine records of the human race there is no negro, black, or colored race attached to the human family, because all the inhabitants of Africa were and are of the human race, descendants of the ancient Canaanite nation from the holy land of Canaan.

Chapter 47, line 16: Through sin and disobedience every nation has suffered slavery, due to the fact that they honored not the creed and principles of their forefathers.

Chapter 48, line 1: The last Prophet in these days is Noble Drew Ali, who was prepared divinely in due time by Allah to redeem men from their sinful ways; and to warn them of the great wrath which is sure to come upon the earth.

Chapter 48, line 11: We are trying to uplift fallen humanity. Come and link yourselves with the families of nations. We honor all the true and divine prophets.


### *Quran & Hadith:*

Bukhari Vol. 7 : No. 548

Narrated Abu Huraira (Radi-Allahu 'anhu):

The Prophet (Sallallahu 'Alaihi Wa Sallam) said, "There is no disease that Allah has created, except that He also has created its treatment."

Bukhari Vol. 7 : No. 583


Narrated Abu Said Al-Khudri (Radi-Allahu 'anhu):

A man came to the Prophet (Sallallahu 'Alaihi Wa Sallam) and said, "My brother has some abdominal trouble." The Prophet (Sallallahu 'Alaihi Wa Sallam) said to him "Let him drink honey." The man came for the second time and the Prophet (Sallallahu 'Alaihi Wa Sallam) said to him, "Let him drink honey." He came for the third time and the Prophet (Sallallahu 'Alaihi Wa Sallam) said, "Let him drink honey." He returned again and said, "I have done that." The Prophet (Sallallahu 'Alaihi Wa Sallam) then said, "Allah has said the truth, but your brother's abdomen has told a lie. Let him drink honey." So he made him drink honey and he was cured.

Bukhari Vol. 7 : No. 588

Narrated Khalid bin Sad (Radi-Allahu 'anhu):

We went out and Ghalib bin Abjar was accompanying us. He fell ill on the way and when we arrived at Medina he was still sick. Ibn Abi 'Atiq came to visit him and said to us, "Treat him with black cumin. Take five or seven seeds and crush them (mix the powder with oil) and drop the resulting mixture into both nostrils, for 'Aisha has narrated to me that she heard"

the Prophet (Sallallahu 'Alaihi Wa Sallam) saying,  "This black cumin is healing for all diseases except As-Sam." Aisha said, "What is As-Sam?" He said, "Death."

Ash-Shu'ara-80, Surah The Poets Verse-80 - And when I am ill, it is He who cures me.

## *Holy Bible:*

Genesis 9:6 - If anyone takes a human life, that person's life will also be taken by human hands. For God made human beings in his own image.

Romans 13:9 - The commandments, "You shall not commit adultery," "You shall not murder," "You shall not steal," "You shall not covet," and whatever other command there may be, are summed up in this one command: "Love your neighbor as yourself."

Deuteronomy 7:15 - And the LORD will take away from thee all sickness, and will put none of the evil diseases of Egypt, which thou knowest, upon thee; but will lay them upon all *them* that hate thee.

Hosea 6:1 - "Come, let us return to the LORD. He has torn us to pieces but he will heal us; he has injured us but he will bind up our wounds."

Matthew 4:23 - And Jesus went about all Galilee, teaching in their synagogues, and preaching the gospel of the kingdom, and healing all manner of sickness and all manner of disease among the people.

Isaiah 38:21 - Isaiah had said, "Prepare a poultice of figs and apply it to the boil, and he will recover."

Acts 10:38 - How God anointed Jesus of Nazareth with the Holy Ghost and with power: who went about doing good, and healing all that were oppressed of the devil; for God was with him.

Mark 3:10 - For he had healed many, so that those with diseases were pushing forward to touch him.

Psalm 30:2 - O LORD my God, I cried unto thee, and thou hast healed me.

Proverbs 4:20-22 - My son, attend to my words; incline thine ear unto my sayings. Let them not depart from thine eyes; keep them in the midst of thine heart. For they *are* life unto those that find them, and health to all their flesh.

Ezekiel 47:11-12 - But the miry places thereof and the marishes thereof shall not be healed; they shall be given to salt. And by the river upon the bank thereof, on this side and on that side, shall grow all trees for meat, whose leaf shall not fade, neither shall the fruit thereof be consumed: it shall bring forth new fruit according to his months, because their waters they issued out of the sanctuary: and the fruit thereof shall be for meat, and the leaf thereof for medicine.

Exodus 20:13 - Thou shalt not kill.

Matthew 5:21 - Ye have heard that it was said by them of old time, Thou shalt not kill; and whosoever shall kill shall be in danger of the judgment.

Exodus 23:7 - Keep thee far from a false matter; and the innocent and righteous slay thou not: for I will not justify the wicked.

Leviticus 24:17 - And he that killeth any man shall surely be put to death.

1 Corinthians 6:19-20 - What? know ye not that your body is the temple of the Holy Ghost *which is* in you, which ye have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's.

Job 13:2-6 - What ye know, *the same* do I know also: I *am* not inferior unto you. Surely I would speak to the Almighty, and I desire to reason with God. But ye *are* forgers of lies, ye *are* all physicians of no value. O that ye would altogether hold your peace! and it should be your wisdom. Hear now my reasoning, and hearken to the pleadings of my lips.

Mark 5:25-34 - And a certain woman, which had an issue of blood twelve years, And had suffered many things of many physicians, and had spent all that she had, and was nothing bettered, but rather grew worse, When she had heard of Jesus, came in the press behind, and touched his garment. For she said, If I may touch but his clothes, I shall be whole. And straightway the fountain of her blood was dried up; and she felt in *her* body that she was healed of that plague. And Jesus, immediately knowing in himself that virtue had gone out of him, turned him about in the press, and said, Who touched my clothes? And his disciples said unto him, Thou seest the multitude thronging thee, and sayest thou, Who touched me? And he looked round about to see her that had done this thing. But the woman fearing and trembling, knowing what was done in her, came and fell down before him, and told him all the truth. And he said unto her, Daughter, thy faith hath made thee whole; go in peace, and be whole of thy plague.

Exodus 15:26 - And said, If thou wilt diligently hearken to the voice of the LORD thy God, and wilt do that which is right in his sight, and wilt give ear to his commandments, and keep all his statutes, I will put none of these diseases upon thee, which I have brought upon the Egyptians: for I *am* the LORD that healeth thee.

Revelation 22:2 - In the midst of the street of it, and on either side of the river, *was there* the tree of life, which bare twelve *manner of* fruits, *and* yielded her fruit every month: and the leaves of the tree *were* for the healing of the nations.

James 5:15 - And the prayer offered in faith will make the sick person well; the Lord will raise them up. If they have sinned, they will be forgiven.

Jeremiah 30:17 - But I will restore you to health and heal your wounds,' declares the LORD, 'because you are called an outcast, Zion for whom no one cares.'

Luke 4:40 - At sunset, the people brought to Jesus all who had various kinds of sickness, and laying his hands on each one, he healed them.

2 Kings 20:7 - The time will surely come when everything in your palace, and all that your predecessors have stored up until this day, will be carried off to Babylon. Nothing will be left, says the LORD.

Jeremiah 33:6 - "'Nevertheless, I will bring health and healing to it; I will heal my people and will let them enjoy abundant peace and security."

1 Corinthians 2:14 - The person without the Spirit does not accept the things that come from the Spirit of God but considers them foolishness, and cannot understand them because they are discerned only through the Spirit.

Psalm 103:3 - Who forgiveth all thine iniquities; who healeth all thy diseases.

Matthew 10:1 - Jesus called his twelve disciples to him and gave them authority to drive out impure spirits and to heal every disease and sickness.

Psalm 41:3 - The LORD will strengthen him upon the bed of languishing: thou wilt make all his bed in his sickness.

Leviticus 26:14-16 - If, however, you fail to obey Me and to carry out all these commandments, and if you reject My statutes, despise My ordinances, and neglect to carry out all My commandments, and so break My covenant, then this is what I will do to you: I will bring upon you sudden terror, wasting disease, and fever that will destroy your sight and drain your life. You will sow your seed in vain, because your enemies will eat it.

Matthew 9:35 - Jesus went through all the towns and villages, teaching in their synagogues, proclaiming the good news of the kingdom and healing every disease and sickness.

Deuteronomy 5:17 - "You shall not murder."

# _Laws_

## _United Nations Declaration on the Rights of Indigenous Peoples:_

Article 2; Indigenous peoples and individuals are free and equal to all other peoples and individuals and have the right to be free from any kind of discrimination, in the exercise of their rights, in particular that based on their indigenous origin or identity.

Article 4: Indigenous peoples, in exercising their right to self-determination, have the right to autonomy or self-government in matters relating to their internal and local affairs, as well as ways and means for financing their autonomous functions.

Article 7: 1. Indigenous individuals have the rights to life, physical and mental integrity, liberty and security of person. 2. Indigenous peoples have the collective right to live in freedom, peace and security as distinct peoples and shall not be subjected to any act of genocide or any other act of violence, including forcibly removing children of the group to another group.

Article 8: 1. Indigenous peoples and individuals have the right not to be subjected to forced assimilation or destruction of their culture. 2. States shall provide effective mechanisms for prevention of, and redress for: (a) Any action which has the aim or effect of depriving them of their integrity as distinct peoples, or of their cultural values or ethnic identities; (b) Any action which has the aim or effect of dispossessing them of their lands, territories or resources; (c) Any form of forced population transfer which has the aim or effect of violating or undermining any of their rights; (d) Any form of forced assimilation or integration; (e) Any form of propaganda designed to promote or incite racial or ethnic discrimination directed against them.

Article 9: Indigenous peoples and individuals have the right to belong to an indigenous community or nation, in accordance with the traditions and customs of the A/RES/61/295 5 community or nation concerned. No discrimination of any kind may arise from the exercise of such a right.

Article 17: 1. Indigenous individuals and peoples have the right to enjoy fully all rights established under applicable international and domestic labour law. 2. States shall in consultation and cooperation with indigenous peoples take specific measures to protect indigenous children from economic exploitation and from performing any work that is

8

likely to be hazardous or to interfere with the child's education, or to be harmful to the child's health or physical, mental, spiritual, moral or social development, taking into account their special vulnerability and the importance of education for their empowerment. 3. Indigenous individuals have the right not to be subjected to any discriminatory conditions of labour and, inter alia, employment or salary.

### *Organization of American States Declarations of Rights of Indigenous Peoples:*

Article 1: The American Declaration on the Rights of Indigenous Peoples applies to the indigenous peoples of the Americas.

Article 3: Indigenous peoples have the right to self-determination. By virtue of that right, they freely determine their political status and freely pursue their economic, social, and cultural development.

Article 5: Indigenous peoples and individuals have the right to the full enjoyment of all human rights and fundamental freedoms, as recognized in the Charter of the United Nations, the Charter of the Organization of American States, and international human rights law.

Article 10: 1) Indigenous peoples have the right to maintain, express, and freely develop their cultural identity in all respects, free from any external attempt at assimilation. 2) States shall not carry out, adopt, support, or favor any policy of assimilation of indigenous peoples or of destruction of their cultures.

Article 13: 1) Indigenous peoples have the right to their own cultural identity and integrity and to their cultural heritage, whether tangible or intangible, including historic and ancestral heritage; and to the protection, preservation, maintenance, and development of that cultural heritage for their collective continuity and that of their members and so as to transmit that heritage to future generations. 2) States shall provide redress through effective mechanisms, which may include restitution, developed in conjunction with indigenous peoples, with respect to their cultural, intellectual, religious, and spiritual property taken without their free, prior, and informed consent or in violation of their laws, traditions, and customs. 3) Indigenous people have the right to recognition and respect for all their ways of life, cosmovisions, spirituality, uses, customs, norms, traditions, forms of social, economic, and political organization; forms of transmission of knowledge, institutions, practices, beliefs, values, dress, and languages, recognizing their inter-relationship as established in this Declaration.

Article 16: 1) Indigenous peoples have the right freely to exercise their own spirituality and beliefs and, by virtue of that right, to practice, develop, transmit, and teach their traditions, customs, and ceremonies, and to carry them out in public and in private, whether individually or collectively. 2) No indigenous people or individual shall be subjected to pressures or impositions, or any other type of coercive measures that might impair or limit their right freely to exercise their indigenous spirituality and beliefs. 3) Indigenous peoples have the right to preserve, protect, and access their sacred sites, including their burial grounds, to use and control their sacred objects and relics, and to recover their human remains. 4) States, in conjunction with indigenous peoples, shall adopt effective measures, to promote respect for indigenous spirituality and beliefs, and to protect the integrity of the symbols, practices, ceremonies, expressions, and spiritual protocols of indigenous peoples, in accordance with international law.

Article 18: 1) Indigenous peoples have the collective and individual right to the enjoyment of the highest attainable standard of physical, mental, and spiritual health. 2) Indigenous peoples have the right to their own health systems and practices, as well as to the use and protection of their vital medicinal plants, animals and minerals, and other natural resources for medicinal use in their ancestral lands and territories. 3) States shall take measures to prevent and prohibit indigenous peoples and individuals from being subjects of research programs, biological or medical experimentation, or sterilization without their free, prior and informed consent. Likewise, indigenous peoples and individuals have the right, as appropriate, to access to their data, medical records, and documentation of research conducted by individuals and institutions, whether public or private. 4) Indigenous peoples have the right to use, without discrimination of any kind, all the health and medical care institutions and services accessible to the general population. States, in consultation and coordination with indigenous peoples, shall promote intercultural systems and practices in the medical and health services provided in indigenous communities, including training of indigenous technical and professional health care personnel. 5) States shall ensure the effective exercise of the rights contained in this article.

Article 19: 1) Indigenous peoples have the right to live in harmony with nature and to a healthy, safe, and sustainable environment, essential conditions for the full enjoyment of the rights to life and to their spirituality, cosmovision, and collective well-being. 2) Indigenous peoples have the right to conserve, restore, and protect the environment and to manage their lands, territories and resources in a sustainable way. 3) Indigenous peoples have the right to be protected against the introduction, abandonment, dispersion, transit, indiscriminate use, or deposit of any harmful substance that could adversely affect indigenous communities, lands, territories and resources. 4) Indigenous

peoples have the right to the conservation and protection of the environment and the productive capacity of their lands or territories and resources. States shall establish and implement assistance programs for indigenous peoples for such conservation and protection, without discrimination.

Article 22: 1) Indigenous peoples have the right to promote, develop and maintain their institutional structures and their distinctive customs, spirituality, traditions, procedures, practices and, in the cases where they exist, juridical systems or customs, in accordance with international human rights standards. 2) Indigenous law and legal systems shall be recognized and respected by national, regional and international legal systems. 3) Matters concerning indigenous individuals or their rights or interests in the jurisdiction of each State shall be conducted in such a way as to afford indigenous individuals the right to full representation with dignity and equality before the law. Consequently, they are entitled, without discrimination, to equal protection and benefit of the law, including the use of linguistic and cultural interpreters. 4) States shall take effective measures in conjunction with indigenous peoples to ensure the implementation of this article.

Article 27: 1) Indigenous peoples and individuals have the rights and guarantees recognized in national and international labor law. States shall take all special measures necessary to prevent, punish and remedy any discrimination against indigenous peoples and individuals. 2) States, in conjunction with indigenous peoples, shall adopt immediate and effective measures to eliminate exploitative labor practices with regard to indigenous peoples, in particular, indigenous children, women and elderly persons. 3) Where indigenous peoples are not effectively protected by the laws applicable to workers in general, States, in conjunction with indigenous peoples, shall adopt all necessary measures to: a. protect indigenous workers and employees in relation to hiring under fair and equal conditions in both formal and informal employment; b. establish, apply, or improve labor inspection and the enforcement of rules with particular attention to, inter alia, regions, companies, and labor activities in which indigenous workers or employees participate; c. establish, apply, or enforce laws so that both female and male indigenous workers: i. enjoy equal opportunities and treatment in all terms, conditions, and benefits of employment, including training and capacity building, under national and international law; ii. enjoy the right of association, the right to form trade unions and participate in trade union activities, and the right to collective bargaining with employers through representatives of their own choosing or through workers' organizations, including traditional authorities; iii. are not subject to discrimination or harassment on the basis of, inter alia, race, sex, origin, or indigenous identity; iv. are not subject to coercive hiring systems, including debt servitude or any other form of forced or compulsory labor, regardless of whether the labor arrangement

arises from law, custom, or an individual or collective arrangement, in which case the labor arrangement shall be deemed absolutely null and void; v. are not forced to work in conditions that endanger their health and personal safety; and are protected from work that does not conform to occupational health and safety standards; vi. receive full and effective legal protection, without discrimination, when they provide their services as seasonal, occasional, or migrant workers, as well as when they are hired by employers, such that they receive the benefits of national laws and practices, which shall be in accordance with international human rights laws and standards for this category of workers; d. ensure that indigenous workers and their employers are informed of the rights of indigenous workers under national law and international and indigenous standards, and of the remedies and actions available to them to protect those rights. 4) States shall take measures to promote employment of indigenous individuals.

