Kevin T. Snider, CA State Bar No. 170988
   *Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
        mmcreynolds@pji.org;
        mmatchak@pji.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERAMIAH COOPER, et al., | ) Case No.: 4:22-cv-09193-DMR |
| | ) |
| Plaintiffs, | ) **DECLARATION OF ADRIAN GILBERT** |
| | ) **IN SUPPORT OF MOTION FOR PARTIAL** |
| v. | ) **SUMMARY JUDGMENT** |
| | ) |
| SAN FRANCISCO BAY AREA RAPID | ) |
| TRANSIT DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF ADRIAN GILBERT**

I, Adrian Gilbert, am a plaintiff in the above-encaptioned case, and if called upon, I could and would testify truthfully, as to my own personal knowledge, as follows:

*Job Description*

1.  I was employed by BART as a Train Operator.

2.  My duty included operating the train safely throughout the BART system. I had to assist passengers off trains at the end of the line (sweep the train). I was responsible

---

for locating mechanical issues of the trains and fixing them if no technician was available on the mainline. Additionally, I communicated with passengers via intercom.

3.      I worked independently in a cab, having minimal to no contact with BART patrons and colleagues because communication happened through radio technology and loud speakers.

*Riding BART Trains*

4.      I operated a train daily for three or more hours.

*Request for Religious Exemption & Accommodation*

5.      In October of 2021, BART ordered all employees to be vaccinated against COVID-19.

6.      I am a devout Muslim and I have sincerely held religious beliefs that prevent me from receiving the COVID-19 vaccine.  Using a form provided by BART, I explained my beliefs and the reason I cannot be vaccinated. The explanation of my beliefs is found in Exhibit 1 of the Complaint.  See, Ct. Doc. 1-1:11-13.  In addition to use of the form, I submitted additional documentation which accompanies this declaration, marked as Exhibit 1. *Id*.  My convictions have not changed.

7.      I also sat for an interview with employees from BART's Leave Management who asked me questions about my faith and to explain to them the reasons for not wanting to be vaccinated.

8.      BART approved my request for a religious exemption by letter dated December 15, 2021. A true and correct copy of the approval accompanies this declaration, is marked as Exhibit 2, and is stamped 0000584.

9. BART requested that I provide suggestions for a reasonable accommodation. Though I provided options, at no time did BART offer a suggested proposal of its own.

10. In a letter dated December 22, 2021, BART rejected all suggestions for an accommodation that I made. A true and correct copy of the denial accompanies this declaration, marked as Exhibit 2 of the Complaint. See, Ct. Doc. 1-1:86-88.

11. On December 26, 2024, I responded to denial, including paying for additional measures of masking and disinfecting out of my own pocket, marked as Exhibit 2 of the Complaint. See, Ct. Doc. 1-1:89-90.

12. In a letter dated January 3, 2022, BART rejected all suggestions for an accommodation that I made and offered options to comply with the vaccination mandate, choose three options for leaving BART or provide additional information. A true and correct copy of the denial accompanies this declaration, marked as Exhibit 2 of the Complaint. See, Ct. Doc. 1-1:91-93.

13. On January 6, 2022, I responded to BART closing the interactive process dated January 3, 2022, indicating my willingness to do COVID-19 testing and paying for such procedures, marked as Exhibit 2 of the Complaint. See, Ct. Doc. 1-1:94-95.

14. I refused to comply with the vaccination mandate and subsequently resigned.

15. BART never directed me to check with my respective union regarding schedule changes as an accommodation.

16. I have exhausted administrative remedies and have received a notice of right to sue from the Equal Employment Opportunity Commission. A true and correct copy of the denial accompanies this declaration, marked as Exhibit 3 of the Complaint. See, Ct. Doc. 1-1:170-71.

*Return to Work*

17.     I worked until the December 13, 2021 deadline. I was called to come back and work after my paid administrative leave. I worked up until February 4, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and of my own personal knowledge.  Executed on this 2 Day of February, 2024.


