Kevin T. Snider, CA State Bar No. 170988
  *Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
        mmcreynolds@pji.org;
        mmatchak@pji.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERAMIAH COOPER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, <br><br> Defendant. | Case No.: 4:22-cv-09193-DMR <br><br> **DECLARATION OF DAROLYN TURNER IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**DECLARATION OF DAROLYN TURNER**

I, Darolyn Turner, am a plaintiff in the above-encaptioned case, and if called upon, I could and would testify truthfully, as to my own personal knowledge, as follows:

*Job Description*

1. I was employed by BART as a Train Operator.

2. In that position, I was responsible for operating trains between stations and in the train yards, making announcements and interacting with the control center.

*Riding BART Trains*

3. I rarely rode in the train during the pandemic. I mostly drove to work.

4. The days I rode the train to work, I rode in the empty cab on the opposite side of the train. My travel time could last for up to an hour. It varied from about ten minutes to an hour and ten minutes.

*Request for Religious Exemption & Accommodation*

5. In October of 2021, BART ordered all employees to be vaccinated against COVID-19.

6. I am a devout Christian and I have sincerely held religious beliefs that prevent me from receiving the COVID-19 vaccine. Using a form provided by BART, I explained my beliefs and the reason I cannot be vaccinated. The explanation of my beliefs is found in Exhibit 1 of the Complaint. See, Ct. Doc. 1-1:71-73. I also provided additional information about my religious beliefs, marked as Exhibit 2 and stamped as BART_0001560-61. My convictions have not changed.

7. I also sat for an interview with employees from BART's Leave Management who asked me questions about my faith and to explain to them the reasons for not wanting to be vaccinated.

8. BART approved my request for a religious exemption by letter dated December 15, 2021. A true and correct copy of the approval accompanies this declaration, is marked as Exhibit 3 and stamped as 000735.

9. BART requested that I provide suggestions for a reasonable accommodation. Though I provided options, at no time did BART offer a suggested proposal of its own, including weekly testing.

10. BART offered testing at Richmond Yards to employees who needed it if they were in contact with someone who had COVID-19.

11. In a letter dated December 22, 2022, BART rejected all suggestions for an accommodation that I made. A true and correct copy of the denial accompanies this declaration, marked as Exhibit 2 of the Complaint. See, Ct. Doc. 1-1:158-61.

12. In a letter dated January 19, 2022, BART denied the request for religious accommodation and directed me to either comply with the vaccination mandate or choose three options for leaving BART. That denial and separation options accompany this declaration, is marked as Exhibit 5 and stamped as BART_0001579-82.

13. BART never directed me to check with my respective union regarding schedule changes as an accommodation.

14. I have exhausted administrative remedies and have received a notice of right to sue from the Equal Employment Opportunity Commission. See Exhibit 3 of the Complaint, Ct. Doc. 1-1:210-11.

*Return to Work*

15. I worked on site until the December 13, 2021 deadline.

16. I was placed on administrative leave. I was told I could work for seven days until I decide whether to get vaccinated or not. I worked in January 2022 for that period, and was forced to resign.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and of my own personal knowledge. Executed on this ___ Day of February, 2024.

1  __Darolyn Turner_

Darolyn Turner
Declarant

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

# EXHIBIT 1

# Darolyn Turner
# (Exhibit 1)



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | Date of Request | |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Darolyn Turner | | 063681 |
| **Job Title** | | **Email Address** |
| Train Operator | | d.turner2008@hotmail.com |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| ATU | | |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable,  the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1.   My religion or belief system is (enter description): |
| 2.   I have held this belief(s) system, or practiced and observed this religion since (enter date or year): |
| 3.   My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): |

135325.1 PLEASE SEND COMPLETED FORM ALONG WITH SUPPORTING DOCUMENTATION TO HRDP@BART.GOV



**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | |
|---|---|
| 4. | If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed). |
| 5. | If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. |
| 6. | Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance. |

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_____     _____
Employee Signature                                              Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

Bart Exemption Form Reply

My name is Darolyn Turner

My Employee ID is 063681

My job title is Train Operator member of the ATU union

My email is d.turner2008@hotmail.com

1       My religion or belief system:

I am an active member of the body of Christ fulfilling the duties and adhering to the beliefs of my Christian faith based on Biblical principles. Therefore, I am requesting Religious Exemption from COVID-19 immunization due to my personal religious convictions.  I have chosen to exercise my religious liberty right as stated in the First Amendment of the Constitution of the United States

2       I have held this belief system or practice and observed this religion since : 1990
3       My religion, belief system, or practice requires me to abstain from the Covid 19 vaccination because I strongly adhere to the Biblical mandate in 1 Corinthians 6:19 that the "Body is the Temple of God." Thus, I strive to refrain from anything that could possibly harm my body.

