1   GLYNN, FINLEY, MORTL,
    HANLON & FRIEDENBERG, LLP
2   JAMES M. HANLON, JR., Bar No. 214096
    VICTORIA R. NUETZEL, Bar No. 115124
3   DAWSON P. HONEY, Bar No. 347217
    One Walnut Creek Center
4   100 Pringle Avenue, Suite 500
    Walnut Creek, CA 94596
5   Telephone: (925) 210-2800
    Facsimile: (925) 945-1975
6
    SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
7   OFFICE OF THE GENERAL COUNSEL
    SAM N. DAWOOD, Bar No. 178862
8   2150 Webster Street, 10th Floor
    Oakland, CA 94612
9   Telephone: (510) 464-6015
    Facsimile: (510) 464-6049
10

11  Attorneys for Defendant
    San Francisco Bay Area Rapid Transit District
12

                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14

15  JERAMIAH COOPER, RONALD              )   **Case No. No. 3:22-cv-09193-WHA**
    FREEMEN II, ADRIAN GILBERT,          )   (related case numbers, 3:22-cv-06119-WHA
16  SILVERIO GONZALEZ, SERGII            )   and 3:22-cv-07720-WHA).
    GRINCHENKO, LARON JOHNSON, JIM       )
17  LASOVICH, RAYMOND LOCKETT,           )
    MICHAEL MANZANO, TERESA              )   **BART'S MOTION TO STRIKE THE**
18  OWENS, ROSALIND PARKER, RYAN         )   **EXPERT REPORT AND EXCLUDE**
    RIVERA, ALBERT ROTH, JIM             )   **THE EXPERT TESTIMONY OF**
19  SCULLEN, SC SUN, NICK TAYLOR, and    )   **PLAINTIFFS' EXPERT, HARVEY**
    DAROLYN TURNER,                      )   **RISCH, Ph.D.**
20                                       )
                    Plaintiffs,          )
21                                       )
          vs.                            )   Judge:  William H. Alsup
22                                       )
    SAN FRANCISCO BAY AREA RAPID         )
23  TRANSIT DISTRICT,                    )
                                         )
24                  Defendants.          )
    _____ )
25

26

27

28

_____
BART'S MOTION TO STRIKE AND EXCLUDE PLAINTIFFS' EXPERT DR. RISCH

## I.        INTRODUCTION

Under the Court's order, opposition expert designations and reports were due by January 30, 2023.  Plaintiffs served theirs two weeks late, on February 13, which was just one week before the close of expert discovery.  As discussed herein, the Court should strike this tardy disclosure and report, and exclude the proffered expert from testifying at trial.

## II.       FACTUAL BACKGROUND

The Court's entered a Case Management Order ("CMO"), entered on March 30, 2023, stated that "[t]he last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ('opening reports') shall be December 15, 2023."  Dkt. 29 at 1.  The CMO further stated that "[w]ithin fourteen calendar days of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports").  Dkt 29 at 1-2.  Within seven calendar days thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports."  The CMO warned the parties that "[f]ailure to so disclose may result in preclusion."  Dkt. 29 at 2.

On November 17, BART provided Plaintiffs with its List of Issues on Which It Intends to Offer Expert Testimony, as required by the CMO.  Declaration of James M Hanlon in support of Defendant's Motion to Strike the Expert Report and Exclude the Expert Testimony of Plaintiffs' Expert, Dr. Harvey Risch, ("Hanlon Decl."), ¶ 3, Ex. A.  BART disclosed that it intended to offer expert testimony on five subjects, including "Public health concerns related to COVID-19 as pertinent to accommodation decisions" and "Industrial health and hygiene concerns related to COVID-19 as pertinent to accommodation decisions."  *Id.*

On November 21, 2023, the Court adopted a joint request to extend the expert discovery deadlines.  The joint request extended the initial disclosure and report deadline to January 15, 2024, with "opposition reports due 14 calendar days after initial reports, reply reports due seven calendar days after opposition reports, and expert discovery cut-off 14 calendar days after reply reports[.]"  Dkt 45 at 2.  Because January 15 was a federal holiday, the disclosure deadline rolled over to January 16.  FRCP 6(a)(1).  The parties confirmed the date with each other by email.

