Kevin T. Snider, CA State Bar No. 170988
*Counsel of Record*
Matthew B. McReynolds, CA State Bar No. 234797
Milton E. Matchak, CA State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: ksnider@pji.org;
mmcreynolds@pji.org;
mmatchak@pji.org

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERAMIAH COOPER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>Defendant. | Case No.: 3:22-cv-09193-WHA<br><br>**OPPOSITION TO MOTION TO STRIKE EXPERT REPORT AND EXCLUDE THE EXPERT TESTIMONY OF PLAINTIFFS' EXPERT, HARVEY RISCH, M.D., Ph.D. AND RESPONSE RE OBJECTION TO DECLARATION FILED IN MITCHELL REPLY**<br><br>Date: March 6, 2024<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: Hon. William H. Alsup<br><br>Related Case: 3:22-cv-06119-WHA<br>Related Case: 3:22-cv-07720-WHA |

## INTRODUCTION

Until the filing of BART's Motion to Strike, this litigation had been conducted with civility, reciprocity, and professional courtesy. Indeed, counsel for plaintiffs had extended numerous deadlines at BART's request, as will be thoroughly explained below and in the accompanying declarations and exhibits. Unfortunately, BART now forgets the grace that has repeatedly been extended to it, and it seeks a litigation advantage that is the type of gamesmanship the Federal Rules of Civil Procedure are intended to prevent.

As a practical matter, inclusion of the Plaintiffs' expert report will not delay the trial by a single day. Counsel for BART was offered the opportunity to cure any perceived harm by deposing Dr. Harvey Risch, which BART declined. Even now, Dr. Risch's deposition could be scheduled and taken promptly. The Motion to Strike should therefore be denied.

This opposition brief was originally scheduled by the Court to be due March 11 and to be heard on April 11. Due to the Court's Minute Order, this brief is being filed early. This brief will also serve as a reply to BART's filing relative to the declaration filed in reply in Mitchell v. BART.

## FACTUAL BACKGROUND

Up to the present, BART has benefited from numerous extensions of time freely granted by Plaintiffs. In fact, the initial communication between the respective counsel was a request by BART's attorneys for an extension to answer the Chavez complaint. Chavez' counsel responded, "As a professional courtesy, our office would be happy to stipulate to the requested extension." Snider decl. ¶ 35, Ex. 3. Counsel for the respective parties then worked cooperatively to extend deadlines relative to a CMC statement. Snider decl. ¶ 37, Ex. 4. BART's counsel asked for yet another extension to respond to the Cooper complaint. Snider decl., ¶¶ 38-39, Ex. 5.

Requests for extension were sought and granted at least five additional times. See, Snider declaration at ¶ 41, Exh. 7 (documents not served in response to request for production); ¶ 42, Exh. 8 (extending deadline for expert disclosure reports); ¶ 44, Exh. 10

(discussion of extending discovery cutoff deadline to accommodate the taking of three employee-plaintiff depositions); ¶ 45 (request to extend time to file opposition to Plaintiffs' motion for summary judgment past holiday); ¶ 46, Exh. 11 (request to accept BART's expert economist's rebuttal report past deadline). The communications surrounding these requests are set forth in detail with corroborating e-mails in the Snider declaration filed herewith.

Turning to Dr. Risch's rebuttal report, the parties exchanged their list of expert disclosures on November 17, 2023.[1] BART's exchange did not mention vaccination. Instead, it listed (1) "[p]ublic health concerns related to COVID-19 as pertinent to accommodation decisions; and (2) "[i]ndustrial health and hygiene concerns related to COVID-19 as pertinent to accommodation decisions." *See*, Exh. A of Hanlon decl.

Counsel for Plaintiffs had decided to concede that "stemming the spread of COVID-19 comprises a compelling state interest" pursuant to the Supreme Court's decision in *Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63, 67 (2020). See, Chavez Mot. for Summary Judgment (Ct. Doc. 46, at 11:9-19);[2] Chavez Opp. to BART Cross-Mot. for Summary Judgment (Ct. Doc. 54, at 14:21-25); Cooper Mot. for Summary Judgment (Ct. Doc. 32, at 10:1-5);[3] Cooper Opp. to BART Cross-Mot. for Summary Judgment (Ct. Doc. 40, at 15:16-19). Due to that legal concession, Plaintiffs' counsel did not deem it appropriate to submit expert testimony on a health issue already conceded. What is more, BART had previously filed briefing and a declaration with the Court related to class certification ten days prior (Nov. 7, 2023) that it reviewed employee requests for exemption and accommodation on a case-by-case basis.