Article 28: 1) Indigenous peoples have the right to full recognition and respect for the ownership, dominion, possession, control, development, and protection of their tangible and intangible cultural heritage and intellectual property, including its collective nature, transmitted over millennia from generation to generation. 2) The collective intellectual property of indigenous peoples includes, inter alia, traditional knowledge and traditional cultural expressions, including traditional knowledge associated with genetic resources, ancestral designs and procedures, cultural, artistic, spiritual, technological, and scientific expressions, tangible and intangible cultural heritage, as well as knowledge and developments of their own related to biodiversity and the utility and qualities of seeds, medicinal plants, flora, and fauna. 3) States, with the full and effective participation of indigenous peoples, shall adopt measures necessary to ensure that national and international agreements and regimes provide recognition and adequate protection for the cultural heritage of indigenous peoples and intellectual property associated with that heritage. In adopting such measures, consultations shall be held to obtain the free, prior and informed consent of indigenous peoples

Article 33: Indigenous peoples and individuals have the right to effective and suitable remedies, including prompt judicial remedies, for the reparation of any violation of their collective and individual rights. States, with the full and effective participation of indigenous peoples, shall provide the necessary mechanisms for the exercise of this right.

Article 34: In the event of conflicts or disputes with indigenous peoples, States shall provide, with the full and effective participation of those peoples, just, equitable and effective mechanisms and procedures for their prompt resolution. For that purpose, due consideration and recognition shall be accorded to the customs, traditions, norms and legal systems of the indigenous peoples concerned.

***American Constitution:***

1st Amendment: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

4th Amendment: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

# <u>Other Legal documents:</u>

- Senate Bill 1383
- Senate Bill 1159
- Assembly Bill 685
- The Americans with Disabilities Act
- The Civil Rights Act of 1964
- Genetic Information Nondiscrimination Act

13

# LaRon Johnson
# (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | Date of Request | 11/02/2021 |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| La Ron Johnson | | 062736 |
| **Job Title** | | **Email Address** |
| Train Control Electronic Technician | | ljohns2@bart.gov |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| SEIU | | Tesfay Ghebru |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable,  the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.  My religion or belief system is (enter description): Hebraism |
| 2.  I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 2013 |
| 3.  My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): <br> The vaccine conflicts with my faith. Matthew 24:7-8 says in the beginning of the time of sorrows(the last days) there will be wars, famines and pestilence. From our perspective covid 19 is just one of the pestilences created as a caveat to intice men to repent. Proverbs 3:5 encourages us to trust in God. Jer 17:5 and Psa 118:8 teach that it is cursed to trust in man and not the Lord. Deut 32:39 teaches that God controls life and death so getting a vaccination won't stop you from dying when God ordained for you to die. Amo 5:19 teaches even if you escape death one way, if it is your time, God will create another way to end your life; thus getting a vaccination to prevent covid is unnecessary. |

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4.  If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

The difference between this vaccine and others is the nature of its presentation. 5 in 6 of people who contract covid have mild symptoms. The global mortality rate is about 3.4% and most of those deaths were people who are over 50 years of age or have respiratory or immune system ailments. Data also shows that deaths among fully vaccinated Americans rose sharply in the latest outbreak. In addition, the vaccine isn't meant to prevent contraction, it is meant to reduce the severity of the symptoms. Yet, governments globally are making it mandatory to get the vaccination in spite of having this data. That is very suspicious. It normally takes 10-20 years to develop a vaccine; the fastest vaccine created was the mumps vaccine which took 4 years to develop. In a case like this, my faith requires us to look to our God for protection and not men.

5.  If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. ■YES ☐NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____          11/02/2021
Employee Signature                                                        Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

# Frank Kitzmiller
# (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | Date of Request | 12-9-21 |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| FRANK KITZMILLER | | 047404 |
| **Job Title** | | **Email Address** |
| TRAIN OPERATOR | | FRANKKITZMILLER@GMAIL.COM |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| ATU 1555 | | DEWANNIA DUNN DK YARD/MILLBRAE SIL GONZALEZ |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description):

    PLEASE SEE ATTACHMENTS

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year):

    PLEASE SEE ATTACHMENTS

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):

    PLEASE SEE ATTACHMENTS

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

PLEASE SEE ATTACHMENTS

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

PLEASE SEE ATTACHMENTS

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

PLEASE SEE ATTACHMENTS

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____
Employee Signature

_12 - 9 - 21_
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/____

Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/____

Frank Kitzmiller #047404 Religious Exemption Request

I found questions #1 through #4 difficult to separate. There for I have combined all four together. I trust you will find this format acceptable.

Questions #1, #2, #3 and #4 Attachment

I have been a practicing Roman Catholic all my life. I was baptized in the church at an age too young to remember. Growing up in South San Francisco, my family attended several churches Mater Dolorosa , and Saint Veronica's  but our main church was All Souls Church/School. This is where I was baptized, went to Catechism, first communion, confirmation, and for a while attended Catholic School (when my parents could afford it). As an adult, I have attended other churches depending on where I was living at the time. Currently, I am back at Mater Dolorosa Church. The little church with a small town feel has a lot of childhood memories for me, and I prefer the Latin Mass delivered by Father Joseph. More in earlier years, I was involved in numerous church activities including volunteerism, and I participated in a variety of church sponsored functions that at times, the church has recognized me and showed appreciation by  presentations of recognition.

As a rule, I am not opposed to vaccines. However, in this particular case, my religious beliefs prevent me from being able to take any of the available Covid-19 vaccines due to the fact that in one way or another they all employ cell lines derived from aborted fetus.

1. Johnson & Johnson: Fetal cell cultures are used to produce and manufacture the J&J Covid-19 vaccine and the final formulation of this vaccine includes residual amounts of the fetal host cell proteins and/or host cell DNA.

2. Pfizer: The HEK-293 abortion-related cell line was used in research related to the development of the Pfizer Covid-19 vaccine.

3. Moderna: Aborted fetal cell lines were used in both the development and testing of Moderna's Covid-19 vaccine.

The Church has differing view points on this issue. I am in agreement with the teaching of the prelates who on this issue of conscience have come down strongly against any use of the available abortion-derived vaccines stating that it would be sinful to cooperate, even directly in the crime of abortion in particular. to give some examples of this stance:

1. Bishop Joseph G Strickland has been vocal in the church.
   "I urge you to reject any vaccine that uses the remains of aborted children in research, testing, development or production. Trust in essential life and not fear of suffering in this one."

2. Cardinal Janis Pujats, Archbishop Tomash Peta, Archbishop Jan Pawel Lenga, and Bishop Athanasius Schneider: All have stated jointly that

"The crime of abortion is so monstrous that any kind of concatenation with this crime, even a very remote one, is immoral and cannot be accepted under any circumstances by a Catholic once he has become fully aware of it. One who uses these vaccines must realize that his body is benefitting from the 'fruits' (although steps removed through a series of chemical processes) of one of mankind's greatest crimes. Any link to the abortion process, even the most remote and implicit, will cast a shadow over the Church's duty to bear unwavering witness to the truth that abortion must be utterly rejected. The ends cannot justify the means."

3. Other Bishops including those in Colorado and South Dakota have also conspired to their sincerely held personal religious beliefs that they cannot partake in any of the available Covid-19 vaccines currently available .

The Catechism of the Catholic Church in **IV. Erroneous Judgment states:**

1790   A human being must always obey the certain judgment of his conscience. If he were deliberately to act against it, he would condemn himself. Yet it can happen that moral conscience remains in ignorance and makes erroneous judgments acts to be performed or already committed.

My intention with the previous information presented was not to overwhelm with data and scripture but to supply information to those who might not be familiar with the Catholic Religion and their teachings.

I am the youngest of four children. I have a brother 13 years older than me. I have another brother 11 years older, and a sister 9 years older.  My parents thought that they were through having children. At the age of 41, my mother was told that she was pregnant. The doctor further stated that if she didn't want it, he knew a place where she could go to take care of the problem. (keep in mind this was 1959, abortion was illegal). My mother responded back firmly "if I am pregnant, I am going to have my baby." My mother never referred to me as a problem or a mistake but only as her little surprise.  My parents and siblings provided me with most beautiful, caring and loving environment one could ever ask for.  No one will ever convince me that life does not start at conception, I am living prove of it.

Our time is short here, we take nothing with us when we leave, not money or trinkets we corrected along the way.  Our bodies are just an earth suit to house our soul so we can experience all the wonders of the world.  To abort a child is to rob a soul of their future life experience that was given to them by God.

I hope that I was able to convey my spiritual beliefs and deeply held convictions. If you have any questions for me, please do not hesitate to call.  I can be reached at (650)355-5333.

In closing, I wish  to say that I pass no judgment on any one and respect different views and opinions on this subject, and would hope to be granted the same respect back.  We are all in this together.

Thank you for your time and consideration.

Frank Kitzmiller  #047404  Religious Exemption Request

Question # 5 attachment

The following is a list of suggestions for your review:

I will meet any request or demands listed,or not listed below and perform any tasks at any location regardless of the hour(s) or distance traveled at my own expense, on my own time without hesitation that the district may deem necessary in this matter that would allow me to continue my employment.

1. In addition to the standard protective measures such as
   a. N-95 mask.
   b. (2) Masks.
   c. Gloves.
   d. Protective eye wear.
   e. 6 foot social distancing.
   Other options in addition or in lieu of can be:
   a. Portable air purifying respirators that come in a variety of styles that are light weight, portable and durable.  The hose fits under the uniform shirt.  (Please see attachments for a variety of samples.)
   b. Full lab and hospital grade body suit that is light weight and thinly lined that can be worn under the uniform and hat.(Please see attachment for a sample.)

2. I can work the graveyard shift. (easily held with my seniority of 37 years.)

3. Alternative break areas.
   a. Millbrae  Reporting Station has a number of seldom used satellite rooms away from other employees that can function as a break area for me. I can wipe down with disinfectant  wipes and spray the room with disinfectant after each use.
   b. Daily City Yard has many options as well that includes facilities in Colma Station that are designated break areas that are no longer used after the completion of the Airport extension.
      Note:  Colma Station Platform #3 is also the Daily City Yard Transfer #4.
      Note:  Daily City Yard is a small yard with both north and south entrance points to Colma Station.

4. Testing options for Covid-19.
   a. Rapid testing as often as every 24 hours at designated district approved facilities and/or use a home  test kit either before my work shift begins or at the beginning of my shift under my supervisors supervision.

5. Use vacation hours or days when needed to resolve any conflict the district may find in a particular unexpected situation .

6. Accept another position at BART regardless of the job title and duties that would be equal to my current pay scale.

Frank Kitzmiller  #047404  Religious Exemption Request

Question #6 Attachment

My pastor was unable to supply me with a Covid-19 vaccination exemption letter. He was told to refer all request to the Archdiocese of San Francisco for review and final approval. Any priest caught disobeying this order would face certain discipline. My  request was granted and signed by the Archbishop. However, the letter is lacking the personal information about myself that BART had requested and that I was expecting.



ARCHDIOCESE OF
**SAN FRANCISCO**  |  OFFICE OF THE ARCHBISHOP

December 3, 2021

FRANK KITZMILLER
Via email: frankkitzmiller@gmail.com

Dear Frank,

The decision to be vaccinated is a deeply personal one. This is especially so when it comes to ethical considerations. For religious believers, these decisions are informed by the values that come from our faith.

Catholic moral theology has a highly developed and nuanced approach to determining when it can be licit to cooperate in some way with a moral evil, and when it is not. The determination is based on three factors, all of which must be weighed among themselves: the gravity of the evil that has been perpetrated; the distance from the evil of the one cooperating; and the benefits to be derived from the cooperation.

In the case of the current Covid-19 vaccines, all of the ones available in the United States are morally problematic, in that they have used cell lines derived from a fetus aborted approximately fifty years ago in the research into, and sometimes the production of, the vaccines. The Catholic Church's doctrinal office, the Congregation for the Doctrine of the Faith, issued a Note on the morality of using some anti-Covid-19 vaccines last December, in which it determined that, given the remote connection to the evil perpetrated and the benefits to be derived from these vaccines, a Catholic *can* (not must) accept them in good conscience. However, it also emphasized that vaccination is not a moral obligation. Thus, each person must weigh in their own conscience the benefits to be derived from vaccination versus the connection to an evil act which made that vaccine possible.

Included in this is weighing the benefits of vaccination and concomitant risks of side effects, versus benefits of refusing vaccinations and concomitant risk of negative health effects if infected with the virus. We should not have to cooperate with evil in any way, but since each person's health situation is different, each individual will have to decide for themselves if their situation can justify taking these morally problematic vaccines. More information and helpful resources, including a sample letter you can use to request a religious exemption, are available on the website of the National Catholic Bioethics Center (www.ncbcenter.org).

The Catholic Church requires people neither to accept nor to refuse these vaccines. Rather, each Catholic must make this determination within the sanctuary of his or her own conscience. The Church respects your right to do that, and counts on governments and employers to do the same.

Sincerely yours,

+ Salvd Cal

Most Reverend Salvatore J. Cordileone
Archbishop of San Francisco

# Jim Lasovich
# (Exhibit 1)



**BART**

## EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)

| | Date of Request | | |
|---|---|---|---|
| **Employee Name** | | **Employee ID Number** | |
| Jim Lasovich | | 056661 | |
| **Job Title** | | **Email Address** | |
| Operations Supervisor Liaison | | jlasovi@bart.gov | |
| **Union (or Non-Rep)** | | **Supervisor/Manager** | |
| AFSCME | | Supervisor | |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): I have been a Christian for a long time and remember my Father and my God Parents teaching us Catechism at a young age and as I got older I have been an advocate for Pro-Life. No faithful Christian can be Pro-Abortion. Therefore, it is my sincere belief that abortion is murder. Exodus 20:13 "You shall not Kill". As such I cannot accept in good conscience a Covid-19 Vaccine based on this strong Christian belief. Also The Church says a person should follow their own judgment of conscience and should not be coerced to go against their sincere religious beliefs.

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): Started becoming aware in my early adult years hearing about Abortion Rights and would have to say the defining moment for me in regards to backing Pro Life would be May 9, 1989.

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):
Explain how long you have had this sincere belief. The conflict that I have is that the Covid-19 Vaccines that are provided have been derived from cell lines from aborted children in the making and or testing of these vaccines and is therefore in direct conflict of my sincere Religious Belief. If I were to accept a Covid-19 vaccine, I would then be condoning the termination of a human life. God puts a value on the life especially an unborn child, Proverbs 24:11-12. So I believe that every human life from conception until we die is very sacred and that God has a purpose for all of us. As I mentioned in question (2) the defining moment for me would be the birth of my first child and when I looked upon her, everything was pretty clear to me about bringing a child into this world. Who could possibly want to wilfully abort or hurt in any way a human life who's only chance to come into this world is you and God and we know that God will give an unborn child a chance, question is will we? I knew about the issue of abortion as a young adult as I have mentioned, but I said the defining moment for me was the birth of my children and I will love and protect them as long as I live. We should all take responsibility for our own actions especially about life. In my opinion, I feel you couldn't prove your love and obedience more to God than by giving an unborn child a chance at having life. Obedience to God strengthens our Faith to him. Luke 11:28. Jesus replied "But even more blessed are all who hear the word of God and put it into practice".