Adrian Gilbert
Declarant

# EXHIBIT 1

# Adrian Gilbert
# (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| Date of Request | |
|---|---|

| Employee Name | Employee ID Number |
|---|---|
| Adrian Gilbert | 065937 |
| **Job Title** | **Email Address** |
| Train Operator (Full-Time) | mradbme@yahoo.com |
| **Union (or Non-Rep)** | **Supervisor/Manager** |
| Union ATU | Dewanna Dunn |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

1. My religion or belief system is (enter description): Moslem/Muslim

2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1998

3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it):
My sincere religious belief prevents me from receiving the vaccine which contains ingredients that are strictly forbidden by my religion. (Please see attached affidavit from my Grand Sheik).



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

N/A - my religion abstains from all vaccinations.

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

No accomodation necessary. I will continue to practice social distancing and wearing a face mask.

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____          11/10/2021
**Employee Signature**                                          _____
                                                                                **Date**

> Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received:  ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received:  ___/___/_____





**MOORISH SCIENCE TEMPLE OF AMERICA-CALIFORNIA INC.**

10/22/21

MOORISH SCIENCE TEMPLE
OF AMERICA-CALIFORNIA INC
5859 MacArthur Blvd
Oakland Ca. 94605

To Whom it May Concern:

_Adrian Gilbert_ is a full member and or official of a religious society and Moorish Science Temple of America California No. 1.

He/She is therefore entitled to all religious rights as a Moorish American Moslem (Mohammedan) under the laws of the Holy Quran of Mecca and The Constitution of USA Republic **"Free Exercise,"** of religious beliefs and practices, including religious exemption from any and all medical treatments and vaccines deemed, according to our religious laws as forbidden.

He/She **holds sincere religious beliefs** (see. Title 7 Civil Rights Act ) which prevent from receiving, in any way, the recently manufactured Covid 19 Vaccines which contain ingredients ruled as strictly forbidden by MSTACA doctrine, religious leaders and scholars.

**GRAND SHEIK/DIRECTOR**
**NATHANIEL BOOTHE EL**
**323-247-2090**

Not Valid Without Sea

For any further information regarding MSTACA faith , religion, hopes, aims and objectives, please contact: moorishsciencetempleca@gmail.com or theministerofculture@gmail.com

# EXHIBIT 2



**B A R T**    **San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**ATTACHMENT I**

**SENT VIA EMAIL**

December 15, 2021

Adrian Gilbert
1608 62nd St #A
Berkeley, CA 94703
mradbme@yahoo.com

**SUBJECT: Approval—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Adrian,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is approved**. The approval is objectively supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The District will provide a reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

We will be reaching out to you in the near future to begin engaging in the reasonable accommodation process. If the process goes beyond December 13, 2021, you will be placed on Paid Administrative Leave effective December 14, 2021, until the closure of your request. Please let me know if you have any questions or concerns in the meantime.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:    Leave Management Confidential File

CONFIDENTIAL
PLAINTIFFS 000584

# EXHIBIT 3

# Adrian Gilbert
# (Exhibit 2)

ATTACHMENT II



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 22, 2021

Adrian Gilbert
Train Operator
1608 62nd St #A
Berkeley, CA 94703
mradbme@yahoo.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Adrian,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1.      Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District. In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>  a. Mask wearing/PPE/Gloves, etc.<br>  b. Social distancing<br>  c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br>  a. At employee's time and expense, or;<br>  b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

The District will consider additional accommodation options (not addressed above) if identified. Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021. Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:      Leave Management Confidential File

San Francisco Bay Area Rapid Transit District

3 of 3

12/26/2021

To whom this may concern:

This letter is being written as an appeal to the decision of my denied Religious Accommodation Request. Since the start of the COVID19 pandemic, I have successfully performed my job duties as a Train Operator without causing undue hardship to BART by following all of BART and CDC guidelines.

My Religious Accommodation Request was that I continue to follow CDC guidelines of social distancing, wearing a mask, and disinfecting areas. This accommodation is outlined in my denial as #1 of 'Accommodations Considered'. Per the written notice I received, I was denied this request because:

> "While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended)."