4       This does not apply to me as my religion/belief system requires me to abstain from the Covid-19 vaccine as well as other vaccinations. I have received religious exemptions from vaccinations my entire childhood.
5       Generally, I take pride in caring for my health, and boosting my immune system with vitamins supplements is of the highest importance, especially, since the start of the Covid Pandemic of March 2020.  However, I am open for weekly covid testing at BART as well as to continue to wear my mask at all times and take my breaks in my car or in separate rooms when possible. These are reasonable accommodations that would enable me to perform the essential functions of my job without posing a perceived direct threat to the health and /or safety of others in my work place;

6       This as been my family belief since my birth without deviation.  My date of birth: 07/16/90 Please see attachment for further information.

11/1/21

# EXHIBIT 2



***Project Latter Rain***
***Religious Liberty Advocacy Services***
***Box 30033***
***7000 Adventist Blvd. N.W.***
***Huntsville, AL 35896***
***256.457.9741***

October 25, 2021

To Whom It May Concern:

**Requesting Immunization Exemption for based on Religious Beliefs**

I am writing this letter on behalf of Darolyn Turner who has requested this letter of recommendation from me as a religious leader for exemption from Covid-19 immunization for religious reasons. Darolyn believes in religious liberty and liberty of conscience in their duty to God as their 1st amendment right of freedom of religion which protects them against mandates that prohibits their liberty to exercise their religion which espouses force in any manner. Darolyn believes that the "…body is the temple of God." (1 Corinthians 6:19) which leads them to take care of their bodies as a steward of God's temple by health and immune building lifestyle practices and also refraining from any practice, lifestyle or ingestion that could possibly harm their bodies. With reports in the mainstream media of negative side-affects (death included) in a number of Covid 19 vaccine cases causes the recipient of this letter hesitancy in regarding this vaccine as safe for their health which according to their personal religious belief is their sacred duty to God.

In addition to protection in Title 2 in the Civil Rights Act, U.S. Code 42**§§** 2000 (a), recent court decisions have upheld the rights of individuals seeking exemptions from immunizations based upon "personal" religious beliefs. (Sherr and Levy vs. Northport East-Northport Union Free School District, 672 F. Supp. 81, (E.D.N.Y., 1987); (Allanson vs. Clinton Central School District, U.S. District Court, Northern District Court, Northern District of New York (84 CV 174), 1984; Campain vs. Marlboro Central School District, Supreme Court Ulster County Special Term, November 15, 1985; Brown vs. City School District, 429 NYS2d 355; Maier vs. Besser, 73 Misc.2d 241).

BART_0001560

Darolyn is exercising her right under the **First Amendment of the US Constitution** and **§C.R.S. 25-4-1704 (4) (b)** to receive Religious Exemption from vaccinations. Applicable law has been interpreted to mean that a religious belief is subject to protection even though no religious group espouses such beliefs or the fact that the religious group to which the individual professes to belong may not advocate or require such belief. <u>Title VII of the Civil Rights Act of 1964 as amended Nov. 1, 1980; Part 1605.1-Guidelines on Discrimination Because of Religion</u>. I am confident that you will be able to arrange a suitable accommodation (ie: weekly testing; mask wearing etc.) for Darolyn and that when you do so, you will secure her loyalty and dedication to be the best employee she can be. Her respect for God's authority that leads her to be in respect for the best interests of your company and giving her very best service at work. Thank you in advance for your anticipated cooperation with this request.

Sincerely,

Isaac Olatunji Jr., M.Div., PhD
Ordained Minister
Religious Liberty Advocate and Consultant
Huntsville, AL

# EXHIBIT 3



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL**</u>

December 15, 2021

Darolyn Turner
5113 Mozart Dr
Richmond, CA 94803
d.turner2008@hotmail.com

**SUBJECT: Approval—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Darolyn,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964.  **After careful review and consideration of the information provided, your request is approved**.  The approval is objectively supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The District will provide a reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

We will be reaching out to you in the near future to begin engaging in the reasonable accommodation process.  If the process goes beyond December 13, 2021, you will be placed on Paid Administrative Leave effective December 14, 2021, until the closure of your request.  Please let me know if you have any questions or concerns in the meantime.


Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**


CC:     Leave Management Confidential File

CONFIDENTIAL
PLAINTIFFS 000735

# EXHIBIT 4

# Darolyn Turner
# (Exhibit 2)



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

December 22, 2021

Darolyn Turner
Train Operator
5113 Mozart Dr
Richmond, CA 94803
d.turner2008@hotmail.com

**SUBJECT: No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Darolyn,

We previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate was approved in accordance Title VII of the Civil Rights Act of 1964, and supported by the guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

The next step in the process is for the District to work with you to determine whether a reasonable accommodation can be identified to enable you to continue working without being vaccinated and to ensure the accommodation meets the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business. 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public. Additionally, other factors to be considered include the size of the employer and its operations, the type of business operations at issue, and the overall impact of the requested accommodation on operations. 2 C.C.R. § 11062(b))

In your request, you asked for the following accommodation:

1.    Regular COVID testing
2.    Follow CDC Guidelines (mask wearing, handwashing, sanitizing surfaces, socially distancing, etc.)
3.    Alternative break/changing areas for unvaccinated

After careful consideration, the District has concluded that we are unable to accommodate your request and meet the requirements stated above without placing an undue hardship on the District.  In addition to the accommodation you requested, the District explored the following additional possible accommodation options and concluded that none of the accommodations identified would sufficiently reduce potential COVID transmission and not place an undue burden on the District:

| Accommodation Considered | Conclusion |
|---|---|
| 1. Follow CDC Guidelines:<br>   a. Mask wearing/PPE/Gloves, etc.<br>   b. Social distancing<br>   c. Wipe down areas/disinfect areas | While sufficient to reduce potential COVID transmission, not as reliable as vaccination in prevention of COVID transmission among employee contact with patrons and other employees (already recommended) |
| 2. Portable air purifying respirators | Not practical and unlikely to sufficiently reduce potential COVID transmission |
| 3. Full lab and hospital grade body suit worn under uniform | Not recommended as a preventative measure for COVID exposure |
| 4. Work graveyard shift/or alone to limit exposure to others | Limited to bidding rights; not a sufficiently preventative measure for COVID transmission |
| 5. Alternative break/changing areas for unvaccinated | Not reasonable due to limited resources and additional cost required to furnish and maintain |
| 6. Regular/daily temperature checks | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 7. Unpaid leave of absence (3-4 months) | Unreasonable and impractical as this option would not have any impact on reducing COVID transmission; employee would return from leave unvaccinated |
| 8. Conduct interactions with others outside or away from confined spaces/limit time inside | Not practical; would not sufficiently reduce potential for COVID transmission |
| 9. Face shield in addition to mask | Unlikely to reduce exposure beyond current mask wearing |
| 10. Regular COVID testing, either:<br>   a. At employee's time and expense, or;<br>   b. On-site | Unreasonably burdensome for the District to monitor and maintain on an ongoing basis; not likely to prevent exposure resulting in required contact tracing and possible quarantine of other unvaccinated or symptomatic employees |
| 11. Job transfer | All positions at the District require valid proof of vaccination; unreasonably burdensome due to resource demands |
| 12. Stay home when sick | Not a reasonable accommodation (already recommended) |
| 13. Immediately report any positive COVID test result and remain home for 14 days/until symptom free | Too late to prevent exposure and would require contact tracing and possible quarantine of other unvaccinated or symptomatic employees (already recommended) |
| 14. Avoid large crowds and events when not at work | Not a reasonable accommodation (already recommended) |
| 15. Improved air quality indoors with improved air filtration systems and cleaning of floors | Not likely to sufficiently reduce potential COVID transmission |
| 16. Regular washing/cleaning of uniforms, equipment, vehicles, etc. | Not likely to significantly reduce potential COVID transmission (already recommended) |

The District will consider additional accommodation options (not addressed above) if identified.  Please send an email including any additional accommodations you would like us to consider to HRDP@bart.gov by December 27, 2021.  Leave Management will confirm receipt of your request and determine whether it can be accommodated.

If we do not receive additional requests from you, we will consider this accommodation request closed due to the fact that no reasonable accommodation could be identified.  In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Respectfully,

*Rod Maplestone*

**Rod Maplestone**

**Manager of Leave Programs**

CC:      Leave Management Confidential File



**2150 Webster St,**
**Oakland, CA 94604**

## <u>Proof Of Service By Mail</u>

I declare that I, **Kat Price**, am an employee in the County of Alameda.  I am over the age of eighteen years.  My business address is San Francisco Bay Area Rapid Transit, 2150 Webster St., Oakland, CA   94612, 4th Floor.

On **December 22, 2021,** I hereby enclosed in a sealed envelope the following **Religious Exemption Interactive Reasonable Accommodation Letter** with postage thereon fully paid, in the United States Postal Service.  The envelope is addressed as follows:

> **Darolyn Turner**
> **5113 Mozart Dr**
> **Richmond, CA 94803**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **December 22, 2021** at Oakland, Alameda County, California.

**Print Name**:   **Kat Price**

**Signature**:

# EXHIBIT 5



**San Francisco Bay Area apid Transit District**
2150 Webster Street, Oakland, CA 94612

<u>**SENT VIA EMAIL/US MAIL**</u>

January 19, 2022

Darolyn Turner
5113 Mozart Dr.
Richmond, CA 94803

**SUBJECT: Closure of Interactive RA for COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Darolyn,

The San Francisco Bay Area Rapid Transit District ("District") previously notified you that your request for a religious exemption to the COVID-19 vaccination mandate made pursuant to Title VII of the Civil Rights Act of 1964 had been granted (ATTACHMENT I). The District then proceeded to engage with you to determine if we could identify a reasonable accommodation for your request that would enable you to continue to perform the essential functions of your position, meet safety requirements, and not place an undue hardship on the District.