1   Hanlon Decl., ¶ 4, Ex. B.  The cut-off for opposition reports was thus January 30, the cut-off for

2   reply reports February 6, and the final expert discovery deadline February 20.

3          On January 10, 2024, BART filed its opposition to Plaintiffs' motion for partial summary

4   judgment in *Chavez*.  BART supported its motion with declarations from a retained expert

5   epidemiologist and a retained expert industrial hygienist, as indicated nearly two months earlier

6   in the list of expert issues.  Dkt. 51-3, 51-4.

7          On January 16, 2024, BART disclosed its expert witnesses, and provided written reports

8   for its retained experts, including its expert epidemiologist and industrial hygienist.  Hanlon

9   Decl., ¶ 5, Ex. C.

10         On January 26, Plaintiffs informed BART that their expert would likely not have an

11   opposition report on time (*i.e.*, by January 30) due to obligations in another case.  Hanlon Decl.,

12   ¶ 6, Ex. D.  Plaintiffs reported that they expected to have the report by February 1, and requested

13   that BART extend professional courtesy and accept it on that date.  *Id.*  BART agreed because

14   there still would be sufficient time to follow the process ordered by the Court and complete

15   expert discovery by January 20.  *Id.*

16         Three days later, on January 29, Plaintiffs reported to BART that due to the expert's

17   obligations, the opposition report would not be completed until at least February 12.  Hanlon

18   Decl., ¶ 7, Ex. E.  Plaintiffs asked BART to agree to a joint stipulation to extend expert

19   discovery.  *Id.*  BART did not agree, emphasizing that it had provided its list of expert issues on

20   November 17, and taking the position that being preoccupied with another case was not

21   sufficient cause for a lengthy extension.  *Id.*  Plaintiffs took no action to seek an extension of the

22   discovery deadlines from the Court.

23         On February 13, Plaintiffs sent BART their "Rebuttal Expert Disclosure," disclosing

24   Harvey Risch, Ph.D., as an expert epidemiologist to oppose BART's expert.  The disclosure and

25   Dr. Risch's report were 14 days late under the schedule set by the Court's order.  BART's expert

26   epidemiologist and industrial hygienist were already scheduled to be deposed on February 16

27   and 20, respectively.  Hanlon Decl., ¶ 8, Ex. F.  Per the Court's order, expert discovery closed on

28   February 20 as well.

BART'S MOTION TO STRIKE AND EXCLUDE PLAINTIFFS' EXPERT DR. RISCH

1    BART's counsel sent an email on February 14, noting that the disclosure and report were

2    tardy and in violation of the Court's order, and informing Plaintiffs' counsel that BART's

3    experts would not address the tardy report at their upcoming depositions. *Id.* Plaintiffs' counsel

4    responded by stating that Dr. Risch could be made available for deposition. *Id.* BART declined

5    the offer due to the tardy disclosure, responding that Plaintiffs should seek relief from the Court

6    if they believed there was sufficient basis. *Id.* Plaintiffs again took no action.

7    **III.    ARGUMENT**

8        **A.    Plaintiffs' Delinquent Report Should be Excluded as Untimely Because there
9                Is No Substantial Justification and Allowing the Expert Testimony Would be
                Harmful to BART.**

10   The parties must disclose the identity of any expert witnesses as well as written reports

11   "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2). Federal Rule

12   of Civil Procedure 37(c) "gives teeth to these requirements by forbidding the use at trial of any

13   information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly,*

14   *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

15   The Ninth Circuit gives "particularly wide latitude to the district court's discretion to

16   issue sanctions under Rule 37(c)(1)." *Id.* at 1106. "Rule 37(c)(1) is a 'self-executing,'

17   'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v.*

18   *Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "The only exceptions to

19   Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or

20   harmless." *Id.* Here, Plaintiffs bear the burden to prove substantial justification or harmlessness.