In its opposition to the Chavez motion for summary judgment and cross-motion for summary judgment, filed January 10, 2024, BART changed its legal theory and was making the case for universal vaccination of employees rather than individual determinations. BART submitted two declarations, one from an industrial hygienist and another from an

---

[1] This date was again after the deadline but extended at the request of counsel for BART. Snider decl., ¶ 23.

[2] Chavez v. SF Bay Area Rapid Transit Dis., Case No. 3:22-cv-06119-WHA.

[3] Cooper v. SF Bay Area Rapid Transit Dis., Case No. 3:22-cv-09193-WHA.

epidemiologist in an attempt to advance that theory of the case. One week later (Jan. 16), BART specifically named the two people who signed the declarations (Dr. Lewnard and Mrs. McClellan) as the Defendant-experts and submitted their reports.

Due to BART's change of position from case-by-case review of the relative merits of individual employee requests to universal employee vaccination, Counsel for Plaintiffs did not seek an expert opinion prior to the disclosure on January 16.

The day after receiving BART's experts' report, Plaintiffs' attorneys contacted an attorney who has done significant work for Children's Health Defense Fund and asked for a referral for an expert. The next day Plaintiffs' counsel received three referrals for experts. The background and qualifications of these experts were reviewed and it was determined that one expert, Harvey Risch, M.D., Ph.D., was qualified to render an opinion for the BART cases. Dr. Risch was contacted that day and a telephonic meeting was scheduled for the next day, January 19, 2024. At the end of the meeting an agreement to retain him as an expert for a rebuttal report was made.

In order to expedite the process for review, one of the staff attorneys (David Peters) from the firm representing Plaintiffs[4] who has a Ph.D. in medical sociology was assigned to assist Dr. Risch on the report. This was due to the Court imposed time constraints[5] and the volume of material to review.

On January 25, 2024, Dr. Risch informed Plaintiffs' counsel that due to the amount of literature involved he could not process it in a day or two and could continue looking at it on the following Thursday. Further he was tied up in a case Sunday through Wednesday. This was communicated in writing to BART's counsel in which extra time until Thursday could be granted. BART's counsel agreed.

---

[4] Pacific Justice Institute is a nonprofit public interest firm representing Plaintiffs in the three related cases.

[5] Under Rule 26(2)(D)(ii), a rebuttal report is generally due 30 days after the initial expert report.

However, later that day Plaintiffs' counsel received an e-mail from Dr. Risch, as follows:

> Unfortunately, there is no way that I can produce a report by Thursday of next week. I am involved in a major case and will be traveling and under oath the first half of next week. I am not willing to sign a report on which I have not had the time to review and understand the reliance literature on which I would likely make my case or refute the opposing case. I estimate that I would need an additional full week, so say Monday February 12 would be about the best that I could realistically propose.

BART's counsel was informed of this that same day as follows: "I just found out from our expert that he would need at least until February 12 to get an opposition report. He is in a major case that is tying him up into next week. If I prepared a stip to extend expert discovery to send to the court with a proposed order, would you be willing to agree to that?" Three days later BART's counsel wrote back:

> It doesn't seem like there would be good cause for such an extension. BART disclosed that it would offer expert testimony concerning "public health concerns related to COVID-19 as pertinent to accommodation decisions" on November 17. The purpose of that disclosure, per Judge Alsup's standing order, was so that Plaintiffs could retain a responding expert who will be available to prepare an opposition report. We're sensitive to exigent circumstances, such as personal health issues, but this doesn't sound like that.

The expert report was received on February 12, reviewed, a disclosure drafted, and e-mailed to opposing counsel on February 13, 2024. BART's counsel responded:

> This disclosure is two weeks late under the Court's order (attached). When you asked about serving this report late in an email on January 29, I responded that Plaintiffs would need a court order, and that Defendant didn't see a basis for good cause. I'm not aware of Plaintiffs taking any further action, other than serving this delinquent report yesterday. Is there anything I missed?
> As you know, expert discovery closes on February 20. We have depositions of Dr. Lewnard set for Friday and Ms. McClellan for Tuesday. Neither will be prepared to address this delinquent report. Exh. 1.

Plaintiffs' counsel wrote, "I understand your position. Nonetheless, if your office would like to depose Dr. Risch, we will make him available." This offer to depose Dr. Risch

was **before** the expert cutoff date, and BART's expert had not yet sat for his deposition. BART could have deposed Dr. Risch within the cutoff date but chose not to.