**EMPLOYEE REQUEST FOR**
**RELIGIOUS EXEMPTION**
**(COVID-19 Vaccination)**

4.  If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

In addition to the my answer given in question 3, I would like to say that I pray everyday for God's guidance in everything I do and feel that I have made a moral choice and I feel that God has lead me to this moral and responsible decision. If a Christian feels that it is against their sincere belief and conscience that is between him and God, I also do respect the advice of all medical professionals. I know they are on the front line and know that they want the best help for people. I have not heard that Christians cannot take vaccines but to follow their Religious beliefs in good conscience and that a Christian may take a moral stance and deem it wrong to receive some vaccines for a variety of reasons. To be fair about vaccines, I have had all my childhood and Hepatitis Vaccines and also the Flu Vaccines in the past. I will say that after taking the Flu Vaccine, I did get sick from it and felt terrible for a few days afterwards and do not care for that feeling. So over time and as I got older I have made a conscience effort to abstain from taking vaccines in general. I also believe that it is in my best interest to refrain from ingesting pharmaceutical products into my body that are unclean. Prayer based healing is a central belief in the Christian Faith. Being exposed to selective illnesses will help us to build our immune systems naturally. The science on this is conclusive in that natural immunity is better than the Vaccine itself. Members of Congress and Senator Mike Lee has recently introduces a bill S.2846- Natural Immunity is Real Act.

5.  If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

I would like to say for the record that I have been working throughout the Covid situation and have exercised all Covid Protocols since the beginning. Therefore I would submit to weekly Covid testing if needed. Continue to wear a KN95 Mask, gloves and  social distance and continue to adhere to all Covid Protocols as I have in the past.
I would like to say  with all due respect to the District. Prior to the vaccines, there was a protocol for workers and others during 2020 that did not create an "undue hardship" and still would not be an "undue hardship" if the District continued to allow employees to perform their job which was considered a "safe and effective" practice prior to the introduction of the vaccine. If the Covid shots work and the people who have received them should be protected. Others who have sincere religious beliefs would not create an undue hardship. I am all about being safe and keeping others safe.

6.  Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.


I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.


Employee Signature _____

Date  11/11/2021

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received:  ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received:  ___/___/_____



2150 Webster St,
Oakland, CA 94604

## Proof Of Service By Mail

I declare that I, **Kelly Harrison**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA  94612, 4th Floor.

On **November 23, 2021,** I hereby enclosed in a sealed envelope the following **Denial—COVID-19 Vaccine Mandate Religious Exemption Request Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Jim Lasovich**
> **463 Desert Gold Terrace**
> **Brentwood, CA 94513**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **November 23, 2021** at Oakland, Alameda County, California.

Print Name:   **Kelly Harrison**

Signature: *Kelly Harrison*

# Tonya T. Lewis-Williams (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | Date of Request | 11/5/2021 |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Tonya Lewis Williams | | 058413 |
| **Job Title** | | **Email Address** |
| Utility | | tlewwilliams@yahoo.com |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| SEIU 1021 | | Daniel Hoover |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): Christianity

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): In Year 1975

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):
It is written in the BIBLE Acts 5:29 "Then Peter and the other apostles answered and said, We ought to obey God rather than men." Psalms 56:4 "In God I will praise his word, in God I have put my trust; I will not fear what flesh can do unto me." All three of the currently available COVID-19 vaccines are connected to aborted fetal cell lines.



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

My Christian religious beliefs compel me from accepting or injecting any of these products into my body. All three of the currently available COVID-19 vaccines are connected to aborted fetal cell lines. 1 Corinthians 3:17 "If any man defile the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are." In Revelation 13:17 "And that no man might buy or sell, save he that had the mark, or the name of the beast, or the number of his name."

5. If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. ☒YES ☐NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____
Employee Signature

11/5/2021
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____         Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

## CHRISTIAN RELIGIOUS EXEMPTION REQUEST

**TO: Bay Area Rapid Transit**

**RE: Request for Exemption from Mandatory COVID Vaccine**

**To: Whom It May Concern,**

This document is a Christian Exemption Request I am seeking a religious accommodation from **San Francisco Bay Area Rapid Transit (BART)** COVID-19 vaccine requirement because of my sincerely held religious beliefs. In 1 Corinthians 6:19-20, the Bible commands Christians to honor God by caring responsibly for our bodies as temples of the Holy Spirit. I believe that receiving any COVID-19 vaccine would violate the Bible's command to honor God with my body because of the involvement of fetal stem cell lines in the COVID vaccines' development (Johnson & Johnson) and testing (Moderna and Pfizer). See David Prentice, Ph.D., COVID-19 Vaccine Candidates and Abortion-Derived Cell Lines, Charlotte Lozier Institute, June 2, 2021,

https://lozierinstitute.org/update-covid-19-vaccine-candidates-and-abortion-derived-cell-lines/.

The Bible states that a developing fetus in the womb was created by God and is a life that deserves to be protected. See, e.g., Psalm 139. Therefore, receiving a COVID vaccine would violate my deeply held beliefs about, first, honoring God in caring for my body, and second, advocating for the protection of sacred life. See Proverbs 31:8-9, Jeremiah 22:3, James 1:27.

Signed: _____     Date: 11/5/2021

## CHRISTIAN RELIGIOUS EXEMPTION REQUEST

**TO: Bay Area Rapid Transit**

**RE: Request for Exemption from Mandatory COVID Vaccine**

**To: Whom It May Concern,**

I, **Tonya Lewis Williams** Religious Faith is Christianity from 1975 to the present under fundamental Independent Baptist Bible Believing practices. My faith is between and God, not this paper or ink the bible is alive and proven perfect. The lord is my Sheppard remember God First and Always.

1 Corinthians 6:19
**"What? know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own?"**

1 Corinthians 6:20
**"For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's.**

Psalms 139:14
**"I will praise thee; for I am fearfully and wonderfully made: marvellous are thy works; and that my soul knoweth right well."**

James 1:27
**"Pure religion and undefiled before God and the Father is this, To visit the fatherless and widows in their affliction, and to keep himself unspotted from the world. Current leadership Rev. Dr. Frankie L. Coleman, Sr.**

Signature _____     Date __11/5/2021__

# CHRISTIAN RELIGIOUS EXEMPTION REQUEST

## ADDITIONAL DOCUMENTATION

**TO:** Bay Area Rapid Transit

**RE:** Additional Document Request for Exemption from Mandatory COVID Vaccine

**To:** Whom It May Concern,

According to the Christian Faith, Tonya Lewis Williams Baptism was in the year 1975

**Place of Baptism:** Sinclair Missionary Baptist Church

4900 Auto Center Boulevard Bremerton, WA 98312

| | |
|---|---|
| **Father Name:** | Clarence Henry Williams |
| **Mother Name:** | Gladys Lee Lewis |
| **Pastor:** | Rev. Chester A. Taylor |
| **Witness:** | Yulanda Lewis |
| **Witness:** | Mildred Bynes |

**Signed:** _Yulanda Lewis_          **Date:** 12-4-2021

**Signed:** _____          **Date:** _____

# Raymond Lockett (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| Date of Request | |
|---|---|
| **Employee Name** | **Employee ID Number** |
| Raymond Lockett | 055389 |
| **Job Title** | **Email Address** |
| Operations Supervisor Liaison | rlocke2@bart.gov |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| AFSCME | Erick Lam |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable,  the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.   My religion or belief system is (enter description): The Institute of Divine Metaphysical Research (Christian) |
| 2.   I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1978 |
| 3.   My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): Doctrinal principles of my faith opposes succumbing to vaccinations or transfusions that would inflict my body to be penetrated with foreign substances and/or organisms. (See attached statement pg. 3) |



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | |
|---|---|
| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). |

N/A

| | |
|---|---|
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. |

In my position, I have limited contact with the public, BART personnel, and BART contractors. I work early day-shifts with most of the work being performed prior to BART peak revenue hours, where customer contact is not a factor. My duties are not performed in enclosed spaces that would present a hazard to others. Typically, I am assigned to stations, vent structures, aerial structures, and other active BART project areas that are outside. My initial contact with personnel is about 5 minutes for a safety briefing, which is designed to accommodate social distancing. Additional contact might Include opening/closing stations, train control rooms, and other locked areas on BART property. Contractors and BART personnel are spread throughout the work areas, and I'm not required to supervise workers in close proximity (6 ft.). My work areas are large, which keeps me from having to work within 6 feet of others.

The essential functions of my position does not pose a threat to the health and safety of others in the workplace. My reasonable accommodation request includes me continuing working in position as I continue to follow CDC, and other applicable public health guidelines for "un-vaccinated" persons.

| | |
|---|---|
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

Raymond Lockett   Digitally signed by Raymond Lockett
Date: 2021.12.08 12:34:13 -08'00'

12/08/2021

Employee Signature                                              Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐**YES** ☐**NO**

Date Documentation Received: ___/___/_____

I, **Raymond Lockett,** am a member and officer at the Institute of Divine Metapysical Research. I assert that I have a sincerely held religious belief that prevents me from receiving the COVID-19 vaccine(s).

Vaccine viruses,includi ng COVID-19 vaccines, are grown by use of fetal cells[1] .The presence and use of human fetal cells taken from aborted person(s) is in direct conflict with my religious scripture (Holy Bible) and my beliefs[2] . My participation in vaccination programs would represent an indirect engagement and participation in abortion, and would pose a direct threat to my religious and moral obligations as a Christian[3] .

The information I provided  is in support of my request for a religious exemption and accommodation.

Raymond Lockett

Digitally signed by Raymond
Lockett
DN: cn=Raymond Lockett, o, ou,
email=rlocke2@bart.gov, c=US
Date: 2021.12.11 16:57:11 -08'00'

Raymond G. Lockett                                                    December 8, 2021

References:

_____

[1] https://www.https://www.nationalgeographic.com/science/article/here-are-the-facts-about-fetal-cell-lines-and-covid-19-vaccines

  https://www.chop.edu/centers-programs/vaccine-education-center/vaccine-ingredients/fetal-tissues

[2] Holy Bible New King James Version - Exodus 21:22-25, Exodus 20:13, Jeremiah 1:5, Psalm 139:12-16, Judges 16:17;  Proverbs  6:16-17; Deuteronomy 19:10; 1  Samuel  19:5

[3]  https://ag.org/Beliefs/Position-Papers/Abortion-Sanctity-of-Human-Life

### Religious Exemption COVID-19 Vaccination

**Employer:** San Francisco Bay Area Rapid Transit District

**Employee Name:** Raymond G. Lockett

**Beliefs and practices**: Raymond's beliefs and practices are according to scripture from the Holy Bible. Raymond worships Yahweh, our Elohim daily and lives his life through the spiritual guidance of Yahshua the Messiah through the Holy Spirit[1]. Taking the COVID-19 vaccination would be an abomination to Yahweh as the body would be defiled[2], leading to the departure of the Holy Spirit that dwells in us[3]. As mentioned in scripture, we believe our bodies are considered the Temple of the Holy Spirit (Yahshua), and we are not permitted to defile our bodies with things considered unclean[4].

Additionally, we believe the COVID-19 vaccination program is conditioning society to accept the mark of the beast system once it's available, as mentioned in the Holy Bible. The mark of the beast system is a new world system ruled by the anti-Christ. If a person does not accept/have the mark, they will not be able to buy nor sell, and that person will be ousted from functioning in society and killed[5]. Our current society is in the process of mandating a no vaccine – no entry into businesses, no vaccine – no job, and no vaccine – ousted from functioning in society.

**Origin of beliefs:** Raymond began following the Institute of Divine Metaphysical Research (IDMR) in August of 1978 when he was approached by another one of our members on the BART train on his way to work. That introduction was followed by a bible study invitation in which Raymond began worshipping at a local branch of the IDMR in Oakland, CA.

Raymond and I continue to worship together and we continue to follow and study the eternal Word of Yahweh in the Holy Bible[6]. Raymond does not belong to a church and as it is mentioned in the Holy Bible, we are not required to attend a church to exercise our faith. It only requires two of us to worship for the Spirit of Yahweh to be present[7]. We individually make the church, not the church building[8].

**Our beliefs and practices are sincerely held and our beliefs are in conflict with the COVID-19 vaccination.**

---

Holy Bible – New King James Version (NKJV)
[1] 1 Corinthians 6:15-20
[2] 1 Corinthians 3:17
[3] Psalm 51:9-11
[4] Leviticus 5:1-3
[5] Revelation 13:15-18; Revelation 14:9-10; Revelation 16:2; Revelation 19:20; Revelation 20:4
[6] John 1:1
[7] Matthew 18:20
[8] 2 Corinthians 6:16

# Michael Manzano
# (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| Date of Request | 10-14-2021 |
|---|---|
| **Employee Name** | **Employee ID Number** |
| MICHAEL MANZANO | 058141 |
| **Job Title** | **Email Address** |
| POLICE OFFICER | mmanzan@bart.gov |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| BPOA | SGT. S. O'CONNER |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| | |
|---|---|
| 1. My religion or belief system is (enter description): | CHRISTIAN |

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 2011

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):

PLEASE SEE ATTACHED.

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV

**Question #3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):**

God the Creator created me in His own image; in the image of God I was created (Genesis 1:26-27, 1 Corinthians 11:7). When my Lord and Savior Jesus Christ ascended into heaven He gave me the Holy Spirit, who is part of the Holy Trinity of God, to dwell in my body (John 14:16, John 16:7). My physical body, therefore, is a very temple for God the Holy Spirit (1 Corinthians 3:16, 6:19). Every Christian is God's literal masterpiece and workmanship, created to do the good works God has prepared for us to do (Ephesians 2:10). It is my God-given duty to, while alive in this body, guard the good news of salvation within (2 Timothy 1:14).

Vaccines are an affront to me, as a Christian, an active member of the Body of Christ. The vaccine is a harmful intrusion to the body and soul, is antithetical and incompatible to the teachings of the Holy Scriptures. I've been a member of the Redeeming Grace Church since 2017, of the church of Calvary in San Mateo since 2021, and of the Patterson First Baptist Church since 2018.

As a believer in Jesus Christ I know that the body is the temple of the Holy Spirit. God has created me with an immune system and I object to the intrusion of any medical intervention designed to modify God's design of the immune system. I am called to honor the Lord in all that I do.

Taking a covid vaccine is an affront to my sincerely-held Christian beliefs. It is an affront to my personal, Christian beliefs to inject my body with a man-made substance in an effort to "improve" the immune system —- whereas God has already created my body with mechanisms to ward off disease.

I as a believer in Jesus Christ as Lord and Savior believe in the tenets of the Holy Scriptures which state I was made in the image of God and am an image-bearer of God. I will be called into account for all that I do, including what I do to my body! To be forced to do something which violates this belief is to sin against God who loves me and gave me life.



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

AS AN ADULT I HAVE NEVER TAKEN
ANY VACCINE.

5. If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance, ☒YES ☐NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____
Employee Signature

10-14-2021
_____
Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

**Employee: Michael Manzano, #058141.**

**Subject: In response to "Employee Request for Religious Exemption, Supplemental Documentation"**

1. As a reasonable accommodation to perform the essential functions of my job safely, I request the following, per current employee guidelines: (a) Stay Home: If you are sick or exhibiting symptoms of COVID-19, do not come to work; (b) Wear a Mask: Face coverings are required to be worn when in public or around other employees or members of the public; (c) Social Distancing: Practice physical distancing – stay 6 feet away from people; (d) Hand Washing: Practice frequent handwashing and use of hand sanitizer.

   Additionally, as per the guidelines on the CDC's main website: (e) improving air quality inside work facilities, such as with improved air filtration systems and cleaning of carpeted floors; (f) increased and consistence use of wearing gloves and eye protection.

   Additionally, I request: (g) ensured washing/cleaning of work uniforms, equipment, and boots on a regular basis; (h) ensured cleaning of department vehicles during the work shift before and after; (i) restricting time indoors for only important work related business duties, to be approved by a supervisor.

   These total nine (9) options for accommodations. These requests are reasonable and cost-efficient (or free) so as to not greatly affect BART District resources or operational needs.