Per the EEOC website at EEOC.gov under Title VII, the employer has the right to deny a religious accommodation if it causes an undue hardship more than a de minimis cost. I refute this decision for the following reasons:

- My PPE which includes but is not limited to: respirator face masks (N95), disinfectant wipes/spray (Lysol) in addition to practicing safe social distancing has been an out-of-pocket expense and at no cost to BART.
- Per EEOC.gov under Title VII: "The reasonableness of an employer's attempt at accommodation cannot be determined in a vacuum. Instead, it must be determined on a case-by-case basis; what may be a reasonable accommodation for one employee may not be reasonable for another…"
  > As a Train Operator I work independently in a cab. I have very minimal to no contact with BART patrons as well as my fellow colleagues as the main source of communication is via radio technology and loud speaker. Based on this limited contact, along with social distancing and wearing an efficient face mask, the risk for transmission is very limited. See CDC.gov for efficient ways to protect self and others against COVID19.
- Per EEOC.gov under Title VII: "To prove an undue hardship, the employer will need to demonstrate how much of a cost or disruption the employee's proposed accommodation would involve. An employer cannot rely on hypothetical hardship when faced with an employee's religious obligation that conflicts with scheduled work but rather should rely on objective information."
  > According to the denial notice of my reasonable accommodation, BART stated that "while sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission …" This is not objective and is hypothetical and appears to be a personal belief as several scientific sources

(including CDC.gov) have demonstrated that vaccination does not prevent the transmission of the virus but potentially prevents serious illness, hospitalization, and death. Again, since the start of this pandemic (pre vaccine) and up until now, I have performed my job duties as a Train Operator safely and responsibly without causing undue hardship to BART, its patrons and employees.

- Lastly, Per EEOC.gov under Title VII: "If an employee's proposed accommodation would pose an undue hardship, the employer should explore alternative accommodations. Title VII is violated by an employer's failure to reasonably accommodate…"

  According to the denial letter I received for my reasonable accommodation of maintaining CDC guidelines in addition to other accommodations stated in the letter that have already been considered and denied by BART; BART has not offered any other options for me as a Train Operator to honor my sincerely held religious belief that has been approved as vaccination is not an option for me based on my religious practices.

I am asking that BART reconsider my reasonable accommodation for approval based on the facts I have provided above. If this accommodation cannot be approved, I ask that BART provide detailed reasoning as to why and offer alternative accommodations (as outlined in Title VII) other than vaccination based on my approved religious exemption.

Thank you for your time and I hope that we can collaboratively solve this matter.

Sincerely,

Adrian Gilbert
Train Operator

ATTACHMENT III



**San Francisco Bay Area apid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

January 3, 2022

Adrian Gilbert
Train Operator
1608 62nd St #A
Berkeley, CA 94703
mradbme@yahoo.com

**SUBJECT: Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Adrian,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964 had been granted.

In a letter, sent to you on December 22, 2021, we informed you that we were unable to identify a reasonable accommodation for your request that would enable you to continue to meet job performance and safety requirements and not place an undue hardship on the District. We agreed to consider any additional accommodation options if you submitted them on or before December 27, 2021.

The District carefully considered the following additional accommodations you identified:

1.  No new accommodations were provided; however, you mentioned your PPE would include respirator face masks, disinfectant wipes/spray, in addition to practicing safe social distancing

While wearing PPE, such as a respirator and face mask, is sufficient to reduce potential COVID transmission, these options are not as effective as a COVID-19 vaccine would be in preventing COVID transmission between employees when in contact with patrons and other employees. I understand you have minimal physical contact with others, however there is no guarantee you will have no contact or exposure to other employees and patrons.

Adherence to CDC guidelines is recommended for all employees. This includes use of disinfectant wipes/spray, in addition to practicing safe social distancing. While it is recommended that we all follow these guidelines, they are not specific workplace accommodations.

We are unable to identify an accommodation option that would achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021. According to the Federal

San Francisco Bay Area Rapid Transit District

Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death.