Any reasonable accommodation identified must meet the following requirements:

- Ensures that you can continue to perform the essential functions of your job
- Does not pose a direct threat to the health and/or safety of you or other employees in the workplace
- Does not create an undue hardship for the District (under Title VII of the Civil Rights Act, an employer can deny an accommodation request if it imposes more than a de minimis cost on the employer's business ) 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1605.2. Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business, including the risk of the spread of COVID-19 to other employees or to the public.

At the onset of the Religious Exemption Request, you were asked to indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace. Through our interactive process with you, you requested three (3) reasonable accommodations and we explored 16 other possible accommodations (ATTACHMENT II). As mentioned, after careful review and consideration, the District has concluded that we are unable to accommodate your requested accommodations and meet the required job and safety standards and not place an undue hardship on the District.

On January 4, 2022, we addressed five (5) additional accommodations you provided and you were notified of the closure of your interactive process (ATTACHMENT III). In response you provided the District with possible

San Francisco Bay Area Rapid Transit District

accommodations for us to consider.  We agreed to re-open your reasonable accommodation request and continue with the process.

You requested the following additional accommodations:

1. Satisfy the mandate through natural immunity/antibody levels by contracting COVID
2. Use N-acetylcysteine (NAC) supplement
3. Job transfer or reassignment

Contracting COVID to build "natural immunity" is neither recommended nor would it be considered an accommodation.  There is no currently available test that can reliably determine if you are protected after a COVID-19 infection.  Even if the District was able to identify a supplement or medication that would achieve the same level of protection provided by vaccination, the District would have no way to ensure and enforce consistent use of such medications.  Furthermore, use of supplements and medications would not be considered a reasonable accommodation.

A job transfer or reassignment to a new position would only be considered if another position is actively being recruited for and you meet the minimum qualifications and would be able to perform the essential duties of the job safely and effectively without being vaccinated (with or without a reasonable accommodation).  If you identify a position for us to consider, please let us know.  (https://www.bart.gov/about/jobs)

The District is currently requiring adherence to all CDC approved guidelines which include vaccination in addition to wearing of approved face coverings, social distancing, and disinfecting surfaces and equipment.  The CDC recommends vaccination even for those who have contracted COVID.  We are unable to identify an accommodation option that would achieve the safety standard set forth by the Board of Directors in the Vaccine Mandate Policy Statement approved on October 14, 2021.  According to the Federal Centers for Disease Control and Prevention (CDC) as well as the California Department of Public Health (CDPH), vaccination is the most effective method to prevent transmission and limit COVID-19 hospitalizations and death.

For any questions regarding District adherence to CDC guidelines, please refer to the Safety Updates published by the District's Safety Department located on Employee Connect under "Safety Updates and GM Memos."

**Subsequently, the District has concluded that we are unable to accommodate your request and meet performance and safety requirements without placing an undue hardship on the District.**

Your reasonable accommodation request is now closed, as we have considered all identified accommodations.  You are expected to continue working/ return to work during the 7-day decision period in which you can choose from your remaining options, which are:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, the District will delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including only having received the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement –** Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation –** If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action –** if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination seven (7) days of today's date, you will be out of compliance with the District's vaccine mandate and the District will pursue termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. In the future, if you have a qualifying medical condition and need to request a reasonable accommodation, the District will engage in the Reasonable Accommodation Interactive Process with you. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe there has been a violation of their employee rights, including being denied a request for a religious exemption or reasonable accommodation, on the basis of discrimination, harassment, and/or retaliation should immediately report the prohibited conduct to the District's Office of Civil Rights at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*

**Rod Maplestone**
**Manager of Leave Programs**

Attachments:

       I.      Approval – COVID-19 Vaccine Mandate Religious Exemption Request

      II.     No Accommodation, COVID-19 Vaccine Mandate Religious Exemption Request

     III.    Closing Interactive/Options, COVID-19 Vaccine Mandate Religious Exemption Request

CC:    Leave Management Confidential File

# EXHIBIT 6

# Darolyn Turner
# (Exhibit 3)

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 25, 2022

Ms. Darolyn Y. Turner
5113 Mozart Drive
El Sobrante, CA  94803

Re:  EEOC Charge Against Bay Area Rapid Transit
       No. 555202202238

Dear Ms. Turner:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC San Francisco District Office, San Francisco, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by        /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: San Francisco District Office, EEOC

Bay Area Rapid Transit