21   *E.g.*, *Martinez v. Costco Wholsesale Corp.*, 336 F.R.D. 183, 190 (S.D. Cal. 2020) ("The burden

22   is on the party facing sanctions to prove harmlessness."); *Torres v. City of Los Angeles*, 548 F.3d

23   1197, 1213 (9th Cir. 2008) ("the burden is on the party facing the sanction . . . to demonstrate

24   that the failure to comply with Rule 26(a) is substantially justified or harmless").

25   Plaintiffs' failure to comply with the Federal Rules and this Court's CMO is neither

26   harmless nor substantially justified. "Defendant will be prejudiced by Plaintiff[s'] untimely

27   service of [their] expert witness report because to allow Plaintiff[s] to serve an untimely expert

28   report would cause disruption to the Court's already established schedule in this case. Moreover,

1    to allow Plaintiff[s] to serve an untimely expert report would mean that the dates set by the Court

2    . . . could be ignored at will." *Dominga Ng v. United States*, No. CV 12-1381, 2014 WL

3    12026063, at *3 (S.D. Cal. May 12, 2014).  Permitting this expert report and testimony "would

4    effectively be imposing further unnecessary litigation costs and expense on Defendant, all in an

5    effort to accommodate Plaintiff[s'] non-compliance."  *Martinez*, 336 F.R.D. at 190-91.

6        An expert's inability to prepare an opposition report in the specified period should not

7    constitute substantial justification.  Plaintiffs knew the subjects of BART's expert testimony

8    since November 17, and the schedule since November 21.  If Plaintiffs' expert could not perform

9    his work within that schedule, then Plaintiffs were obligated either to engage a different expert or

10   to take proactive steps to inform BART and the Court that they would require an adjustment of

11   the expert schedule (which likely would also have impacted the trial schedule).  Instead,

12   Plaintiffs waited to disclose the issue until the last moment, and then took no action when BART

13   did not stipulate to a two-week extension.

14       Exclusion is the proper remedy for Plaintiffs' failure to comply with the CMO.  Plaintiffs

15   failed to disclose Dr. Risch in a timely manner even after being warned that "[f]ailure to so

16   disclose may result in preclusion."  Dkt. 29 at 2.  The disclosure was two weeks after the

17   deadline set by this Court for opposition reports, and just one week before the close of expert

18   discovery. Dkt. 29 at 1; Dkt 45 at 2.  There was not sufficient time for BART's experts to

19   prepare reply reports because their depositions were set within that week.

20       The purpose of this Court's CMO is to insure that "all parties will be timely able to

21   obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert

22   reports."  Dkt. 29 at 2.  Plaintiffs' disregard for the deadlines of this Court should not be

23   rewarded, and allowing this late expert testimony would harm BART without substantial

24   justification.

25   ///

26   ///

27   ///

28   ///

BART'S MOTION TO STRIKE AND EXCLUDE PLAINTIFFS' EXPERT DR. RISCH

1

**IV.     CONCLUSION**

2          Plaintiffs' disregard for the Federal Rules and this Court's deadlines warrant striking

3   Dr. Risch's report and excluding his testimony.

4          Dated: February 26, 2024                    GLYNN, FINLEY, MORTL,
                                                        JAMES M. HANLON, JR.
5                                                       VICTORIA R. NUETZEL
                                                        DAWSON P. HONEY
6                                                       One Walnut Creek Center
                                                        100 Pringle Avenue, Suite 500
7                                                       Walnut Creek, CA  94596

8

9
                                                        By /s/ *James M. Hanlon, Jr.*
10                                                           Attorneys for Defendant San Francisco
                                                             Bay Area Rapid Transit District
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BART'S MOTION TO STRIKE AND EXCLUDE PLAINTIFFS' EXPERT DR. RISCH