Counsel for the Plaintiff explained that "Dr. Risch had to travel for another case for deposition testimony at the time the report was due. He cannot simultaneously prepare and sit for his deposition and review and draft an opposition report." Despite this, BART's attorneys decided not to take Dr. Risch's deposition.

Just days after taking a hard line on Dr. Risch and the February 20 deadline, BART's own epidemiologist, Joseph Lewnard, Ph.D, was unable to appear at his own deposition noticed and scheduled for February 16 due to overseas travel-related complications. McReynolds Decl. ISO Opp. to BART Mot. To Strike, ¶¶ 3-6. Plaintiffs' counsel received no advance notice of Dr. Lewnard's unavailability and thus needlessly incurred the time and expense of a court reporter for his non-appearance. *Id.* Ex.1. Nevertheless, BART's epidemiologist was given extra time by plaintiffs and was deposed after completing his travels, past the Feb. 20 cutoff. *Id.* at ¶¶ 8-9, and without threats or protests from plaintiffs' counsel.

Even now, Plaintiffs' counsel is willing to produce Dr. Risch for deposition upon BART's counsel e-mailing a request. Dr. Risch's sitting for a deposition would not cause a delay of even one day of the scheduled trial. Instead attempting to amicably work this out as has been done since the inception of the litigation, BART's counsel filed this motion to strike the expert's rebuttal report.

## ARGUMENT

FRCP 37(c)(1), though designed to foster stricter adherence to discovery requirements, nevertheless contains two important exceptions for allowing late-disclosed expert testimony in appropriate circumstances, when delay is substantially justified or is harmless. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) in assessing whether late disclosure of experts is justified or harmless, the Ninth Circuit has identified four factors to guide District Courts: (1) prejudice or surprise to the party against whom the

evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *Lanard Toys Ltd.*, 375 Fed. Appx. at 713 (agreeing with District Court's decision to allow expert to testify at trial, despite late disclosure of report).

**I. BART cannot reasonably claim surprise or unfair prejudice.**

Against the backdrop of the many extensions it has obtained in this litigation—including extensions for its own expert reports and testimony—BART's claim of prejudice from late disclosure of Dr. Risch's report rings hollow. Nor can BART credibly assert surprise when counsel for plaintiffs quickly alerted BART's counsel to the delay, sent the report nearly three weeks ago, and offered solutions that would still permit timely deposition.

A survey of the many other Circuit decisions dealing with delays of expert disclosures contrasts with BART's position. Most notably experts have typically been excluded when they or their reports are disclosed months or years late; delays of only a few weeks or less than a month have usually been deemed harmless.

For instance, BART relies on *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817 (9th Cir. 2011). In *Goodman*, the Ninth Circuit held as a matter of first impression that FRCP 26(a)(2) requires disclosure and reports of treating physicians when those physicians morph into experts beyond the scope of treatment. *Id.* at 819-820. The plaintiff had not timely disclosed reports from any of her experts, including both physicians and non-physicians. While the late disclosures barred her from calling the non-physicians as part of her case in chief, the District Court still allowed them for rebuttal testimony. *Id.* at 821. In this respect its ruling was affirmed. *Id.* at 827 (noting that reports were four and a half months late, and also well past the deadlines for the defense to identify rebuttal experts). The Ninth Circuit, though, reversed the granting of summary judgment, finding triable factual disputes as to breach of duty and causation. *Id.* at 823-824. On remand, the Ninth Circuit permitted the plaintiff as a matter of fairness to rectify the error in her expert disclosures. *Id.* at 826.

In *Yeti by Molly Ltd.*, 259 F.3d 1101 (9th Cir. 2001), the defense's only damages expert was excluded where his report was provided two years after the close of discovery, and less than a month before trial. *Id.* at 1105. Not surprisingly, the Ninth Circuit agreed that this extreme delay was unjustified and hardly harmless. *Id.* at 1106-1107. At other times, though, the Court has permitted even years-late filing of an expert report. *See, e.g.*, *Torres v. City of L.A.*, 548 F.3d 1197, 1213-1214 (9th Cir. 2008) (directing on remand that a police expert provide a written report if he were to be called at trial, by that time years after the original disclosure deadline).

In similar fashion, district courts throughout this Circuit have typically held that late disclosures of experts which occur within approximately one month of the deadline and more than a month before trial are harmless, while months-long delays or those on the eve of trial are less likely to be harmless.