1. Written statement, affidavit or other document from a religious leader or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

   PLEASE SEE ATTACHED DOCUMENT.

 redeeming grace

PO Box 550, Redwood City CA 94064

www.redeeminggracechurch.net
info@redeeminggracechurch.net

November 8, 2021
RE: BART Employee Request for Religious Exemption COVID19 Vaccination

To whom it may concern,

The Christian faith is a growing faith over time as an individual is confronted with the teachings of Scripture and they apply them to life's decisions especially as to activities of behavior and the use of one's body.  This includes the use of drugs (both legal and illegal).  This can also include medicines and medical procedures that effect the body with a potential in a negative way.  My congregant, who has been a part of our congregation, has heard sermons as well as entered discussions with myself and other members about the Biblical commands towards how we use our bodies, what we put into them, and the ethical decisions about taking certain medications and allowing certain medical procedures.

A Christian has the responsibility to grow in their understanding of theology and practice.  This learning process happens as they read books and articles as well as listen to sermons from their pastor and other pastors who are a part of the world-wide universal Church.  Often times when confronted with decisions it forces a believer to build upon their convictions.

I have read the belief system that my congregant has described to you concerning his concerns with the Covid19 vaccine and I believe it fits into the biblical Scriptural tenets of the Christian faith which forms our conscience.  My congregant came into the Christian faith over ten years ago and has gained these convictions over this time.  For anyone of the Christian faith, to go against our religious conscience is not right before God our creator nor is it healthy to do so.  Therefore, to force a person to do something that goes against their conscience is regarded by God our Lord and Savior as well as the US Constitution as illegal.

Sincerely,

Rick Carbonneau
Pastor, Redeeming Grace Church
Redwood City, CA
650-771-4175

# Teresa Owens
# (Exhibit 1)

I ASK that this request for exemption be kept 100% confidential as it contains thoughts and sentiments not shared in casual conversation and it very personal.



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | |
|---|---|
| **Date of Request** | 11/11/2021 |

| **Employee Name** | **Employee ID Number** |
|---|---|
| Teresa Owens | 058335 |
| **Job Title** | **Email Address** |
| Station Agent | teresaowens1061@gmail.com |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| ATU1555 | CHAROLETTE DANGERFIED |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): CHRISTIAN

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year):
ALL MY LIFE, MY EARLIST MEMORIES SOMETIME IN THE 1970S

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):
THE COVID VACCINE IS IN DIRECT CONFLICT WITH MY BOND TO THE MOST HIGH. MY BELIEFS FORBID ME FROM ACCEPTING A COVID 19 VACCINE. I AM FOLLOWING MY BELIEF SYSTEM BY PRACTICING MY FIRST AMENDMENT RIGHT TO FREEDON OF RELIGION, AND NOT TAKING THE COVID 19 VACCINE.
1CORINTHIANS 6:12
CORINTHIANS 6:19

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4.  If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

TITLE VII OF THE CIVAL RIGHTS ACT OF 1964, ALLOWS ME TO HAVE A PERSONAL RELIGIOUS BELIEF THAT EFFECTS MY BODY. THERE ARE THREE REASONS WHY THIS SPECIFIC VACCINE EFFECTS MY RELIGIOUS BELIEFS,
1. THE COVID19 VACCINE DO NOT WORK THE SAME AS TRADITIONAL VACCINES.
2. WITH THE CURRENT VACCINES THERE IS A HIGH POSSIBILITY OF MY DNA BEING GENETICALLY ALTERED.
THE COVID19 VACCINE USES RNA TECHNOLOGY.
3. THE COVID 19 VACCINES ARE CREATED USING A CULTURE FROM ABORTED FETAL TISSUE.
ALL THESE ARE IN DIRECT VIOLATION OF MY BOND WITH THE MOST HIGH, I COULD NOT CONSIDER MYSELF A HOLY OR SPIRITUAL PERSON IF I TOOK THE VACCINE,  MY BODY IS GODS TEMPLE!

5.  If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

I WOULD WEAR A MASK
I WOULD ADHERE TO ANY COVID19 TESTING OPTION

6.  Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____          _____
Employee Signature                                          Date   11/11/21

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐**YES** ☐**NO**

Date Documentation Received: ___/___/_____

135325.1          Employee Request for Religious Exemption (COVID-19 vaccine) | Page 2

# Rosalind Parker (Exhibit 1)



**B A R T**

**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | Date of Request | |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Rosalind E. Parker | | 060396 |
| **Job Title** | | **Email Address** |
| Customer Service Clerk IV | | rparker@bart.gov |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| SEIU 1021 | | Brian Espinoza/Pat Seto |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1. My religion or belief system is (enter description): Follower of Christ |
| 2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1997 |
| 3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): See attached |

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV

3



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

See attached

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

I have been perfroming my job effectively and efficantly all these months just as i've been asked and has no undue hardship, no threat to health and saftey to others. 1. Continue my work as usual. 2. I will self check myself and if I have a fever I will stay home. System self screening. 3. Spit in a cup for testing if applicable. I will follow as long as the polices are applicable to the law in accordance.

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

Employee Signature

12/13/2021

Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

# Ryan Rivera

# (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

| | | |
|---|---|---|
| | **Date of Request** | 10/20/2021 |
| **Employee Name** | | **Employee ID Number** |
| Ryan Rivera | | 063188 |
| **Job Title** | | **Email Address** |
| Store Keeper | | lewtm@aol.com |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| SEIU 1021 | | Roland Fowlks |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): Christianity

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1977

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):

1 Corinthians 6:19-20, the Bible commands Christians to honor God by caring responsibly for our bodies as temples of the Holy Spirit. Receiving any COVID-19 vaccine would violate the Bibles command to honor God with my body because of the involvement of fetal stem cell lines in the COVID vaccines development (Johnson & Johnson) and testing (Moderna and Pfizer). 1 Corinthians 3:16 - 3:17 practices include my body is a temple and that the Spirit of God dwelleth in my temple and If any man defile the temple of God, him shall God destroy.



**BART**

**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

1 Corinthians 3:16 - 3:17 practices include my body is a temple and that the Spirit of God dwelleth in my temple and If any man defile the temple of God, him shall God destroy. I practice and observe the word of GOD. America was created by our founding fathers who had principles and a strong belief in GOD which is identified in the U.S. Constitution and Bill of Rights with protections. Separate Sheets Attachd.

5. If requested, I can provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. ■YES ☐NO

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_Ryan Rivera_                              10/20/2021

Employee Signature                         Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

## CHRISTIAN RELIGIOUS EXEMPTION REQUEST

**TO: Bay Area Rapid Transit**

**RE: Request for Exemption from Mandatory COVID Vaccine**

**To: Whom It May Concern,**

This document is a Christian Exemption Request I am seeking a religious accommodation from **San Francisco Bay Area Rapid Transit (BART)** COVID-19 vaccine requirement because of my sincerely held religious beliefs. In 1 Corinthians 6:19-20, the Bible commands Christians to honor God by caring responsibly for our bodies as temples of the Holy Spirit. I believe that receiving any COVID-19 vaccine would violate the Bible's command to honor God with my body because of the involvement of fetal stem cell lines in the COVID vaccines' development (Johnson & Johnson) and testing (Moderna and Pfizer). See David Prentice, Ph.D., COVID-19 Vaccine Candidates and Abortion-Derived Cell Lines, Charlotte Lozier Institute, June 2, 2021, https://lozierinstitute.org/update-covid-19-vaccine-candidates-and-abortion-derived-cell-lines/.

The Bible states that a developing fetus in the womb was created by God and is a life that deserves to be protected. See, e.g., Psalm 139. Therefore, receiving a COVID vaccine would violate my deeply held beliefs about, first, honoring God in caring for my body, and second, advocating for the protection of sacred life. See Proverbs 31:8-9, Jeremiah 22:3, James 1:27.

Signed: _____   Date: 10/20/2021



**International Fellowship of Christians and Jews®**

# PATRIARCH
### FELLOWSHIP

## JACOB

2021

**RYAN RIVERA**

**A Valued Friend for 3 Years**

29361



Isaiah 58.    *On Wings of Eagles.*    Guardians of Israel.    STAND *for* ISRAEL.

## 2019 *Valued Member in Good Standing*

### Whatever you did for one of the least of these brothers and sisters of mine, you did for me."

**Matthew 25:40**



**International Fellowship of Christians and Jews®**

30 North LaSalle • Suite 4300
Chicago, IL 60602-2584

**800-249-9003 • ifcj.org • info@ifcj.org**



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**
SUPPLEMENTAL DOCUMENTATION

| Employee Name | Employee ID Number |
|---|---|
| Ryan Rivera | 063188 |

In response to your request for a religious exemption to the COVID-19 vaccine, we are requesting additional information needed to process your request.

1. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

Past Practice - Based on past history, there are no conceivable circumstances under which were provided for months reasonable accommodations to employees cannot now do the same. Since the outbreak I social distance, wear a mask, gloves, sanitize areas, and create safety liaison reports in my work area. I have been performing my job duties without posing a threat to health or safety of others in the workplace. Reasonable accommodations to ensure health/safety in work area include temperature check, Weekly COVID-19 oral tests, remote positions offered or created or unpaid leave.

2. Please also provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_Ryan Rivera_                                    _10/26/2021_
Employee Signature                               Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV

# CHRISTIAN RELIGIOUS EXEMPTION REQUEST

## ADDITIONAL DOCUMENTATION

TO: Bay Area Rapid Transit

RE: Additional Document Request for Exemption from Mandatory COVID Vaccine

To: Whom It May Concern,


According to the Christian Faith Ryan Rivera Baptism was in the year 1977.

| | |
|---|---|
| Place of Baptism: | Templo De La Cruz 24362 Thomas Ave Hayward California 94544 |
| Father Name: | Ronald Rivera |
| Mother Name: | Debbie Rivera |
| Pastor: | John Akino |
| Witness: | Carnation Rivera |
| Witness: | Pablo Abud |

Signed: _Debbie Rivera_     Date: _10/26/21_

# Albert Roth
# (Exhibit 1)



# EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)

| | Date of Request | |
|---|---|---|

| Employee Name | Employee ID Number |
|---|---|
| | |
| **Job Title** | **Email Address** |
| | |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| | |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.  My religion or belief system is (enter description): |
| 2.  I have held this belief(s) system, or practiced and observed this religion since (enter date or year): |
| 3.  My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): |



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). |
|---|---|
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. |
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____                          _____
Employee Signature                                                                              Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

| Date Received: ___/___/_____ | Documentation Included? ☐**YES** ☐**NO** |
|---|---|
| Date Documentation Received: ___/___/_____ | |

# Jim Scullion
# (Exhibit 1)



**EMPLOYEE REQUEST FOR RELIGIOUS EXEMPTION (COVID-19 Vaccination)**

|  | Date of Request | |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| | | |
| **Job Title** | | **Email Address** |
| | | |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| | | |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable,  the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.   My religion or belief system is (enter description): |
| 2.   I have held this belief(s) system, or practiced and observed this religion since (enter date or year): |
| 3.   My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): |



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | |
|---|---|
| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). |
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. |
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____Jim Scullion_____          _____
Employee Signature                                                    Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐**YES** ☐**NO**

Date Documentation Received: ___/___/_____

# Szu Chen Sun
# (Exhibit 1)

(Name: Szu Cheng Sun)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | Date of Request | 12/06/21 |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Szu-Cheng Sun | | 063668 |
| **Job Title** | | **Email Address** |
| Computer Electronic Technician | | ssun1@bart.gov |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| SEIU | | Albert Schmitt |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| | |
|---|---|
| 1. My religion or belief system is (enter description): | Ruism |
| 2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): around 1980 | |
| 3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): | |

In the "Xiao Jing" (孝经) of Ruism, 「身體髮膚，受之父母，不敢毀傷」 [*1] which means "Our bodies - to every hair and bit of skin - are received by us from our parents, and we must not to injure or wound them", is what I believe and followed. As a true beliver of Ruism, I will not do something like piercing, tattooing, or anything similar to my body. Ruism also taught us that the Nature is the best and human intervention should be kept as less as possible. And, this is what I follow and what I do.

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV

(Name: Szu Cheng Sun)



**EMPLOYEE REQUEST FOR**
**RELIGIOUS EXEMPTION**
**(COVID-19 Vaccination)**

4.  If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

    I didn't have any vaccine since 1980.

5.  If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

    (1) Ware mask and keep social distance; (2) Stay away from workplace if infected until recovery; and/or (3) any reasonable accommodation provided.

    Based on a newly published (10/28) research paper on The Lancet, a peer-reviewed general medical journal, concludes that ".... fully vaccinated individuals with breakthrough infections have peak viral load similar to unvaccinated cases and can efficiently transmit infectionin household settings, including to fully vaccinated contacts ......" [*2]

    In other words, any unvaccinated person with the said accommodations said above, our workplace will be kept as safe as that of those fully vaccinated one could provide.

6.  Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

| | |
|---|---|
| Employee Signature | 12/06/21 |
| | Date |

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

(Name: Szu Cheng Sun)

References:
=========
[^1]: https://ctext.org/pre-qin-and-han/zh?searchu=%E8%BA%AB%E9%AB%94%E9%AB%AE%E8%86%9A&en=on

[^2]: "Community transmission and viral load kinetics of the SARS-CoV-2 delta (B.1.617.2) variant in vaccinated and unvaccinated individuals in the UK: a prospective,  longitudinal, cohort study"; Published on www.thelancet.com/infection at October 28, 2021, the research paper's URL here: https://doi.org/10.1016/S1473-3099(21)00648-4


Additional Information :
=================

(for the Item-6 of this Exemption)
Unlike Christianity nor Catholicism, Ruism's institutions were not a separate church, but those of society, family, school, and state. Also, Ruism's priests were not separate liturgical specialists, but parents, teachers, and officials. Ruism was part of the Chinese social fabric and way of life; to Confucians (or Ruism), everyday life was the arena of religion.

Self-Cultivation and Self-Examination are key dogmas of Ruism, even without priest like Christianity or Catholicism do, we dedicate ourselves to lifelong, continuous self-improvement.

However, without some kind of authorities of Ruism, such as that of a priest of Christianity,  it is very hard for me to obtain a document that you have requested. Unless testimony from my friend is acceptable, I guess the best alternative that I could provide at this moment, and hopefully you will understand and accept, is the statements explained above.

# Nick Taylor
# (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

|  | Date of Request | 11/9/2021 |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Nicholas Taylor | | 066093 |
| **Job Title** | | **Email Address** |
| Tool room attendant | | nickrtay1@gmail.com |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| SEIU | | Luis Granados |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

### EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1. My religion or belief system is (enter description): Personal ethics |
| 2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1988 (birth) |
| 3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): Please see attached file. |

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

As stated in my answer in the 3rd question, any medicine, vaccine, etc. that uses aborted fetal cells, is not something I put in my body. Furthermore, I consume almost no OTC drugs or those that are prescribed without doing doing thorough research. I always take a natural route to heal any ailments I may have. I utilize herbal teas, vitamins and eat a healthy diet as well as exercise to maintain my health. And I have to say, it ' s done wonders for me this far.

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

My duties actually require me to have little to no contact with others. I am stationed in a remote cubical in a minimally staffed facility. I can essentially perform my job without coming within 6 ' of any coworker. I believe the current requirements of masking be social distancing are more than adequate to protect everyone. Testing could be done as needed.

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____

Employee Signature

11/9/2021

Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____        Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____



My personal values (and those of my family) are morally opposed to abortion. My parents instilled this into me from my earliest memories, and reinforced it throughout my formative years. WE view abortion as a moral sin. We do not seek to impose our values on others, but we ask that ours be respected, as provided in the US Constitution. I fully understand that none of the currently available Covid-19 vaccines carry any aborted fetal matter, but they were indisputably developed using such tissues. We cannot support or condone any vaccine or therapeutic product developed in that manner. If a vaccine were to be developed without utilizing such a process, I would certainly consider it. This would not be limited to Covid, either. As the father of a newborn daughter, I cannot imagine accepting the concept of abortion. I hope my daughter grows to hold the same belief system in her heart.

Re: Nicholas Taylor

To whom it may concern,

I have been asked by my son to provide a statement about our family's beliefs relative to Covid vaccination. Being his father, I am probably the most qualified person to make a statement about our values, religious and otherwise, as concerns vaccines.

It was requested that I include information about the duration of our relationship. It should go without saying, but I have known him all his life. I raised him as a mostly single father, especially during his formative teen years. As things predictably turned out, he mirrors my values to a great extent.