**Subsequently, the District has concluded that we are unable to accommodate your request and meet performance and safety requirements without placing an undue hardship on the District.**

Your reasonable accommodation request is now closed, as we have considered all identified accommodations. However, if you are able to identify potential additional reasonable accommodations for us to consider, please provide them within the next seven (7) days.  Upon receipt, we will consider re-opening your reasonable accommodation request and continue with the process. In the meantime, you are expected to return to work during the 7-day decision period.  Therefore, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, the District will delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date.  Please submit your proof, including only having received the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination seven (7) days of today's date, you will be out of compliance with the District's vaccine mandate and the District will pursue termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

01/06/2022

To whom this may concern:

This letter is being written in response to the closing of the interactive process by BART dated 01/03/2022 as it pertains to the approval of my Religious Exemption, but non-approval of my Religious Accommodation.

The letter stated that I had 7 days to present an alternative accommodation for consideration. I would like to propose that in addition to following BART, CDC, and CDPH guidelines of wearing a medically grade respiratory mask, social distancing, and disinfecting areas with none of these posing a financial undue hardship to BART as these are all out of pocket expenses:

> **I will be willing to provide BART with a weekly PCR COVID test displaying negative results and provide these test results to HR and/or my reporting supervisor. I am willing to test on my own time and at my own expense to ensure that a financial hardship is not imposed on BART. A safety issue is also not imposed as an undue hardship to BART as a negative PCR test will show that I do not have COVID and therefore, not at risk for transmitting the virus. If a positive test is present, I will immediately drop sick and will return to work once a negative test is present to prevent transmission of the virus.**

I would like to remind BART Human Resources and BART District that my proposed accommodations must be assessed on an individual basis as it pertains to me, Adrian Gilbert, an employee of BART under Title VII per EEOC.gov. I have an approved Religious Exemption and I have been more than willing to work collaboratively with BART to identify an accommodation that would allow me to work safely as it pertains to my job title with BART without causing an undue hardship to BART. I truly believe that my proposed accommodations are in no way causing an undue hardship to BART in any means as everything is at a financial cost to myself, I work independently with very minimal in-person contact with my colleagues and BART patrons; and I have been performing these exact accommodations since the beginning of the pandemic without causing undue hardship to BART to date.

**BART has not been as accommodating or collaborative in identifying an accommodation as everything that I have proposed has been denied based on hypothetical information and not objective as vaccinated or not, the transmission of COVID cases have spiked regardless of vaccination status which makes the reasoning of denial of my accommodations invalid**. As per my approved Religious Exemption, it is an understanding between BART and myself under Title VII, that **vaccination is not an option**. It appears as though BART is being coercive and discriminatory in forcing me to choose between my sincerely held religious belief and means of financial stability via my employment with BART with threatening of termination of employment unless vaccinated. Under Title VII via EEOC.gov, an employee should not be forced to choose between employment and a sincerely held religious belief when accommodations

can be identified by either the employee or employer without causing undue hardship to the employer.

If my proposed accommodations are denied, I am requesting (under Title VII) that BART provide detailed **<u>objective</u>** reasoning as to why my accommodations are denied as it pertains to my specific position as a Train Operation as EEOC.gov states:

- "If an employee's proposed accommodation would pose an undue hardship, the employer should explore alternative accommodations"
- "To prove undue hardship, the employer will need to demonstrate how much of a cost or disruption the employee's proposed accommodation would involve. <u>An employer cannot rely on hypothetical hardship when faced with an employee's religious obligation that conflicts with scheduled work, but rather should rely on objective information."</u>

I truly hope that BART and myself are able to collaboratively identify an accommodation that would allow me to uphold my religious beliefs as approved in my Religious Exemption while still maintaining my employment as a Train Operator as per Title VII.

Thank you,

Adrian Gilbert
BART Train Operator

# EXHIBIT 4

# Adrian Gilbert
# (Exhibit 3)

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 18, 2022

Mr. Adrian Gilbert
1608 62nd Street
Apt. A
Berkeley, CA  94703

Re:  EEOC Charge Against Bay Area Rapid Transit
     No. 555202201839

Dear Mr. Gilbert:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Oakland Local Office, Oakland, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division


by       /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
   Bay Area Rapid Transit