Thus, in *Western Towboat Co. v. Vigor Marine LLC*, 2021 U.S. Dist. Lexis 100412, 2021 WL 2156694 (W.D. Wash. May 27, 2021), the Court permitted late filing of four expert reports, ranging from one to seven weeks late, with cross-motions for summary judgment pending and a month before trial. *See also*, *UMG Recordings, Inc. v. Am. Home Assyr. Co.*, 2006 U.S. Dist. Lexis 106162 (C.D. Cal. Feb. 27, 2006) (denying motion to strike expert where parties had failed to agree on disclosure of expert reports before discovery deadline but any harm could have been cured with extension and deposition of expert). *Cf.*, *Dhillon v. Princess Cruise Lines, Ltd.*, 2022 U.S. Dist. Lexis 30152, 2022 WL 504559 (C.D. Cal. Feb. 18, 2022) (excluding experts where disclosures were filed sixty days late and extensions or stipulations had not been sought).

## II. BART could cure any claimed prejudice and has declined to do so.

None of the remaining three factors offer any support to BART's motion, and underscore the unreasonableness of its position. Assuming for the sake of argument that BART experienced some degree of prejudice from the lateness of Dr. Risch's expert report, the Court should then ask whether such prejudice was curable. Here, the fact that Dr. Risch

was offered for deposition before the discovery cutoff, BART's own epidemiologist became unavailable and had to be deposed after the deadline, but BART still refuses to depose Dr. Risch, sways this factor decidedly against it.

In *Lanard Toys, Ltd.*, the Ninth Circuit faulted the party seeking to exclude an expert for making no effort to depose him after his report was submitted approximately five weeks late. 375 Fed. Appx. at 713. The Court should do likewise here. *Accord*, *Western Towboat Co. v. Vigor Marine LLC*, 2021 U.S. Dist. Lexis 100412, 2021 WL 2156694 (W.D. Wash. May 27, 2021) (permitting late expert disclosures, noting that opposing party could have cured prejudice by promptly taking experts' depositions).

**III. Trial will not be delayed by late disclosure.**

With summary judgment motions pending and the trial date many weeks away, Dr. Risch's report, which the defense has now had for nearly three weeks, is unlikely to have any impact on trial scheduling. Dr. Risch's deposition could have been conducted by now had BART sought it, and it can still be done promptly. This factor supports plaintiffs.

**IV. Plaintiffs' counsel have repeatedly shown good faith and courtesy, not bad faith and willfulness, with discovery and other deadlines.**

The last factor identified by the Ninth Circuit, focusing on whether the late disclosure is part of a scheme to defeat discovery rules, reveals the opposite. Plaintiffs' counsel will not belabor the point by rehashing the above Factual Background section of this brief setting forth the extent of their efforts to cooperate and extend courtesies to BART's counsel. Suffice it to say that the history set forth above, in the accompanying declarations and in the exhibits demonstrate good faith at every step of this litigation. It would send a detrimental message to not only the counsel in this case, but members of the Bar throughout this jurisdiction, if such cooperation were rewarded with sanctions and exclusion of expert testimony. Such a ruling would certainly incentivize hardball litigation tactics and refusal to grant commonplace extensions.

**V. Dr. Risch's declaration filed in support of Mitchell's reply brief does not prejudice BART.**

Lastly, although per the Court's Supplemental CMC Order (see, ¶ 10), "reply declarations are disfavored," by federal rule and Ninth Circuit case law, such are not prohibited.

In BART's statement regarding Dr. Risch's declaration filed with Mitchell's Reply Brief in support of his motion for summary judgment, BART cites to *Provenz v. Miller*, 102 F.3d 1478, (9th Cir. 1996). That case provides, "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Id.* at 1483. In view of the holding in *Provenz*, it would only be error if BART were not allowed an opportunity to file a paper in response to Dr. Risch's declaration. This Court has not precluded such a filing.

Finally, in each of the three related cases the Plaintiffs have filed requests for judicial notice of the declarations and exhibits in support of the Plaintiffs' motions for summary judgment and in opposition to BART's cross-motions for summary judgment. Since Dr. Risch's declaration was also filed in opposition to BART's cross-motion for summary judgment in the Cooper case, it is properly before the Court.

**CONCLUSION**

Counsel for the respective parties have previously cooperated in the best traditions of the profession. The current motion is an unfortunate aberration. For the foregoing reasons, BART's motion to strike the expert's rebuttal report and testimony should be denied.

Respectfully submitted March 4, 2024,

/s/ Matthew B. McReynolds
Kevin T. Snider, Counsel of Record
Matthew B. McReynolds
Milton E. Matchak
PACIFIC JUSTICE INSTITUTE
P.O. Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Email: mmcreynolds@pji.org