As a child, I was proselytized into the Assembly of God, a church known for its strict adherence to biblical principles. As I grew older, we moved to California. I gradually withdrew from active participation in the church. Religion was not a popular concept for a teenager in the 1970s. But I never lost the values that were instilled during my youth. My mother and grandmother saw to that. But I will especially never forget the "Fire and Brimstone" sermon I heard on the subject, given by Rev. Paul C. Schoch at the Oakland First Assembly of God Church when I was an impressionable young teen during those tumultuous times in our history. [1]

As abortion became a more publicly debated issue, the church adopted a position on that thorny issue as partially follows:

*"Abortion.* The Assemblies of God views the practice of abortion as an evil that has been inflicted upon millions of innocent babies and that will threaten millions more in the years to come. Abortion is a morally unacceptable alternative for birth control, population control, sex selection, and elimination of the physically and mentally handicapped. Certain parts of the world are already experiencing serious population imbalances as a result of the systematic abortion of female babies. The advocacy and practice of so-called partial birth abortion of babies is particularly heinous." [1]

This is where our objection to the currently available Covid vaccines has its origins. We don't necessarily have an objection to vaccines, indeed Nick has had most of the vaccines required for attending public schools, for example. And those decisions were largely made by his parents for him.

It is an undeniable fact that each of the currently available vaccines for Covid were developed using aborted fetus material. That cannot be argued. We object to participation to such an enterprise on the grounds of religious values instilled in us. However we might differ on any other issues, we are adamantly opposed to abortion, or being associated with it. Such participation could be reasonably construed as condoning the practice. We decidedly do not.

Nick is prepared to stand his ground on the issue, make no mistake....even if it leads to his separation from BART. He is a principled young man. The district could use many more such people.

The fact that Nick and his wife Gabriela recently brought an adorable daughter into this world could only cement his belief. Such a thought would be abhorrent to him, and I don't need to ask him to confirm.

It is important that this not to be viewed as a political matter, at least as concerns Nick's beliefs. It is not. It is a factual statement of our family's personal beliefs and ethics. This is how we live. We do not seek to impose our views on others; we only seek the same courtesy from others.

Thank You,

Rick Taylor

(Nick's father)

1: https://ag.org/beliefs/position-papers/abortion-sanctity-of-human-life

# Darolyn Turner (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| Date of Request | |
|---|---|
| **Employee Name** | **Employee ID Number** |
| | |
| **Job Title** | **Email Address** |
| | |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| | |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable,  the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.   My religion or belief system is (enter description): |
| 2.   I have held this belief(s) system, or practiced and observed this religion since (enter date or year): |
| 3.   My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): |



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | |
|---|---|
| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). |
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. |
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____        _____

Employee Signature                                                              Date

---

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

---

FOR LEAVE MANAGEMENT USE ONLY

| | |
|---|---|
| Date Received: ___/___/_____ | Documentation Included? ☐**YES** ☐**NO** |
| Date Documentation Received: ___/___/_____ | |

Bart Exemption Form Reply

My name is Darolyn Turner

My Employee ID is 063681

My job title is Train Operator member of the ATU union

My email is d.turner2008@hotmail.com

1        My religion or belief system:

I am an active member of the body of Christ fulfilling the duties and adhering to the beliefs of my Christian faith based on Biblical principles. Therefore, I am requesting Religious Exemption from COVID-19 immunization due to my personal religious convictions.  I have chosen to exercise my religious liberty right as stated in the First Amendment of the Constitution of the United States

2        I have held this belief system or practice and observed this religion since : 1990

3        My religion, belief system, or practice requires me to abstain from the Covid 19 vaccination because I strongly adhere to the Biblical mandate in 1 Corinthians 6:19 that the "Body is the Temple of God." Thus, I strive to refrain from anything that could possibly harm my body.

4        This does not apply to me as my religion/belief system requires me to abstain from the Covid-19 vaccine as well as other vaccinations. I have received religious exemptions from vaccinations my entire childhood.

5        Generally, I take pride in caring for my health, and boosting my immune system with vitamins supplements is of the highest importance, especially, since the start of the Covid Pandemic of March 2020.  However, I am open for weekly covid testing at BART as well as to continue to wear my mask at all times and take my breaks in my car or in separate rooms when possible. These are reasonable accommodations that would enable me to perform the essential functions of my job without posing a perceived direct threat to the health and /or safety of others in my work place;

6        This as been my family belief since my birth without deviation.  My date of birth: 07/16/90 Please see attachment for further information.

11/1/21

# Exhibit 2

# Jeremiah Cooper (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 5, 2022

       Jeramiah Cooper
       Quality Team Leader
       175 Sierra Dr. #110
       Walnut Creek, CA 94596
       jeramiahc@gmail.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Jeramiah,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964, was approved.

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job;
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace; and
- Does not create an undue hardship for the District. (Per Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs, but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public).

In your request, you asked for the following accommodation:

       1. Follow CDC Guidelines
       2. Weekly COVID Testing

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above and not place an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>　a. Mask wearing/PPE/Gloves, etc.<br>　b. Practice Social distancing<br>　c. Avoid crowds/poorly ventilated places<br>　d. Stay home when sick<br>　e. Clean and disinfect surfaces and equipment | Adherence to CDC guidelines is recommended for all employees. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 2. Remote work | Although some positions may allow work to be performed remotely on an intermittent basis, doing so 100% of the time would not be practical. We cannot guarantee you would never need to come on-site for meetings, inspections, discussions, etc. for the remainder of your employment at the District. |
| 3. Communicate via phone, text, and email or participate in meetings via MS Teams/online | It is not reasonable to expect that even despite efforts to avoid direct contact with others, that we would be able to completely eliminate the need for such contact as part of your job. |
| 4. Use of respirators | While face coverings, including the use of respirators, does comply with CDC guidelines, the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 5. Limited contact with others due to field-based work, work alone, work in enclosed office spaces, use of own vehicle/equipment, or use of alternative break areas or workstations | Despite efforts to limit contact with others, it would not be possible to eliminate the need for direct and/or close contact with others in all situations. |
| 6. Natural COVID antibodies instead of vaccine | According to the CDC, a positive antibody test result alone, especially one from an infection at an unknown time or that was determined by a viral test more than 6 months ago, does not necessarily mean that you are immune to getting COVID-19. |
| 7. Regular/daily temperature checks and/or screening for symptoms | Regular temperature checks/screening for symptoms is unreasonably burdensome for the District to monitor and maintain on an ongoing basis. Furthermore, both the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 8. Unpaid leave of absence (3-4 months) | Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave. |
| 9. Regular COVID testing, either:<br>　a. At employee's time and expense, or;<br>　b. On-site<br>　c. Saliva testing rather than other methods<br>　d. Utilize labs that do not share data<br>　e. Retest if PCR test is positive and asymptomatic | Regular COVID testing is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District. Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the CDC as well as the CDPH, vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by Sunday, January 9, 2022.  Leave Management will evaluate your request and determine whether it can be accommodated.

If we do not receive additional accommodation requests for consideration from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:     Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Ana Alvarado**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **January 5, 2022,** I hereby enclosed in a sealed envelope the following **Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Jeramiah Cooper**
> **175 Sierra Dr. #110**
> **Walnut Creek, CA 94596**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 5, 2022** at Oakland, Alameda County, California.

**Print Name**:   **Ana Alvarado**

**Signature**:

# Ronald Freeman, II (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 5, 2022

      Ronald Freeman II
      Operations Supervisor Liaison
      1617 50th Ave
      Oakland, CA 94601
      rfreem2@bart.gov

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Ronald,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964, was approved.

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job;
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace; and
- Does not create an undue hardship for the District.  (Per Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business.  42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2.   Costs to be considered include not only direct monetary costs, but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public).

In your request, you asked for the following accommodation:

      1. Work Graveyard Shift
      2. Follow CDC Guidelines

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above and not place an undue hardship on the District.  In addition to the accommodation you requested, the District explored the following additional accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>  a. Mask wearing/PPE/Gloves, etc.<br>  b. Practice Social distancing<br>  c. Avoid crowds/poorly ventilated places<br>  d. Stay home when sick<br>  e. Clean and disinfect surfaces and equipment | Adherence to CDC guidelines is recommended for all employees. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 2. Remote work | Although some positions may allow work to be performed remotely on an intermittent basis, doing so 100% of the time would not be practical.  We cannot guarantee you would never need to come on-site for meetings, inspections, discussions, etc. for the remainder of your employment at the District. |
| 3. Communicate via phone, text, and email or participate in meetings via MS Teams/online | It is not reasonable to expect that even despite efforts to avoid direct contact with others, that we would be able to completely eliminate the need for such contact as part of your job. |
| 4. Use of respirators | While face coverings, including the use of respirators, does comply with CDC guidelines, the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 5. Limited contact with others due to field-based work, work alone, work in enclosed office spaces, use of own vehicle/equipment, or use of alternative break areas or workstations | Despite efforts to limit contact with others, it would not be possible to eliminate the need for direct and/or close contact with others in all situations. |
| 6. Natural COVID antibodies instead of vaccine | According to the CDC, a positive antibody test result alone, especially one from an infection at an unknown time or that was determined by a viral test more than 6 months ago, does not necessarily mean that you are immune to getting COVID-19. |
| 7. Regular/daily temperature checks and/or screening for symptoms | Regular temperature checks/screening for symptoms is unreasonably burdensome for the District to monitor and maintain on an ongoing basis.  Furthermore, both the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 8. Unpaid leave of absence (3-4 months) | Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave. |
| 9. Regular COVID testing, either:<br>  a. At employee's time and expense, or;<br>  b. On-site<br>  c. Saliva testing rather than other methods<br>  d. Utilize labs that do not share data<br>  e. Retest if PCR test is positive and asymptomatic | Regular COVID testing is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District.  Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021.  According to the CDC as well as the CDPH, vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by Sunday, January 9, 2022.  Leave Management will evaluate your request and determine whether it can be accommodated.

If we do not receive additional accommodation requests for consideration from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**
**Manager of Leave Programs**

CC:      Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Ana Alvarado**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **January 5, 2022,** I hereby enclosed in a sealed envelope the following **Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Ronald Freeman II**
> **1617 50th Ave**
> **Oakland, CA 94601**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 5, 2022** at Oakland, Alameda County, California.

**Print Name**:   **Ana Alvarado**

**Signature**:

# Adrian Gilbert (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

December 22, 2021

Adrian Gilbert
Train Operator
1608 62nd St #A
Berkeley, CA 94703
mradbme@yahoo.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Adrian,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

    1.     Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>  a. Mask wearing/PPE/Gloves, etc.<br>  b. Social distancing<br>  c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br>  a. At employee's time and expense, or;<br>  b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

The District will consider additional accommodation options (not addressed above) if identified. Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021. Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**


CC:     Leave Management Confidential File

12/26/2021

To whom this may concern:

This letter is being written as an appeal to the decision of my denied Religious Accommodation Request. Since the start of the COVID19 pandemic, I have successfully performed my job duties as a Train Operator without causing undue hardship to BART by following all of BART and CDC guidelines.

My Religious Accommodation Request was that I continue to follow CDC guidelines of social distancing, wearing a mask, and disinfecting areas. This accommodation is outlined in my denial as #1 of 'Accommodations Considered'. Per the written notice I received, I was denied this request because:

> "While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended)."

Per the EEOC website at EEOC.gov under Title VII, the employer has the right to deny a religious accommodation if it causes an undue hardship more than a de minimis cost. I refute this decision for the following reasons:

- My PPE which includes but is not limited to: respirator face masks (N95), disinfectant wipes/spray (Lysol) in addition to practicing safe social distancing has been an out-of-pocket expense and at no cost to BART.
- Per EEOC.gov under Title VII: "The reasonableness of an employer's attempt at accommodation cannot be determined in a vacuum. Instead, it must be determined on a case-by-case basis; what may be a reasonable accommodation for one employee may not be reasonable for another..."

    > As a Train Operator I work independently in a cab. I have very minimal to no contact with BART patrons as well as my fellow colleagues as the main source of communication is via radio technology and loud speaker. Based on this limited contact, along with social distancing and wearing an efficient face mask, the risk for transmission is very limited. See CDC.gov for efficient ways to protect self and others against COVID19.

- Per EEOC.gov under Title VII: "To prove an undue hardship, the employer will need to demonstrate how much of a cost or disruption the employee's proposed accommodation would involve. An employer cannot rely on hypothetical hardship when faced with an employee's religious obligation that conflicts with scheduled work but rather should rely on objective information."

    > According to the denial notice of my reasonable accommodation, BART stated that "while sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission ..." This is not objective and is hypothetical and appears to be a personal belief as several scientific sources

(including CDC.gov) have demonstrated that vaccination does not prevent the transmission of the virus but potentially prevents serious illness, hospitalization, and death. Again, since the start of this pandemic (pre vaccine) and up until now, I have performed my job duties as a Train Operator safely and responsibly without causing undue hardship to BART, its patrons and employees.

- Lastly, Per EEOC.gov under Title VII: "If an employee's proposed accommodation would pose an undue hardship, the employer should explore alternative accommodations. Title VII is violated by an employer's failure to reasonably accommodate..."

    According to the denial letter I received for my reasonable accommodation of maintaining CDC guidelines in addition to other accommodations stated in the letter that have already been considered and denied by BART; BART has not offered any other options for me as a Train Operator to honor my sincerely held religious belief that has been approved as vaccination is not an option for me based on my religious practices.

I am asking that BART reconsider my reasonable accommodation for approval based on the facts I have provided above. If this accommodation cannot be approved, I ask that BART provide detailed reasoning as to why and offer alternative accommodations (as outlined in Title VII) other than vaccination based on my approved religious exemption.

Thank you for your time and I hope that we can collaboratively solve this matter.

Sincerely,

Adrian Gilbert
Train Operator

ATTACHMENT III



**San Francisco Bay Area apid Transit District**
2150 Webster Street, Oakland, CA 94612

## SENT VIA EMAIL/US MAIL

January 3, 2022

Adrian Gilbert
Train Operator
1608 62nd St #A
Berkeley, CA 94703
mradbme@yahoo.com

### SUBJECT: Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request

Dear Adrian,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964 had been granted.

In a letter, sent to you on December 22, 2021, we informed you that we were unable to identify a reasonable accommodation for your request that would enable you to continue to meet job performance and safety requirements and not place an undue hardship on the District. We agreed to consider any additional accommodation options if you submitted them on or before December 27, 2021.

The District carefully considered the following additional accommodations you identified:

1. No new accommodations were provided; however, you mentioned your PPE would include respirator face masks, disinfectant wipes/spray, in addition to practicing safe social distancing

While wearing PPE, such as a respirator and face mask, is sufficient to reduce potential COVID transmission, these options are not as effective as a COVID-19 vaccine would be in preventing COVID transmission between employees when in contact with patrons and other employees. I understand you have minimal physical contact with others, however there is no guarantee you will have no contact or exposure to other employees and patrons.

Adherence to CDC guidelines is recommended for all employees. This includes use of disinfectant wipes/spray, in addition to practicing safe social distancing. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations.

We are unable to identify an accommodation option that would achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the Federal

Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death.

**Subsequently, the District has concluded that we are unable to accommodate your request and meet performance and safety requirements without placing an undue hardship on the District.**

Your reasonable accommodation request is now closed, as we have considered all identified accommodations. However, if you are able to identify potential additional reasonable accommodations for us to consider, please provide them within the next seven (7) days. Upon receipt, we will consider re-opening your reasonable accommodation request and continue with the process. In the meantime, you are expected to return to work during the 7-day decision period. Therefore, you have the following options:

### OPTION #1:

**Comply with the Vaccine Mandate** – If you opt to receive the vaccine, the District will delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including only having received the first dose of a two-dose vaccine, to vaccine@bart.gov.

### OPTION #2:

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

### OPTION #3:

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

### OPTION #4:

**Take no Action** – If you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination seven (7) days of today's date, you will be out of compliance with the District's vaccine mandate and the District will pursue termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

01/06/2022

To whom this may concern:

This letter is being written in response to the closing of the interactive process by BART dated 01/03/2022 as it pertains to the approval of my Religious Exemption, but non-approval of my Religious Accommodation.

The letter stated that I had 7 days to present an alternative accommodation for consideration. I would like to propose that in addition to following BART, CDC, and CDPH guidelines of wearing a medically grade respiratory mask, social distancing, and disinfecting areas with none of these posing a financial undue hardship to BART as these are all out of pocket expenses:

> **I will be willing to provide BART with a weekly PCR COVID test displaying negative results and provide these test results to HR and/or my reporting supervisor. I am willing to test on my own time and at my own expense to ensure that a financial hardship is not imposed on BART. A safety issue is also not imposed as an undue hardship to BART as a negative PCR test will show that I do not have COVID and therefore, not at risk for transmitting the virus. If a positive test is present, I will immediately drop sick and will return to work once a negative test is present to prevent transmission of the virus.**

I would like to remind BART Human Resources and BART District that my proposed accommodations must be assessed on an individual basis as it pertains to me, Adrian Gilbert, an employee of BART under Title VII per EEOC.gov. I have an approved Religious Exemption and I have been more than willing to work collaboratively with BART to identify an accommodation that would allow me to work safely as it pertains to my job title with BART without causing an undue hardship to BART. I truly believe that my proposed accommodations are in no way causing an undue hardship to BART in any means as everything is at a financial cost to myself, I work independently with very minimal in-person contact with my colleagues and BART patrons; and I have been performing these exact accommodations since the beginning of the pandemic without causing undue hardship to BART to date.

BART has not been as accommodating or collaborative in identifying an accommodation as everything that I have proposed has been denied based on hypothetical information and not objective as vaccinated or not, the transmission of COVID cases have spiked regardless of vaccination status which makes the reasoning of denial of my accommodations invalid. As per my approved Religious Exemption, it is an understanding between BART and myself under Title VII, that **vaccination is not an option**. It appears as though BART is being coercive and discriminatory in forcing me to choose between my sincerely held religious belief and means of financial stability via my employment with BART with threatening of termination of employment unless vaccinated. Under Title VII via EEOC.gov, an employee should not be forced to choose between employment and a sincerely held religious belief when accommodations

can be identified by either the employee or employer without causing undue hardship to the employer.

If my proposed accommodations are denied, I am requesting (under Title VII) that BART provide detailed **objective** reasoning as to why my accommodations are denied as it pertains to my specific position as a Train Operation as EEOC.gov states:

- "If an employee's proposed accommodation would pose an undue hardship, the employer should explore alternative accommodations"
- "To prove undue hardship, the employer will need to demonstrate how much of a cost or disruption the employee's proposed accommodation would involve. An employer cannot rely on hypothetical hardship when faced with an employee's religious obligation that conflicts with scheduled work, but rather should rely on objective information."

I truly hope that BART and myself are able to collaboratively identify an accommodation that would allow me to uphold my religious beliefs as approved in my Religious Exemption while still maintaining my employment as a Train Operator as per Title VII.

Thank you,

Adrian Gilbert
BART Train Operator

# Antonio Gonzalez (Exhibit 2)

OP1G



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

December 15, 2021

Antonio Gonzalez
1771 Westwood Drive
Concord, CA 062638
94521

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Antonio,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate** – If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

# Silverio Gonzalez
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

December 22, 2021

Silverio Gonzalez
Transportation Supervisor
92 Jefferson St
South San Francisco, CA 94080-1515
sgonzal@bart.gov

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Silverio,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1. Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)
2. Regular COVID testing

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Social distancing<br>   c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

San Francisco Bay Area Rapid Transit District

The District will consider additional accommodation options (not addressed above) if identified. Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021. Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:     Leave Management Confidential File

San Francisco Bay Area Rapid Transit District

3 of 3



2150 Webster St,
Oakland, CA 94604

## Proof Of Service By Mail

I declare that I, **Kat Price**, am an employee in the County of Alameda. I am over the age of eighteen years. My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA  94612, 4th Floor.

On **December 22, 2021,** I hereby enclosed in a sealed envelope the following **Religious Exemption Interactive Reasonable Accommodation Letter** with postage thereon fully paid, in the United States Postal Service. The envelope is addressed as follows:

> **Silverio Gonzalez**
> **92 Jefferson St**
> **South San Francisco, CA 94080-1515**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 22, 2021** at Oakland, Alameda County, California.

Print Name:   Kat Price

Signature:

# Perry Griffis
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 5, 2022

Perry Griffis
Shop Scheduler
266 Blue Ridge Dr
Martinez, CA 94553
pgriffi@bart.gov

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Perry,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964, was approved.

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job;
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace; and
- Does not create an undue hardship for the District.  (Per Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business.  42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2.   Costs to be considered include not only direct monetary costs, but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public).

In your request, you asked for the following accommodation:

1. Follow CDC Guidelines
2. Frequent COVID Test
3. Remote work

San Francisco Bay Area Rapid Transit District

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above and not place an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Practice Social distancing<br>   c. Avoid crowds/poorly ventilated places<br>   d. Stay home when sick<br>   e. Clean and disinfect surfaces and equipment | Adherence to CDC guidelines is recommended for all employees. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 2. Remote work | Although some positions may allow work to be performed remotely on an intermittent basis, doing so 100% of the time would not be practical. We cannot guarantee you would never need to come on-site for meetings, inspections, discussions, etc. for the remainder of your employment at the District. |
| 3. Communicate via phone, text, and email or participate in meetings via MS Teams/online | It is not reasonable to expect that even despite efforts to avoid direct contact with others, that we would be able to completely eliminate the need for such contact as part of your job. |
| 4. Use of respirators | While face coverings, including the use of respirators, does comply with CDC guidelines, the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 5. Limited contact with others due to field-based work, work alone, work in enclosed office spaces, use of own vehicle/equipment, or use of alternative break areas or workstations | Despite efforts to limit contact with others, it would not be possible to eliminate the need for direct and/or close contact with others in all situations. |
| 6. Natural COVID antibodies instead of vaccine | According to the CDC, a positive antibody test result alone, especially one from an infection at an unknown time or that was determined by a viral test more than 6 months ago, does not necessarily mean that you are immune to getting COVID-19. |
| 7. Regular/daily temperature checks and/or screening for symptoms | Regular temperature checks/screening for symptoms is unreasonably burdensome for the District to monitor and maintain on an ongoing basis. Furthermore, both the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 8. Unpaid leave of absence (3-4 months) | Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave. |
| 9. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site<br>   c. Saliva testing rather than other methods<br>   d. Utilize labs that do not share data<br>   e. Retest if PCR test is positive and asymptomatic | Regular COVID testing is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District. Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the CDC as well as the CDPH, vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by Sunday, January 9, 2022.  Leave Management will evaluate your request and determine whether it can be accommodated.

If we do not receive additional accommodation requests for consideration from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:      Leave Management Confidential File

# Sergii Grinchenko (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

November 23, 2021

Sergii Grinchenko
8462 Scenic Vista Way
Fair Oaks, CA 95628
sergiibrd@yahoo.com

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Sergii,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors:  1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs.  Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021.  Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date.  Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

San Francisco Bay Area Rapid Transit District

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR).  OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:    Leave Management Confidential File

# Clifton Harrison
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 20, 2021

Clifton Harrison
362 Euclid Ave #103
Oakland, CA 94610
clifton.harrison@yahoo.com

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Clifton,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement –** Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR).  OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:     Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Kelly Harrison**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **December 20, 2021,** I hereby enclosed in a sealed envelope the following **Denial—COVID-19 Vaccine Mandate Religious Exemption Request Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Clifton Harrison**
> **362 Euclid Ave #103**
> **Oakland, CA 063189**
> **94610**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 20, 2021** at Oakland, Alameda County, California.

**Print Name**:   **Kelly Harrison**

**Signature**: *Kelly Harrison*

# LaRon Johnson (Exhibit 2)

 **San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

December 15, 2021

La Ron Johnson
3745 International Blvd, #4
Oakland, CA 062736
94601

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear La Ron,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate** – If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

# Frank Kitzmiller (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

SENT VIA EMAIL/US MAIL

December 22, 2021

Frank Kitzmiller
Train Operator
P.O. Box 1169
South San Francisco, CA 94083-1169
frankkitzmiller@gmail.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Frank,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1. Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)
2. Portable air purifying respirators
3. Full lab and hospital grade body suit worn under uniform
4. Work graveyard shift/or alone to limit exposure to others
5. Alternative break areas for unvaccinated

6.     Regular COVID testing
7.     Unpaid leave of absence (using own accrued vacation hours)
8.     Job transfer

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
| --- | --- |
| 1. Follow CDC Guidelines:<br>  a. Mask wearing/PPE/Gloves, etc.<br>  b. Social distancing<br>  c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br>  a. At employee's time and expense, or;<br>  b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021. Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*
**Rod Maplestone**

**Manager of Leave Programs**


CC:     Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## Proof Of Service By Mail

I declare that I, **Kat Price**, am an employee in the County of Alameda. I am over the age of eighteen years. My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA 94612, 4th Floor.

On **December 22, 2021,** I hereby enclosed in a sealed envelope the following **Religious Exemption Interactive Reasonable Accommodation Letter** with postage thereon fully paid, in the United States Postal Service. The envelope is addressed as follows:

> **Frank Kitzmiller**
> **P.O. Box 1169**
> **South San Francisco, CA 94083-1169**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 22, 2021** at Oakland, Alameda County, California.

Print Name:   **Kat Price**

Signature:

# Jim Lasovich
# (Exhibit 2)



**B A R T**

**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

November 23, 2021

*1ST SET OPTIONS*

Jim Lasovich
463 Desert Gold Terrace
Brentwood, CA 94513
jlaovi@bart.gov

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Jim,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

*DEADLINE*

**Comply with the Vaccine Mandate** – If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

San Francisco Bay Area Rapid Transit District

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:    Leave Management Confidential File

# Tonya T. Lewis-Williams (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 20, 2021

Tonya Lewis-Williams
2342 Park Blvd
Oakland, CA 94606
tlewwilliams@yahoo.com

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Tonya,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR).  OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*

**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Kelly Harrison**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **December 20, 2021,** I hereby enclosed in a sealed envelope the following **Denial—COVID-19 Vaccine Mandate Religious Exemption Request Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Tonya Lewis-Williams**
> **2342 Park Blvd**
> **Oakland, CA 058413**
> **94606**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 20, 2021** at Oakland, Alameda County, California.

**Print Name**:   **Kelly Harrison**

**Signature**:   *Kelly Harrison*

# Raymond Lockett
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 5, 2022

  Raymond Lockett
  Operations Supervisor Liaison
  6199 N. Arlington Blvd
  San Pablo, CA 94806-4253
  RLocke2@bart.gov

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Raymond,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964, was approved.

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job;
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace; and
- Does not create an undue hardship for the District.  (Per Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business.  42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2.   Costs to be considered include not only direct monetary costs, but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public).

In your request, you asked for the following accommodation:

  1. Follow CDC Guidelines

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above and not place an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Practice Social distancing<br>   c. Avoid crowds/poorly ventilated places<br>   d. Stay home when sick<br>   e. Clean and disinfect surfaces and equipment | Adherence to CDC guidelines is recommended for all employees. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 2. Remote work | Although some positions may allow work to be performed remotely on an intermittent basis, doing so 100% of the time would not be practical. We cannot guarantee you would never need to come on-site for meetings, inspections, discussions, etc. for the remainder of your employment at the District. |
| 3. Communicate via phone, text, and email or participate in meetings via MS Teams/online | It is not reasonable to expect that even despite efforts to avoid direct contact with others, that we would be able to completely eliminate the need for such contact as part of your job. |
| 4. Use of respirators | While face coverings, including the use of respirators, does comply with CDC guidelines, the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 5. Limited contact with others due to field-based work, work alone, work in enclosed office spaces, use of own vehicle/equipment, or use of alternative break areas or workstations | Despite efforts to limit contact with others, it would not be possible to eliminate the need for direct and/or close contact with others in all situations. |
| 6. Natural COVID antibodies instead of vaccine | According to the CDC, a positive antibody test result alone, especially one from an infection at an unknown time or that was determined by a viral test more than 6 months ago, does not necessarily mean that you are immune to getting COVID-19. |
| 7. Regular/daily temperature checks and/or screening for symptoms | Regular temperature checks/screening for symptoms is unreasonably burdensome for the District to monitor and maintain on an ongoing basis. Furthermore, both the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 8. Unpaid leave of absence (3-4 months) | Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave. |
| 9. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site<br>   c. Saliva testing rather than other methods<br>   d. Utilize labs that do not share data<br>   e. Retest if PCR test is positive and asymptomatic | Regular COVID testing is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District. Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the CDC as well as the CDPH, vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by Sunday, January 9, 2022.  Leave Management will evaluate your request and determine whether it can be accommodated.

If we do not receive additional accommodation requests for consideration from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**
**Manager of Leave Programs**

CC:      Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Ana Alvarado**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **January 5, 2022,** I hereby enclosed in a sealed envelope the following **Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Raymond Lockett**
> **6199 N. Arlington Blvd**
> **San Pablo, CA 94806-4253**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 5, 2022** at Oakland, Alameda County, California.


**Print Name**:    **Ana Alvarado**


**Signature**:

# Michael Manzano (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

## SENT VIA EMAIL/US MAIL

December 22, 2021

Michael Manzano
Sr Police Officer
1727 Marco Polo Way #15
Burlingame, CA 94010-5448
mmanzan@bart.gov

## SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request

Dear Michael,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 9 CFR § 1505.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1. Stay home when sick
2. Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)
3. Improved air quality indoors with improved air filtration systems and cleaning of floors
4. Regular washing/cleaning of uniforms, equipment, vehicles, etc.
5. Conduct interactions with others outside or away from confined spaces/limit time inside

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

## Accommodation Considered

1. Follow CDC Guidelines:
   a. Mask wearing/PPE/Gloves, etc.
   b. Social distancing
   c. Wipe down areas/disinfect areas
2. Portable air purifying respirators

3. Full lab and hospital grade body suit worn under uniform
4. Work graveyard shift/or alone to limit exposure to others
5. Alternative break/changing areas for unvaccinated
6. Regular/daily temperature checks

7. Unpaid leave of absence (3-4 months)

8. Conduct interactions with others outside or away from confined spaces/limit time inside
9. Face shield in addition to mask
10. Regular COVID testing, either:
    a. At employee's time and expense, or;
    b. On-site

11. Job transfer

12. Stay home when sick
13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free
14. Avoid large crowds and events when not at work
15. Improved air quality indoors with improved air filtration systems and cleaning of floors
16. Regular washing/cleaning of uniforms, equipment, vehicles, etc.

## Conclusion

While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended)

Not practical and unlikely to sufficiently reduce potential COVID transmission

Not recommended as a preventative measure for COVID exposure

Limited to bidding rights; not a sufficiently preventative measure for COVID transmission

Not reasonable due to limited resources and additional cost required to furnish and maintain

Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees

Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated

Not practical; would not sufficiently reduce potential for COVID transmission

Unlikely to reduce exposure beyond current mask wearing

Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees

All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands

Not a reasonable accommodation (already recommended)

Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended)

Not a reasonable accommodation (already recommended)

Not likely to sufficiently reduce potential COVID transmission

Not likely to significantly reduce potential COVID transmission (already recommended)

The District will consider additional accommodation options (not addressed above) if identified. Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021. Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File



**San Francisco Bay Area apid Transit District**
2150 Webster Street, Oakland, CA 94612

## SENT VIA EMAIL/US MAIL

January 4, 2022

Michael Manzano
Sr Police Officer-Adv. (84 hr)
1727 Marco Polo Way #15
Burlingame, CA 94010-5448
mmanzan@bart.gov

### SUBJECT: Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request

Dear Michael,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964 had been granted.

In a letter, sent to you on December 22, 2021, we Informed you that we were unable to identify a reasonable accommodation for your request that would enable you to continue to meet job performance and safety requirements and not place an undue hardship on the District. We agreed to consider any additional accommodation options if you submitted them on or before December 27, 2021.

You did not identify any new accommodation requests; however, The District carefully reconsidered the following accommodations you identified prior:

1. Weekly testing/temperature checks
2. Wearing respirators
3. Change in schedule shift/location
4. Avoid large crowds/gatherings
5. Unpaid leave of absence for 3-4 months
6. Job transfer/reassignment to work from home

The District cannot provide weekly COVID testing or temperature checks as a reasonable accommodation as it is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District. Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death.

San Francisco Bay Area Rapid Transit District

The District is currently requiring adherence to all CDC approved guidelines which include wearing of approved face coverings.  Use of a respirator does not minimize the requirement for close contact directly with others as would be require of you while working as a Sr. Police Officer.

Although you may be able to bid and work a particular shift or location, doing so does not a guarantee you will not have direct contact or exposure with other employees and patrons. You also mentioned the recommendation to avoid large crowds and gatherings. This is a safety recommendation that applies to all employees regardless of where they are vaccinated or not and is in line with the CDC guidelines; however, due to the nature of your position, you would not reasonably be able to eliminate the need for you to work in large crowds/gatherings.

Regarding your request for a leave of absence, the very nature of the Religious Exemption request is a deeply held belief that you have reported you do not intend to change; therefore, granting you a temporary leave of absence would be unreasonable as your vaccination status would not be expected to change during your leave.

A job transfer to a new position would only be considered if another position is actively being recruited for and you meet the minimum qualifications and would be able to perform the essential duties of the job safely and effectively without being vaccinated (with or without a reasonable accommodation).  If you identify a position for us to consider, please let us know. (https://www.bart.gov/about/jobs)

Although some positions may allow work to be performed on an intermittent remote basis, working from home 100% of the time would not be considered reasonable. Further, we cannot guarantee you would not be required to come into the office for any reason while you are employed by BART, as there are numerous reasons your Supervisor may ask you to come in and report to work physically on site.

For any questions regarding District adherence to CDC guidelines, please refer to the Safety Updates published by the District's Safety Department located on Employee Connect under "Safety Updates and GM Memos".

**Subsequently, the District has concluded that we are unable to accommodate your request and meet performance and safety requirements without placing an undue hardship on the District.**

Your reasonable accommodation request is now closed, as we have considered all identified accommodations. However, if you are able to identify potential additional reasonable accommodations for us to consider, please provide them within the next seven (7) days.  Upon receipt, we will consider re-opening your reasonable accommodation request and continue with the process.  In the meantime, you are expected to continue to work during the 7-day decision period. Therefore, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate** – If you opt to receive the vaccine, the District will delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date.   Please submit your proof, including only having received the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination seven (7) days of today's date, you will be out of compliance with the District's vaccine mandate and the District will pursue termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**

**Manager of Leave Programs**

CC:     Leave Management Confidential File

San Francisco Bay Area Rapid Transit District                                                                                          3 of 3



2150 Webster St,
Oakland, CA 94604

## Proof Of Service By Mail

I declare that I, **Ana Alvarado**, am an employee in the County of Alameda. I am over the age of eighteen years. My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA 94612, 4th Floor.

On **January 4, 2022,** I hereby enclosed in a sealed envelope the following **Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request** with postage thereon fully paid, in the United States Postal Service. The envelope is addressed as follows:

> **Michael Manzano**
> **Sr Police Officer-Adv. (84 hr)**
> **1727 Marco Polo Way #15**
> **Burlingame, CA 94010-5448**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 4, 2022** at Oakland, Alameda County, California.

**Print Name:**   Ana Alvarado

**Signature:**   *Ana Alvarado*

# Teresa Owens (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 22, 2021

Teresa Owens
Station Agent
1061 Bending Willow Wy
Pittsburg, CA 94565
teresaowens1061@gmail.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Teresa,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1. Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)
2. Regular COVID testing

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br> a. Mask wearing/PPE/Gloves, etc.<br> b. Social distancing<br> c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br> a. At employee's time and expense, or;<br> b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

San Francisco Bay Area Rapid Transit District

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021.  Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File



**San Francisco Bay Area apid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

January 3, 2022

Teresa Owens
Station Agent
1061 Bending Willow Wy
Pittsburg, CA 94565
teresaowens1061@gmail.com

**SUBJECT: Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Teresa,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964 had been granted.

In a letter, sent to you on December 22, 2021, we Informed you that we were unable to identify a reasonable accommodation for your request that would enable you to continue to meet job performance and safety requirements and not place an undue hardship on the District. We agreed to consider any additional accommodation options if you submitted them on or before December 27, 2021.

The District carefully considered the following additional accommodations you identified:

1. Personal expense of testing weekly and reporting information to your Supervisor while adhering to reporting procedures of a positive test result
2. Submit COVID-19 Antibody test results
3. Work in Lost and Found by yourself and potentially have no contact with the public or other employees
4. Work alone in the Station Agent booth and not work with other agents
5. Assists customers/patron in open air areas
6. Be placed on paid administrative leave until 02/02/2022 on which date you intend to retire
7. Receive a lump sum of $29,000 and 3 weeks' vacation as compensation for early retirement

The District cannot provide weekly COVID testing or accept antibody test results as a reasonable accommodation as it is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District.  This is also the case if your Supervisor was charged with monitoring your testing. Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021.  According to the Federal Centers for Disease

San Francisco Bay Area Rapid Transit District

Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death.

Working in Lost and Found is not an option as this is not a position that is recruited/hired for.

Working alone in the Station Agent booth and not working with other agents is unreasonable as it is not a guarantee you won't have any contact or exposure to other employees and patrons due to the nature of your job.  Although you currently assist patrons in open air, your job duties required direct exposure to patrons and other employees while performing the essential job duties of your job.

Lastly, your request to be placed on administrative leave or being compensated $29,000 and 3 weeks of vacation are not forms of a reasonable accommodation and would not be considered.

**Subsequently, the District has concluded that we are unable to accommodate your request and meet performance and safety requirements without placing an undue hardship on the District.**

Your reasonable accommodation request is now closed, as we have considered all identified accommodations. However, if you are able to identify potential additional reasonable accommodations for us to consider, please provide them within the next seven (7) days.  Upon receipt, we will consider re-opening your reasonable accommodation request and continue with the process. In the meantime, you are expected to return to work during the 7-day decision period.  Therefore, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, the District will delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date.  Please submit your proof, including only having received the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement –** Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

San Francisco Bay Area Rapid Transit District

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination seven (7) days of today's date, you will be out of compliance with the District's vaccine mandate and the District will pursue termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**

**Manager of Leave Programs**

CC:     Leave Management Confidential File

# Rosalind Parker (Exhibit 2)

 **San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

December 20, 2021

Rosalind Parker
260 Sunset Blvd #11
Hayward, CA 94541
rparker@bart.gov

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Rosalind,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied.** The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate** – If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**

**Manager of Leave Programs**

CC:     Leave Management Confidential File

# Ryan Rivera
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 5, 2022

       Ryan Rivera
       Storekeeper
       343 Solano Ave
       Hayward, CA 94541
       lewtm@aol.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Ryan,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964, was approved.

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job;
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace; and
- Does not create an undue hardship for the District. (Per Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs, but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public).

In your request, you asked for the following accommodation:

       1. Follow CDC Guidelines
       2. Temperature checks
       3. Weekly COVID testing
       4. Remote work
       5. Unpaid leave of absence

San Francisco Bay Area Rapid Transit District

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by Sunday, January 9, 2022.  Leave Management will evaluate your request and determine whether it can be accommodated.

If we do not receive additional accommodation requests for consideration from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:      Leave Management Confidential File

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above and not place an undue hardship on the District.  In addition to the accommodation you requested, the District explored the following additional accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Practice Social distancing<br>   c. Avoid crowds/poorly ventilated places<br>   d. Stay home when sick<br>   e. Clean and disinfect surfaces and equipment | Adherence to CDC guidelines is recommended for all employees. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 2. Remote work | Although some positions may allow work to be performed remotely on an intermittent basis, doing so 100% of the time would not be practical.  We cannot guarantee you would never need to come on-site for meetings, inspections, discussions, etc. for the remainder of your employment at the District. |
| 3. Communicate via phone, text, and email or participate in meetings via MS Teams/online | It is not reasonable to expect that even despite efforts to avoid direct contact with others, that we would be able to completely eliminate the need for such contact as part of your job. |
| 4. Use of respirators | While face coverings, including the use of respirators, does comply with CDC guidelines, the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 5. Limited contact with others due to field-based work, work alone, work in enclosed office spaces, use of own vehicle/equipment, or use of alternative break areas or workstations | Despite efforts to limit contact with others, it would not be possible to eliminate the need for direct and/or close contact with others in all situations. |
| 6. Natural COVID antibodies instead of vaccine | According to the CDC, a positive antibody test result alone, especially one from an infection at an unknown time or that was determined by a viral test more than 6 months ago, does not necessarily mean that you are immune to getting COVID-19. |
| 7. Regular/daily temperature checks and/or screening for symptoms | Regular temperature checks/screening for symptoms is unreasonably burdensome for the District to monitor and maintain on an ongoing basis.  Furthermore, both the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 8. Unpaid leave of absence (3-4 months) | Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave. |
| 9. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site<br>   c. Saliva testing rather than other methods<br>   d. Utilize labs that do not share data<br>   e. Retest if PCR test is positive and asymptomatic | Regular COVID testing is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District.  Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021.  According to the CDC as well as the CDPH, vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Ana Alvarado**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **January 5, 2022,** I hereby enclosed in a sealed envelope the following **Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Ryan Rivera**
> **343 Solano Ave**
> **Hayward, CA 94541**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 5, 2022** at Oakland, Alameda County, California.


**Print Name**:   **Ana Alvarado**


**Signature**:



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

February 1, 2022

Ryan Rivera
343 Solano Ave
Hayward, CA 94541

**SUBJECT: Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Ryan,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate had been granted in accordance Title VII of the Civil Rights Act of 1964 and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

In a letter, sent to you on January 5, 2022, we informed you that we were unable to identify a reasonable accommodation for your request that would enable you to continue to meet job performance and safety requirements and not place an undue hardship on the District.   We agreed to consider any additional accommodation options if you submitted them on or before January 9, 2021.

You sent an email on January 9, 2022, with additional accommodations and indicated you felt you were not included in individual accommodation discussions.  We wanted to provide you an opportunity to discuss, engage, and interact with us via a Teams meeting on February 1, 2022.  You preferred that we correspond via written communication and did not attend the meeting.  The District carefully considered the following additional accommodations you identified in your position as a Storekeeper:

1.   Job Restructure/Creation
2.   Job Reassignment with education supporting transition.

The purpose of a reasonable accommodation is to provide you with an accommodation that would allow you to perform your essential functions or your regular job.  Although we can restructure the non-essential functions of your job, we are not allowed to restructure your essential functions nor the purpose of your job.  Additionally, we are not required to create a job in order to accommodate employees.  A job transfer (or job reassignment) to a new position would only be considered if another position is actively being recruited for and you meet the minimum qualifications and would be able to perform the essential duties of the job safely and effectively without being vaccinated (with or without a reasonable accommodation).  If you identify a position for us to consider, please let us know.  (https://www.bart.gov/about/jobs)

The District is currently requiring adherence to all CDC approved guidelines which include vaccination in addition to wearing of approved face coverings, sanitizing surfaces and equipment and hand washing. We are unable to identify an accommodation option that would achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death.

For any questions regarding District adherence to CDC guidelines, please refer to the Safety Updates published by the District's Safety Department located on Employee Connect under "Safety Updates and GM Memos."

**Subsequently, the District has concluded that we are unable to accommodate your request and meet performance and safety requirements without placing an undue hardship on the District.**

Your reasonable accommodation request is now closed, as we have considered all identified accommodations. However, if you are able to identify potential additional reasonable accommodations for us to consider, please provide them within the next seven (7) days. Upon receipt, we will consider re-opening your reasonable accommodation request and continue with the process. In the meantime, you are expected to return to work during the 7-day decision period. Therefore, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, the District will delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date.   Please submit your proof, including only having received the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement –** Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation –** If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action –** if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination seven (7) days of today's date, you will be out of compliance with the District's vaccine mandate and the District will pursue termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:      Leave Management Confidential File

# Albert Roth
# (Exhibit 2)

Case 3:22-cv-09193-MHA  Document 16-1  Filed 03/03/23  Page 225 of 314



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

November 24, 2021

Albert Roth
230 Eve Court
Hayward, CA 94541-3702
aroth@bart.gov

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Albert,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement –** Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

San Francisco Bay Area Rapid Transit District                                        2 of 2

# Jim Scullion
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 5, 2022

       Jim Scullion
       Train Control Electronic Tech
       4 Captain Drive #312
       Emeryville, CA 94608
       Calypsozan@gmail.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Jim,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964, was approved.

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job;
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace; and
- Does not create an undue hardship for the District. (Per Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business.  42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2.   Costs to be considered include not only direct monetary costs, but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public).

In your request, you asked for the following accommodation:

       1. No accommodation recommendation provided

San Francisco Bay Area Rapid Transit District

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above and not place an undue hardship on the District.  In addition to the accommodation you requested, the District explored the following additional accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Practice Social distancing<br>   c. Avoid crowds/poorly ventilated places<br>   d. Stay home when sick<br>   e. Clean and disinfect surfaces and equipment | Adherence to CDC guidelines is recommended for all employees. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations. According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 2. Remote work | Although some positions may allow work to be performed remotely on an intermittent basis, doing so 100% of the time would not be practical.  We cannot guarantee you would never need to come on-site for meetings, inspections, discussions, etc. for the remainder of your employment at the District. |
| 3. Communicate via phone, text, and email or participate in meetings via MS Teams/online | It is not reasonable to expect that even despite efforts to avoid direct contact with others, that we would be able to completely eliminate the need for such contact as part of your job. |
| 4. Use of respirators | While face coverings, including the use of respirators, does comply with CDC guidelines, the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 5. Limited contact with others due to field-based work, work alone, work in enclosed office spaces, use of own vehicle/equipment, or use of alternative break areas or workstations | Despite efforts to limit contact with others, it would not be possible to eliminate the need for direct and/or close contact with others in all situations. |
| 6. Natural COVID antibodies instead of vaccine | According to the CDC, a positive antibody test result alone, especially one from an infection at an unknown time or that was determined by a viral test more than 6 months ago, does not necessarily mean that you are immune to getting COVID-19. |
| 7. Regular/daily temperature checks and/or screening for symptoms | Regular temperature checks/screening for symptoms is unreasonably burdensome for the District to monitor and maintain on an ongoing basis.  Furthermore, both the CDC and CDPH recommend vaccination as the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |
| 8. Unpaid leave of absence (3-4 months) | Granting a temporary leave of absence (paid or unpaid) would be unreasonable as vaccination status would not be expected to change during the period of leave. |
| 9. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site<br>   c. Saliva testing rather than other methods<br>   d. Utilize labs that do not share data<br>   e. Retest if PCR test is positive and asymptomatic | Regular COVID testing is unreasonably burdensome for the District to monitor and maintain on an ongoing basis, whether paid for by the employee or the District.  Furthermore, the testing option does not achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021.  According to the CDC as well as the CDPH, vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death. |

The District will consider additional accommodation options (not addressed above) if identified. Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by Sunday, January 9, 2022. Leave Management will evaluate your request and determine whether it can be accommodated.

If we do not receive additional accommodation requests for consideration from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Ana Alvarado**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **January 5, 2022,** I hereby enclosed in a sealed envelope the following **Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Jim Scullion**
> **4 Captain Drive #312**
> **Emeryville, CA 94608**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 5, 2022** at Oakland, Alameda County, California.

**Print Name**:   **Ana Alvarado**

**Signature**:



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Rod Maplestone**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **February 1, 2022,** I hereby enclosed in a sealed envelope the following **Religious Exemption Interactive Reasonable Accommodation Closing Options Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Ryan Rivera**
> **343 Solano Ave**
> **Hayward, CA 94541**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **February 1, 2022** at Oakland, Alameda County, California.

**Print Name**:   **Rod Maplestone**

**Signature**:   *Rod Maplestone*

# Szu Chen Sun
# (Exhibit 2)

(Name: Szu Cheng Sun)

 **San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 20, 2021

Szu-Cheng Sun
82 Images Circle
Milpitas, CA 95035
ssun1@bart.gov

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Szu-Cheng,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs.  Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021  Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date.  Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Ame Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

(Name: Szu Cheng Sun)

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021 you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

(Name: Szu Cheng Sun)



**2150 Webster St,**
**Oakland, CA 94604**

## Proof Of Service By Mail

I declare that I, **Kelly Harrison**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA  94612, 4th Floor.

On **December 20, 2021,** I hereby enclosed in a sealed envelope the following **Denial—COVID-19 Vaccine Mandate Religious Exemption Request Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Szu-Cheng Sun**
> **82 Images Circle**
> **Milpitas, CA 063668**
> **95035**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 20, 2021** at Oakland, Alameda County, California.

**Print Name:   Kelly Harrison**

**Signature:** *Kelly Harrison*

# Nick Taylor
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

November 24, 2021

Nicholas Taylor
139 Laguna Dr
Tracy, CA 95376
nickrtay1@gmail.com

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Nicholas,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR).  OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

# Darolyn Turner (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 22, 2021

Darolyn Turner
Train Operator
5113 Mozart Dr
Richmond, CA 94803
d.turner2008@hotmail.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Darolyn,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business.  42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2.   Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public.  Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations.  2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1. Regular COVID testing
2. Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)
3. Alternative break/changing areas for unvaccinated

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Social distancing<br>   c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

The District will consider additional accommodation options (not addressed above) if identified. Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021. Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:    Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Kat Price**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **December 22, 2021,** I hereby enclosed in a sealed envelope the following **Religious Exemption Interactive Reasonable Accommodation Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Darolyn Turner**
> **5113 Mozart Dr**
> **Richmond, CA 94803**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 22, 2021** at Oakland, Alameda County, California.

**Print Name**:   **Kat Price**

**Signature**:

# Exhibit 3

# Jeramiah Cooper (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

October 19, 2022

Mr. Jeramiah Cooper
19921 NE Allworth Road
Battleground, WA  98604

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202201205

Dear Mr. Cooper:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,


                              Kristen Clarke
                         Assistant Attorney General
                            Civil Rights Division


                    by        /s/ Karen L. Ferguson
                            Karen L. Ferguson
                       Supervisory Civil Rights Analyst
                       Employment Litigation Section



cc: Oakland Local Office, EEOC

Bay Area Rapid Transit

# Ronald Freeman, II (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 04, 2022

Mr. Ronald Freeman, II
PO Box 3543
St. Johns, AZ  85936

Re:  EEOC Charge Against San Francisco Bay Area Rapid Transit District
      No. 555202202167

Dear Mr. Freeman, II:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,


                         Kristen Clarke
                         Assistant Attorney General
                         Civil Rights Division


                  by        /s/ Karen L. Ferguson
                         Karen L. Ferguson
                         Supervisory Civil Rights Analyst
                         Employment Litigation Section


cc: Oakland Local Office, EEOC

San Francisco Bay Area Rapid Transit District

# Adrian Gilbert

# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 18, 2022

Mr. Adrian Gilbert
1608 62nd Street
Apt. A
Berkeley, CA  94703

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202201839

Dear Mr. Gilbert:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,


                              Kristen Clarke
                         Assistant Attorney General
                           Civil Rights Division


                    by       /s/ Karen L. Ferguson
                           Karen L. Ferguson
                      Supervisory Civil Rights Analyst
                      Employment Litigation Section

cc: Oakland Local Office, EEOC
    Bay Area Rapid Transit

# Antonio Gonzalez (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

January 06, 2023

Mr. Antonio A. Gonzalez, III
1771 Westwood Drive
Concord, CA  94521

Re:  EEOC Charge Against San Francisco Bay Area Rapid Transit
    No. 555202201258

Dear Mr. Gonzalez, III:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by    /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC

San Francisco Bay Area Rapid Transit

# Silverio Gonzalez
# (Exhibit 3)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Oakland Local Office**
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/19/2022

**To:** Mr. Silverio Gonzalez
92 Jefferson St.
SOUTH SAN FRANCISCO, CA 94080
Charge No: 555-2022-02123

EEOC Representative and email:     Eric Darius
Enforcement Supervisor
eric.darius@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Nancy Sienko
10/19/2022

Nancy Sienko
District Director

**Cc:**
Katherine Tate
KTate1@bart.gov


Please retain this notice for your records.

# Perry Griffis
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

December 28, 2022

Mr. Perry Griffis
18237 N. Orchid Way
Nampa, ID  83687

Re:  EEOC Charge Against Bay Area Rapid Transit
No. 555202300249

Dear Mr. Griffis:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC

Bay Area Rapid Transit

# Sergii Grinchenko (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

October 26, 2022

Mr. Sergii Grinchenko
8462 Scenic Vista Way
Fair Oaks, CA  95628

Re:  EEOC Charge Against Bay Area Rapid Transit
      No. 555202200442

Dear Mr. Grinchenko:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                 Sincerely,

                                 Kristen Clarke
                                 Assistant Attorney General
                                 Civil Rights Division

                          by       /s/ Karen L. Ferguson
                                 Karen L. Ferguson
                                 Supervisory Civil Rights Analyst
                                 Employment Litigation Section

cc: Oakland Local Office, EEOC
    Bay Area Rapid Transit

# Clifton Harrison

# (Exhibit 3)

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/03/2022

**To:** Clifton Harrison
360 Grand Ave, #204
Oakland, CA 94610

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))

Charge No: 37A-2022-01528

EEOC Representative and email:   Karrie Maeda
State, Local & Tribal Program Manager
karrie.maeda@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
11/03/2022
Christine Park-Gonzalez
Acting District Director

# LaRon Johnson
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

December 16, 2022

Mr. La Ron Johnson
330 8th Street
Apt. 3F
Oakland, CA  94607

Re:  EEOC Charge Against Bay Area Rapid Transit
    No. 555202202053

Dear Mr. Johnson:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by       /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
   Bay Area Rapid Transit

# Frank Kitzmiller
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**VIA EMAIL**

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

December 28, 2022

Mr. Frank M. Kitzmiller
PO Box 1169
South San Francisco, CA  94083

Re:  EEOC Charge Against Bay Area Rapid Transit
         No. 555202300442

Dear Mr. Kitzmiller:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC San Francisco District Office, San Francisco, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by     /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: San Francisco District Office, EEOC

# Tonya T. Lewis-Williams (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

December 05, 2022

Ms. Tonya L. Williams
2342 Park Blvd.
Oakland, CA  94606

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202200586

Dear Ms. Williams:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,


                                   Kristen Clarke
                                   Assistant Attorney General
                                   Civil Rights Division


                         by      /s/ Karen L. Ferguson
                                 Karen L. Ferguson
                                 Supervisory Civil Rights Analyst
                                 Employment Litigation Section


cc: Oakland Local Office, EEOC
   Bay Area Rapid Transit

# Jim Lasovich

# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

October 31, 2022

Mr. James L. Lasovich
c/o Joseph Radzwion, Esquire
Kustra Law
724 Notre Dame Street
Grosse Pointe, MI 48230

Re: EEOC Charge Against San Francisco Bay Area Rapid Transit District
     No. 555202200707

Dear Mr. Lasovich:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by     /s/ Karen L. Ferguson
       Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
    San Francisco Bay Area Rapid Transit District

# Raymond Lockett

# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 17, 2022

Mr. Raymond G. Lockett
6199 N. Arlington Blvd.
San Pablo, CA  94806

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202202213

Dear Mr. Lockett:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,


                                        Kristen Clarke
                                        Assistant Attorney General
                                        Civil Rights Division


                                by      /s/ Karen L. Ferguson
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section


cc: Oakland Local Office, EEOC

Bay Area Rapid Transit

# Michael Manzano (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 07, 2022

Mr. Michael F. Manzano
1727 Marco Polo Way
Apt. 15
Burlingame, CA  94010

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202202257

Dear Mr. Manzano:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    Kristen Clarke
                Assistant Attorney General
                Civil Rights Division

        by      /s/ Karen L. Ferguson
                Karen L. Ferguson
          Supervisory Civil Rights Analyst
          Employment Litigation Section

cc: Oakland Local Office, EEOC
   Bay Area Rapid Transit

# Teresa Owens
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

October 28, 2022

Ms. Teresa Owens
1061 Bending Willow Way
Pittsburgh, CA  94565

Re:  EEOC Charge Against Bay Area Rapid Transit (BART)
      No. 555202201893

Dear Ms. Owens:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC

Bay Area Rapid Transit (BART)

# Rosalind Parker
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

December 05, 2022

Ms. Rosalind Parker
260 Sunset Blvd., #11
Hayward, CA  94541

Re:  EEOC Charge Against San Francisco Bay Area Rapid Transit
      No. 555202202215

Dear Ms. Parker:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC

San Francisco Bay Area Rapid Transit

# Ryan Rivera
# (Exhibit 3)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Oakland Local Office**
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/27/2022

**To:** Mr. RYAN L. RIVERA
343 Solano Ave
HAYWARD, CA 94541
Lewtm@aol.com

Charge No: 555-2022-00846

EEOC Representative and email:    Susan Riemenschneider
Investigative Support Assistant
Susan.Riemenschneider@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission.

Steven Hunt
Digitally signed by Steven Hunt
Date: 2022.10.27 15:50:09 -07'00'

Steven Hunt
Local Director

**Cc:**
Maceo Wiggins
San Francisco Bay Area Rapid Transit District
2150 WEBSTER ST 4TH FLOOR, OFFICE OF CIVIL RIGHTS
Oakland, CA 94612
Mwiggin@bart.gov

Trent Alvarado
San Francisco Bay Area Rapid Transit
2150 WEBSTER ST 4TH FLOOR, OFFICE OF CIVIL RIGHTS
Oakland, CA 94612
Trent.alvarado@bart.gov

Katherine Tate
Bay Area Rapid Transit
2150 WEBSTER ST 4TH FLOOR, OFFICE OF CIVIL RIGHTS
OAKLAND, CA 94612
Ktate1@bart.gov


Please retain this notice for your records.

# Albert Roth (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 04, 2022

Mr. Albert J. Roth, Jr.
230 Eve Court
Hayward, CA  94541

Re:  EEOC Charge Against Bay Area Rapid Transit
　　No. 555202202125

Dear Mr. Roth, Jr.:

　　Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

　　If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

　　The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

　　This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

　　　　　　　　　　　　　　　　Sincerely,


　　　　　　　　　　　　　　　　Kristen Clarke
　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　Civil Rights Division


　　　　　　　　　by　　　/s/ Karen L. Ferguson
　　　　　　　　　　　　　Karen L. Ferguson
　　　　　　　　　　　Supervisory Civil Rights Analyst
　　　　　　　　　　　Employment Litigation Section


cc: Oakland Local Office, EEOC

Bay Area Rapid Transit

# Jim Scullion

# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 25, 2022

Mr. Jim Scullion
4 Captain Drive
Unit 312
Emeryville, CA  94608

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202300166

Dear Mr. Scullion:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
   Bay Area Rapid Transit

# Szu Chen Sun (Exhibit 3)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Jose Local Office**
96 N Third St, Suite 250
San Jose, CA 95112
(408) 889-1950
Website:  www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/19/2022

**To:** Szu Cheng Sun
82 Images Circle
Milpitas, CA 95035
Charge No: 555-2022-01819

EEOC Representative and email:     Cryselda Lott
Investigator
sanjgov@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally signed by Rosa M. Salazar
DN: cn=Rosa M. Salazar, o=U.S. Equal Employment Opportunity
Commission, ou=Enforcement Manager, San Francisco District Office,
email=rosa.salazar@eeoc.gov, c=US
Date: 2022.10.19 13:17:56 -07'00'

FOR: Margaret Ly
Local Director

**Cc:**
Katherine Tate
BART
2150 Webster Street
Oakland, CA 94612


Please retain this notice for your records.

# Nick Taylor
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

December 21, 2022

Mr. Nicholas Taylor
139 Laguna Drive
Tracy, CA  95376

Re:  EEOC Charge Against San Francisco Bay Area Rapid Transit
     No. 555202201932

Dear Mr. Taylor:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC

San Francisco Bay Area Rapid Transit

# Darolyn Turner (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 25, 2022

Ms. Darolyn Y. Turner
5113 Mozart Drive
El Sobrante, CA  94803

Re:  EEOC Charge Against Bay Area Rapid Transit
    No. 555202202238

Dear Ms. Turner:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC San Francisco District Office, San Francisco, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: San Francisco District Office, EEOC

Bay Area Rapid Transit

# Exhibit 4

This CPRA request is hereby made for the following records: Vaccine Mandate Exemptions and Accommodations:

| | |
|---|---|
| 1. Please provide the number of all BART District employees who requested an exemption to the mandatory vaccine policy from October 14, 2021 through April 22, 2022. | 204 |
| a. How many employees requested a medical exemption? | 25 |
| b. How many employees requested a religious exemption? | 179 |
| 2. Please provide the number of all BART District employees who were granted an exemption to the mandatory vaccine policy from October 14, 2021 through April 22, 2022. | 78 |
| a. How many of these employees were granted a medical exemption? | 8 |
| b. How many of these employees were granted a religious exemption? | 70 |
| 3. Please provide the number of all BART District employees who received an accommodation based on their granted exemption to the mandatory vaccine policy from October 14, 2021 through April 22, 2022. | 8 |
| a. How many of these employees were granted accommodations based on a medical exemption? | 8 |
| b. How many of these employees were granted accommodations based on a religious exemption? | 0 |

# Exhibit 5

Employee Name
Employee ID
Title
Interview Date and Time

<u>Religious Exemption Interviews</u>

Interviewers:  Rod Maplestone, Manager of Leave Programs
Gizelle Huynh, Supervisor of Leave Management

EEOC factors:

☐ The reasons cited in support of the request were primarily for secular/non-religious reasons.

☐ A clear nexus between the request and the stated religious beliefs was not established.

☐ Evidence of behaviors inconsistent with adherence to the stated beliefs exists.

☐ The timing of your request as it relates to adoption of the stated beliefs.

*Introduction:  We are not questioning the sincerity of your belief, just assess if the Religious Exemptions applies to you.  We reviewed all of the documents to support your Religious Vaccination Exemption Request.  We wanted to have a quick discussion with you to ask some clarifying questions, it shouldn't take longer than 10-15 minutes.  We are not questioning your faith or that you have this sincerely held belief but just wanted to give you the opportunity to provide some clarification.  From here: if approved, RA; if denied, then remaining options: get vaccine, retirement/resignation, if do nothing out of compliance.*

INTERVIEW QUESTIONS:

1. Can you just tell us briefly about your sincerely held belief?
2. Can you tell us in your own words why taking COVID-19 vaccine is contrary to your religious belief?
3. What do you think will happen to you if you take the COVID-19 vaccine?
4. Can you provide us other examples of how this religious belief is demonstrated in other aspects of your life?
5. You refuse to take the COVID-19 vaccine because of the alleged use of aborted fetal cells in the creation of the vaccine.  Research on this topic has revealed some cosmetic and over-the-counter medicines may use the same process the COVID-19 vaccine.  Are you aware of this?  Tell me how else you demonstrate the same pre-cautions in your life.

Determination:

☐ Approved

☐ Denied

Employee Name
Employee ID
Title
Interview Date and Time

# Exhibit 6



**RELIGIOUS EXEMPTION REQUEST REVIEW FORM (COVID-19 Vaccination)**

| | |
|---|---|
| **Date of Review** | |

| **Employee Name** | **Employee ID Number** |
|---|---|
| | |

**To be completed by reviewer:**

1. Form has been completed entirely and is signed and dated by employee, and supporting documentation provided? ☐**Yes** ☐**No**

2. Is there evidence the employee has acted in a way that is inconsistent with the claimed belief? ☐**Yes** ☐**No**

   If "Yes," please explain:

3. Is there evidence the employee is seeking a benefit or an exception that is likely to be sought for nonreligious reasons? ☐**Yes** ☐**No**

   If "Yes," please explain:

4. Is the timing of the request considered questionable? ☐**Yes** ☐**No**

   If "Yes," please explain:

5. Is there evidence the employee may be seeking the benefit for secular reasons? ☐**Yes** ☐**No**

   If "Yes," please explain:



**RELIGIOUS EXEMPTION
REQUEST REVIEW FORM
(COVID-19 Vaccination)**

| Employee Name | Employee ID Number |
|---|---|
|  |  |

6.  Is additional information needed to make a determination? ☐Yes ☐No

If "Yes," please explain:

7.  Are there inconsistencies in the documentation provided? ☐Yes ☐No

If "Yes," please explain:

**Determination**

Based on the review of evidence provided, the request for a religious exemption to the COVID-19 vaccine is:
☐**Approved**  ☐**Denied** Based on the following:

If approved, the accommodation is:

Name of Reviewer

Date